UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO., INC.<br>Plaintiff<br><br>v.<br><br>GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>and other known and unknown Giftco Distributors<br>Defendants | : | C.A. No. 06-465 T |

**PLAINTIFF'S MOTION TO COMPEL FURTHER INTERROGATORY ANSWERS FROM DEFENDANT GIFTCO, INC.**

Plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral"), moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel defendant Giftco, Inc. ("Giftco") to render full, complete, and executed answers to Interrogatories propounded upon it on January 26, 2007. Specifically, Cathedral seeks an Order:

1. that Giftco supply interrogatory answers that are executed under oath as required by Rule 33;

2. that Giftco provide further, full, and complete answers to Interrogatories 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22; and

3. compelling Giftco to supply a privilege log in compliance with Rule 26(b)(5).

## I. INTRODUCTION

After requesting and accepting an assented-to month-long extension of time in which to supply answers, Giftco on March 28 provided unsigned responses, refusing to answer most of the questions posed based on unsupportable objections and claiming that Cathedral's twenty-two (22) interrogatories, because they contained subparts, exceeded limit of twenty-five (25) imposed by Rule 33. Giftco simply refused to answer subsequent Interrogatories

9(b) through 22, and then didn't sign the answers.[1] Despite requests to supplement, Giftco has not done so.[2] Moreover, though Giftco raised objections based on attorney-client privilege and work-product, it did not identify what was being withheld on a claim of privilege or supply any privilege log whatsoever, in contravention of Rule 26(b)(5).[3]

This case alleges copyright infringement of three works created and owned by Cathedral Art. Giftco denied the infringement in its responsive pleading, yet in its answers to interrogatories, Giftco refuses to disclose even the most basic of information to questions that are fundamental to a copyright case. Its objections should be overruled, and Giftco should be ordered to supply full and complete answers – signed by an appropriate agent – forthwith.

## II. ARGUMENT

Cathedral hereafter sets forth each Interrogatory upon which this Motion is brought, Giftco's response, and an Argument relative to each:

### INTERROGATORY NO. 5

State whether you claim to have independently created the Giftco Ribbon Bookmark, and if the answer is anything other than an unqualified "no," please:

a. identify each person who created or assisted in its creation;
b. state the date(s) on which such creation occurred;
c. identify each element of the work, if any, that was copied or obtained from any other piece or work, and identify each such other piece(s) or work(s);
d. identify all persons with knowledge of the creation of the work; and

---

1 A true and accurate copy of Giftco's *Objections and Responses to First Set of Interrogatories* is attached hereto as *Exhibit A*.

2 Plaintiff's counsel, by communications dated March 29, April 4, and April 14, asked whether and when further answers, responses, and documents would be produced. *See Letters from Counsel*, attached hereto as *Exhibit B*. Giftco's Local Counsel indicated (in communications on April 5, April 10, April 13, and April 30) that defendant would be supplementing its responses, interrogatory answers, and document production in a "reasonable time," or "shortly." As of this filing, it has not supplemented or provided a signed copy of its interrogatory answers.

3 Rule 26(b)(5) states: "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

e. identify each and every document or thing relating to the creation.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expression "independently created" is undefined, ambiguous and calls for a legal conclusion.

**ARGUMENT:** The interrogatory seeks information from percipient witnesses concerning the creation of one of three accused pieces at issue in this litigation, which Giftco began selling well prior to the commencement of litigation. It doesn't seek attorney-client or work-product information at all. Further, to the extent Giftco has documents that it feels are privileged, it must at least answer the interrogatory and identify them; to date, no privilege log has been provided. [4]

To the extent Giftco claims not to understand the term "independently created," it's going to have a difficult time defending this case. As a matter of simple logic, Giftco or its agents either created the accused pieces, or it copied them from another source. Giftco has obtained copyright registrations on two of the three pieces, representing to the Copyright Office that it was co-author of the pieces. Its claim that it cannot answer because it doesn't understand this simple term is disingenuous at best.

Moreover, the interrogatory by its own terms directs Giftco, if the answer is anything other than "no," to answer the related sub-parts seeking the identity of the individuals who worked on the creation of the pieces, when they did so, and an identification of elements of

---

[4] Rule 26(b)(5) states: "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

the accused works that were "copied or obtained from" some other work. These are basic inquiries in a copyright infringement suit, and Giftco has simply refused to answer them. Giftco should be ordered to answer the interrogatory fully.

**INTERROGATORY NO. 6**

State whether you copied the Cathedral Art Ribbon Bookmark or created a derivative work of a ribbon bookmark from some other source, or directed someone else to do so, and if the answer is other than an unqualified "no," please:

a. describe in detail the circumstances under which you first copied or created a derivative work including the date thereof;
b. identify all persons who created or copied the work and all persons with knowledge of the creation or copying;
c. identify each such other piece or work utilized; and
d. identify all documents and things referring or relating thereto.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expressions "copied" and "created a derivative work" are undefined, ambiguous and call for a legal conclusion.

**ARGUMENT:** The interrogatory seeks information from percipient witnesses concerning the creation of one of three accused pieces at issue in this litigation, which Giftco began selling well prior to the commencement of litigation. It doesn't seek attorney-client or work-product information at all. To the extent Giftco has documents that it feels are privileged, it must at least identify them; to date, no privilege log has been provided.

Giftco's claim that it does not understand the term "copied," or "created a derivative work," is disingenuous at best. First, Giftco has explicitly denied that it "copied or caused to be copied" Cathedral Art' works. (*See Verified Complaint*, ¶ 34, and Giftco's *Answer*

thereto.) If Giftco understood the term "copied" for purposes of its Answer, it ought to understand it here. Likewise, Giftco obtained copyright registrations on two of the three pieces at issue. Section 6 of the copyright application asks applicants whether the work for which registration is sought is a "derivative work," and the Form VA instructions define the term with some particularity:

> **SPACE 6: Derivative Work or Compilation**
>
> **General Instructions:** Complete space 6 if this work is a "changed version," "compilation," or "derivative work," and if it incorporates one or more earlier works that have already been published or registered for copyright, or that have fallen into the public domain. A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." A "derivative work" is "a work based on one or more preexisting works." Examples of derivative works include reproductions of works of art, sculptures based on drawings, lithographs based on paintings, maps based on previously published sources, or "any other form in which a work may be recast, transformed, or adapted." Derivative works also include works "consisting of editorial revisions, annotations, or other modifications" if these changes, as a whole, represent an original work of authorship.

If Giftco understood the term sufficiently to make its representations to the Copyright Office, it ought to be able to understand it here. Its claim that it doesn't understand these simple terms is disingenuous and a baseless attempt to avoid having to answer the question.

Moreover, the interrogatory by its own terms directs Giftco, if its answer is anything other than "no," to answer the related sub-parts of the interrogatory including who created or copied the work, works that were utilized in the creation or copying, and other related and basic facts basic to any copyright infringement suit. Giftco should be ordered to answer the interrogatory fully.

**INTERROGATORY NOS. 7, 8, 9, and 10**

Interrogatories 7, 8, 9, and 10 repeat the inquiries of Interrogatories 5 and 6, but for the remaining two accused pieces (the Auto Heart Visor Clip and the Lord's Prayer Plaque).

Giftco repeated its objections and non-answers from Interrogatories 5 and 6 for these interrogatory-pairs (7-8 for the Auto Heart Visor Clip and 9-10 for the Lord's Prayer Plaque).[5] Cathedral Art therefore repeats and incorporates its arguments here, and seeks an order compelling complete answers to Interrogatories 7 - 10, relating to the second and third accused pieces, for the reasons enumerated above.

Additionally, however, Giftco inserts one further objection within Interrogatory No. 9 – that it doesn't have to provide any more answers or responses because, in its view, it had already answered 25 interrogatories, the limit imposed by Rule 33:

> b. Rule 33 of the Federal Rules of Civil Procedure prohibits any party from serving more than twenty five (25) written interrogatories, including all discrete subparts, without leave of court or written stipulation. As of this Interrogatory, CAMCO has served in excess of twenty five (25) interrogatories, including all discrete subparts, without leave of court or written stipulation. In addition to its General Objections, Giftco objects to this Interrogatory as excessive under Rule 33.
>
> c. See response to Interrogatory No. 9.b.
>
> d. See response to Interrogatory No. 9.b.
>
> e. See response to Interrogatory No. 9.b.

To each of the remaining Interrogatories (whose number totals 22), Giftco interposes the same objection, responding for each, only:

> See response to Interrogatory No. 9.b.

---

[5] Interrogatories 7, 8, 9, and 10 are contained in Giftco's *Objections and Responses to First Set of Interrogatories*, attached as *Exhibit A*.

**ARGUMENT CONCERNING INTERROGATORIES 9(b) THROUGH 22**

Giftco's objection must be stricken and its refusal to answer overruled. Rule 33 of the Federal Rules of Civil Procedure provides that interrogatories shall "not exceed[] 25 in number including all discrete subparts…." Giftco has unilaterally determined that *each* subpart of *each* interrogatory 1 through 9(a) constitutes its own discrete question so as to be counted against the number of 25 permitted questions, and has refused to answer any after question 9(a). Included as separate questions in Giftco's count are subparts asking, for example, who, what, and when a particular work was created or copied and an identification of documents evidencing such events.

The Rules writers themselves contemplated the reasonable joinder of related sub-parts for purposes of counting the total number of interrogatories propounded:

> [A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Rule 33, Advisory Committee Note, 1993 Amendments. Courts that have dealt with the issue recognize that "if the subparts are a logical extension of the basic interrogatory and seek to obtain specified additional information with respect to the basic interrogatory, a party does not violate" the restriction. *Myers v. U.S. Paint Company*, 116 F.R.D. 165, 165-66 (D. MA. 1987)(concerning a local rule preceding the limits of Rule 33). *See Tri-State Hospital Supply Corporation v. United States*, 226 F.R.D. 118, 139 (D. D.C. 2005)("when subdivisions of an interrogatory relate to a single topic, the subdivisions are deemed part of the same interrogatory"); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443-4 (C.D. CA. 1998), *quoting Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 685, 685 (D. NV. 1997):

> [I]nterrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.... Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question.

In *Cardenas, et al. v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619-20 (D.KS 2005), the court determined that an interrogatory seeking an identification of a design defect, how the element was defective, and how each caused injury, should be treated as a single interrogatory. "This interrogatory does not contain multiple subparts that discuss various, unrelated topics. Rather, it is one interrogatory directed at eliciting details concerning a *common theme*." *Id.*

Likewise, in this case, none of the "subparts" of any question deal with unrelated topics, but rather merely specify details of the main question for which plaintiff sought answers. Further, this case concerns the illicit copying of *three* separate works. Several interrogatories are therefore set forth three separate times – once for each of the works at issue. (*See, for example,* Interrogatory groups 5-6, 7-8, and 9-10. Interrogatories 5 and 6 concern the Giftco Ribbon Bookmark, 7 and 8 concern the Giftco Auto Heart Visor Clip, and 9 and 10 concern the Giftco Lord's Prayer Plaque). It was objectively simpler to set them forth separately, in no small part to allow for the possibility that the defendant had *different* substantive responses for the three separate pieces, i.e., how, when, and from whom they acquired, created, and/or copied each piece. Even having set forth questions for each of the three pieces separatley, the number of interrogatories totals only 22. There has simply been no abuse of the 25-interrogatory limit.

Cathedral sets forth, below, the remaining interrogatories and Giftco's uniform, and

inadequate, response. For each, Giftco's only objection is that the interrogatory is "excessive" because it exceeds the permitted 25. Cathedral therefore seeks an order overruling that objection and compelling a complete answer to each, forthwith:

**INTERROGATORY NO. 11**

For the Giftco Ribbon Bookmark, identify each and every person or entity who manufactured and each person or entity from whom you purchased the piece or any component thereof at any time, all dates of purchase, the price paid for each piece, and the total number of pieces you have purchased from each source.

> **ANSWER:**
>
> a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 12**

Please state, on at least a monthly or quarterly basis since the date of your first sale of the Giftco Ribbon Bookmark:

a. total gross revenue derived from sales of the Ribbon Bookmarks;
b. the total number of pieces sold;
c. the total number of pieces still in inventory;
d. itemize all costs directly related to the goods sold; and
e. state all resulting profits.

> **ANSWER:**
>
> a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 13**

For the Giftco Auto Heart Visor Clip, identify each and every person or entity who manufactured and each person or entity from whom you purchased the piece or any component thereof at any time, all dates of purchase, the price paid for each piece, and the total number of pieces you have purchased from each source.

> **ANSWER:**
>
> a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 14**

Please state, on at least a monthly or quarterly basis since the date of your first sale of the Giftco Auto Heart Visor Clip:

a. total gross revenue derived from sales of the Giftco Auto Heart Visor Clip;
b. the total number of pieces sold;
c. the total number of pieces still in inventory;
d. itemize all costs directly related to the goods sold; and
e. state all resulting profits.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 15**

For the Giftco Lord's Prayer Plaque, identify each and every person or entity who manufactured and each person or entity from whom you purchased the piece or any component thereof at any time, all dates of purchase, the price paid for each piece, and the total number of pieces you have purchased from each source.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 16**

Please state, on at least a monthly or quarterly basis since the date of your first sale of the Giftco Lord's Prayer Plaque:

a. total gross revenue derived from sales of the Giftco Lord's Prayer Plaque;
b. the total number of pieces sold;
c. the total number of pieces still in inventory;
d. itemize all costs directly related to the goods sold; and
e. state all resulting profits.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 17**

Please identify each owner, officer, director, agent or employee of the defendant who at any time prior to the commencement of this litigation had seen or become aware of or familiar with the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Visor Clip, or the Cathedral Art Lord's Prayer Plaque, and state the circumstances under which and the date that person saw or became aware of the plaintiff's product.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 18**

Identify and detail what, if any, steps were taken by you or on your behalf to ascertain or identify, at any time prior to the commencement of this litigation, the copyright status of the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Heart Visor Clip, and the Cathedral Art Lord's Prayer Plaque, or any of the creative elements contained therein, including but not limited to research and investigations, and describe and detail all results and conclusions therefrom.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 19**

Please identify each and every license or agreement under which you claim right or were requested by some other person or entity to manufacture, display, advertise, or sell the Giftco Ribbon Bookmark, the Giftco Auto Heart Visor Clip, or the Giftco Lord's Prayer Plaque.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 20**

Please identify, at least by caption, court, and civil action number, each litigation in which you have been involved as a plaintiff or defendant concerning any claim of copyright or trademark infringement, and for each, provide a brief description of the claims and your

role or alleged role therein.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 21**

Please identify each and every person who has provided any knowledge or information or who has assisted in the formulation of the answers to these interrogatories, and for each such person, state the number of the interrogatory answer(s) with respect to which that person participated or supplied information.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 22**

Please identify each person with whom you have consulted as an expert, and for each such person whom you expect to call as an expert witness at trial, please state:

a. the subject matter on which each such expert was consulted;
b. the subject matter on which each such expert is expected to testify;
c. all facts known or opinions held by each such expert concerning the claims and defenses in this litigation; and
d. a summary of the grounds for each such opinion.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

## III. CONCLUSION

Each of the above-listed interrogatories is designed to elicit critical information that is basic and fundamental to any claim of copyright infringement. Giftco has simply refused to answer them. Cathedral requests that Giftco's objections be stricken, that Giftco be ordered to provide full and complete answers to the above-listed interrogatories signed in compliance

with Rule 33 within twenty (20) days, that Giftco be ordered to supply a privilege log in compliance with Rule 26(b)(5) within that same time, and that Cathedral be awarded the costs and reasonable attorneys' fees it has necessarily incurred in bringing this Motion. Pursuant to LR Cv 7(e), Cathedral anticipates that oral argument of approximately thirty (30) minutes duration may be necessary.

Dated: May 7, 2007

CATHEDRAL ART METAL CO., INC.

By Its Attorneys,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**Rule 37(a)(2)(A) Certification**

The undersigned certifies that he has in good faith attempted to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

/s/ Thomas R. Noel

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2007 I served a copy of the foregoing:

via Electronic Means upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

and via First Class Mail upon:

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street
Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel

TRN/