**Exhibit A**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>GIFTCO, INC., IDEAL FUND RAISING, INC., and other known and unknown Giftco Distributors,<br><br>Defendants. | C.A. No. 06-465-T |

**OBJECTIONS AND RESPONSES OF DEFENDANT GIFTCO, INC. TO THE FIRST SET OF INTERROGATORIES OF PLAINTIFF CATHEDRAL ART METAL CO., INC.**

For their Objections and Responses to the First Set of Interrogatories of Plaintiff Cathedral Art Metal Co., Inc. ("CAMCO"), Defendant Giftco, Inc. ("Giftco") states:

**GENERAL OBJECTIONS**

1. Defendant objects to each and every of the Interrogatories, the Preliminary Statement and the Definitions (collectively, the "Interrogatories") to the extent that they seek confidential and proprietary business information of Defendant. Moreover, to the extent the Interrogatories seek documents containing confidential and proprietary information of Defendant, Defendant objects to the production of such documents unless and until such time as an agreed upon protective order is entered by the Court.

2. Defendant also objects to each and every of the Interrogatories to the extent that they seek information and/or documents protected against disclosure by the attorney-client privilege and/or the attorney work product immunity doctrine. In all instances, Defendant intends to preserve and claim the attorney-client privilege and work-product immunity to the fullest extent to which they are applicable. Furthermore, Defendant reserves the right to assert

any such claim of privilege or work product in connection with any documents found or used in the course of supplementing these responses. Any such objection which is hereinafter made in response to any specific document request is made without limiting this general objection as it pertains to another specific document request.

3. Defendant further objects to each and every of the Interrogatories that calls for the production or identification of "any" and "all" documents or things in that such a request fails to designate properly the documents and things sought in accordance with Federal Rule of Civil Procedure 34. Such categories are too broad for a reasonable response and production and/or identification of all such documents would be unduly burdensome, oppressive and expensive out of proportion to their relevance. To the extent that Defendant is able to gather relevant documents and things in response to each Interrogatory free of the general and specific objections set forth herein, Defendant will produce such documents, provided such documents are not otherwise immune from discovery.

4. Defendant also specifically objects to Plaintiff's "Definitions" to the extent that they are greater than or contrary to the obligations set forth in Federal Rules of Civil Procedure 26 and 34 or that they purport to impose upon Defendant any obligations in responding greater than those required by any applicable law.

5. Any documents produced in response to the Interrogatories are produced without, in any way, waiving or intending to waive any objections that Defendant may have with respect to the subsequent use of such documents, or with respect to the production of any documents of a similar nature. Defendant specifically reserves:

(a) all questions as to competency, relevancy, materiality, privilege and admissibility of any and all such responses and/or documents, in whole or in part, or of the subject matter thereof;

(b) the right to object to the use of any such responses and/or documents, in whole or in part, or the subject matter covered thereby, on any or all of the foregoing grounds or on any proper grounds whether or not enumerated above;

(c) the right to object to any and all grounds at any time to additional discovery procedures involving or related to the subject matter of the information and/or documents sought by Plaintiff; and

(d) the right, at any time, to review, correct, add to, supplement or clarify any responses contained herein.

6. In addition to the foregoing General Objections, Defendant objects to each of the Interrogatories, as enumerated below, which exceeds any reasonable bounds of relevance or which is unnecessarily burdensome, oppressive or vague and indefinite.

7. The following responses are based upon information presently available to Defendant and its attorneys. Defendant has not completed its investigation of facts relating to this case, has not completed its discovery in this matter and has not completed its preparation for trial. The responses given herein are without prejudice to Defendant's right to produce evidence of any additional facts.

8. Any response that Defendant will produce responsive documents to the extent they exist should not be taken as a representation that such documents exist but, rather, as an undertaking to attempt to locate relevant, non-privileged documents, if they can be found through a reasonable search.

9. Each of the foregoing General Objections is hereby incorporated by reference into each and every one of the specific responses. To the extent that these specific general objections are cited herein in response to specific Interrogatories, those specific citations are provided because they are believed to be particularly applicable to such Interrogatories and are not to be construed as a waiver of any other of the General Objections applicable to information falling within the scope of such Interrogatories.

Without waiver of any of the General Objections above, and in an effort to advance the discovery in this matter, Defendant responds as follows:

**INTERROGATORY NO. 1:**

Please identify the person executing the answers to these interrogatories, all titles and positions held by such person with the defendant at any time, and the date such person held each such title or position.

**ANSWER:**

Subject to its General Objections and in an effort to advance the discovery in this matter, Giftco, as presently advised, provides the following information:

At all relevant times, John Breslin, who assisted with these answers through counsel, has been Vice President, Treasurer and Secretary.

Giftco reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

With regard to Giftco, please identify:

a. for all periods from January 1, 2004 to the present, each officer and each director;

b. for all periods from January 1, 2004 to the present, each shareholder including each such shareholder's percentage ownership of the company over time; and

c. by name and address, all Giftco facilities, including headquarters, manufacturing facilities, sales offices, distribution centers, and showrooms.

**ANSWER:**

a. Subject to its General Objections and in an effort to advance the discovery in this matter, Giftco, as presently advised, provides the following information:

Officers:

Elliot Resnik, President
Johnny Johnson, Senior Vice President
Joel Schwartz, Senior Vice President
Vince Pecaro, Senior Vice President
John Breslin, Vice President, Treasurer and Secretary

Directors:

Johnny Johnson
Elliot Resnik
Vince Pecaro
Joel Schwartz
Guy Snyder
Howard Polk
Mark Metzner

Giftco reserves the right to supplement this response.

b. In addition to its General Objections, Giftco further objects to this Interrogatory because it seeks information that is irrelevant and not reasonably calculated to lead to any discoverable evidence.

c. Subject to its General Objections and in an effort to advance the discovery in this matter, Giftco, as presently advised, provides the following information:

Main Office, 700 Woodlands Parkway, Vernon Hills, Illinois 60061-3102.

Giftco reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

Please state the names, addresses, and titles or positions if any, of each and every person who has any knowledge or information concerning the substance of the claims and defenses in this litigation, and for each, include their relationship to Giftco and provide a synopsis of the subject matter of each such person's knowledge or information.

**ANSWER:**

Subject to its General Objections and in an effort to advance the discovery in this matter, Giftco, as presently advised, provides the following information:

At all relevant times, John Breslin, 700 Woodlands Parkway, Vernon Hills, Illinois 60061-3102, Vice President, Treasurer and Secretary, has knowledge of sales information.

At all relevant times, Maurizia Meyer, 700 Woodlands Parkway, Vernon Hills, Illinois 60061-3102, has knowledge of the accused products.

At all relevant times, Ide Cohen, 700 Woodlands Parkway, Vernon Hills, Illinois 60061-3102, Vice President of Design, has knowledge of the accused products.

Giftco reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Please identify each and every customer, distributor, or agent of Giftco to whom Giftco has sold, consigned, or otherwise transferred or shipped the Giftco Ribbon Bookmark, the Giftco Auto Heart Visor Clip, or the Giftco Lord's Prayer Plaque at any time, and for each person or entity identified, state the number of pieces of the Giftco Ribbon Bookmark, the Giftco Auto Heart Visor Clip, and the Giftco Lord's Prayer Plaque sold, consigned, or otherwise transferred or shipped.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information that constitutes proprietary and confidential business information, Giftco will supply this information only upon entry of a suitable Protective Order.

Giftco reserves the right to supplement this response.

**INTERROGATORY NO. 5:**

State whether you claim to have independently created the Giftco Ribbon Bookmark, and if the answer is anything other than an unqualified "no," please:

a. identify each person who created or assisted in its creation;

b. state the date(s) on which such creation occurred;

c. identify each element of the work, if any, that was copied or obtained from any other piece of work, and identify each such other piece(s) or work(s);

d. identify all persons with knowledge of the creation of the work; and

e. identify each and every document or thing relating to the creation.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expression "independently created" is undefined, ambiguous and calls for a legal conclusion.

**INTERROGATORY NO. 6:**

State whether you copied the Cathedral Art Ribbon Bookmark or created a derivative work of a ribbon bookmark from some other source, or directed someone else to do so, and if the answer is other than an unqualified "no," please:

a. describe in detail the circumstances under which you first copied or created a derivative work including the date thereof;

b. identify all persons who created or copied the work and all persons with knowledge of the creation or copying;

c. identify each such other piece or work utilized; and

d. identify all documents and things referring or relating thereto.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expressions "copied" and "created a derivative work" are undefined, ambiguous and call for a legal conclusion.

**INTERROGATORY NO. 7:**

State whether you claim to have independently created the Giftco Auto Heart Visor Clip and if the answer is anything other than an unqualified "no," please:

a. identify each person who created or assisted in its creation;

b. state the date(s) on which such creation occurred;

c. identify each element of the work, if any, that was copied or obtained from any other piece of work, and identify each such other piece(s) or work(s);

d. identify all persons with knowledge of the creation of the work; and

e. identify each and every document or thing relating to the creation.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expression "independently created" is undefined, ambiguous and calls for a legal conclusion.

**INTERROGATORY NO. 8:**

State whether you copied the Cathedral Art Auto Heart Visor Clip or created a derivative work from some other source, and if the answer is other than an unqualified "no," please:

a. describe in detail the circumstances under which you first copied or created a derivative work including the date thereof;

b. identify all persons who created or copied the work and all persons with knowledge of the creation or copying;

c. identify each such other piece or work utilized; and

d. identify all documents and things referring or relating thereto.

**ANSWER:**

In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expressions "copied" and "created a derivative work" are undefined, ambiguous and call for a legal conclusion.

**INTERROGATORY NO. 9:**

State whether you claim to have independently created the Giftco Lord's Prayer Plaque and if the answer is anything other than an unqualified "no," please:

a. identify each person who created or assisted in its creation;

b. state the date(s) on which such creation occurred;

c. identify each element of the work, if any, that was copied or obtained from any other piece of work, and identify each such other piece(s) or work(s);

d. identify all persons with knowledge of the creation of the work; and

e. identify each and every document or thing relating to the creation.

**ANSWER:**

a. In addition to its General Objections, Giftco objects to this Interrogatory because it seeks information protected under the attorney-client and/or work product privileges and because the expression "independently created" is undefined, ambiguous and calls for a legal conclusion.

b. Rule 33 of the Federal Rules of Civil Procedure prohibits any party from serving more than twenty five (25) written interrogatories, including all discrete subparts, without leave of court or written stipulation. As of this Interrogatory, CAMCO has served in excess of twenty five (25) interrogatories, including all discrete subparts, without leave of court or written stipulation. In addition to its General Objections, Giftco objects to this Interrogatory as excessive under Rule 33.

c. See response to Interrogatory No. 9.b.

d. See response to Interrogatory No. 9.b.

e. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 10:**

State whether you copied the Cathedral Art Lord's Prayer Plaque or created a derivative work from some other source, and if the answer is other than an unqualified "no," please:

a. describe in detail the circumstances under which you first copied or created a derivative work including the date thereof;

b. identify all persons who created or copied the work and all persons with knowledge of the creation or copying;

c. identify each such other piece or work utilized; and

d. identify all documents and things referring or relating thereto.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 11:**

For the Giftco Ribbon Bookmark, identify each and every person or entity who manufactured and each person or entity from whom you purchased the piece or any component thereof at any time, all dates of purchase, the price paid for each piece, and the total number of pieces you have purchased from each source.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 12:**

Please state, on at least a monthly or quarterly basis since the date of your first sale of the Giftco Ribbon Bookmark:

a. total gross revenue derived from sales of the Ribbon Bookmarks;

b. the total number of pieces sold;

c. the total number of pieces still in inventory;

d. itemize all costs directly related to the goods sold; and

e. state all resulting profits.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 13:**

For the Giftco Auto Heart Visor Clip, identify each and every person or entity who manufactured and each person or entity from whom you purchased the piece or any component thereof at any time, all dates of purchase, the price paid for each piece, and the total number of pieces you have purchased from each source.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 14:**

Please state, on at least a monthly or quarterly basis since the date of your first sale of the Giftco Auto Heart Visor Clip:

a. total gross revenue derived from sales of the Giftco Auto Heart Visor Clip;

b. the total number of pieces sold;

c. the total number of pieces still in inventory;

d. itemize all costs directly related to the goods sold; and

e. state all resulting profits.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 15:**

For the Giftco Lord's Prayer Plaque, identify each and every person or entity who manufactured and each person or entity from whom you purchased the piece or any component thereof at any time, all dates of purchase, the price paid for each piece, and the total number of pieces you have purchased from each source.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 16:**

Please state, on at least a monthly or quarterly basis since the date of your first sale of the Giftco Lord's Prayer Plaque:

a. total gross revenue derived from sales of the Giftco Lord's Prayer Plaque;

b. the total number of pieces sold;

c. the total number of pieces still in inventory;

d. itemize all costs directly related to the goods sold; and

e. state all resulting profits.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 17:**

Please identify each owner, officer, director, agent or employee of the defendant who at any time prior to the commencement of this litigation had seen or become aware of or familiar with the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Visor Clip, or the Cathedral Art Lord's Prayer Plaque, and state the circumstances under which and the date that person saw or became aware of the plaintiff's product.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 18:**

Identify and detail what, if any, steps were taken by you or on your behalf to ascertain or identify, at any time prior to the commencement of this litigation, the copyright status of the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Heart Visor Clip, the Cathedral Art Lord's Prayer Plaque, or any of the creative elements contained therein, including but not limited to research and investigations, and describe and detail all results and conclusions therefrom.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 19:**

Please identify each and every license or agreement under which you claim right or were requested by some other person or entity to manufacture, display, advertise, or sell the Giftco Ribbon Bookmark, the Giftco Auto Heart Visor Clip, or the Giftco Lord's Prayer Plaque.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 20:**

Please identify, at least by caption, court, and civil action number, each litigation in which you have been involved as a plaintiff or defendant concerning any claim of copyright or trademark infringement, and for each, provide a brief description of the claims and your role or alleged role therein.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 21:**

Please identify each and every person who has provided any knowledge or information or who has assisted in the formulation of the answers to these interrogatories, and for each such person, state the number of the interrogatory answer(s) with respect to which that person participated or supplied information.

**ANSWER:**

a. See response to Interrogatory No. 9.b.

**INTERROGATORY NO. 22:**

Please identify each person with whom you have consulted as an expert, and for each such person whom you expect to call as an expert witness at trial, please state:

a. the subject matter on which each such expert was consulted;

b. the subject matter on which each such expert is expected to testify;

c. all facts known or opinions held by each such expert concerning the claims and defenses in this litigation; and

d. a summary of the grounds for each such opinion.

**ANSWER:**

See response to Interrogatory 9.b.

Respectfully submitted,

GIFTCO, INC.

Dated: 3-26-07

By: [signature]

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

*Of Counsel:*

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Michael J. Turgeon, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
(312) 609-5005 (Fax)
mturgeon@vedderprice.com

VERIFICATION

John Breslin, being duly sworn, states that he has read the foregoing *Objections and Responses of Defendant Giftco, Inc. to the First Set of Interrogatories of Plaintiff Cathedral Art Metal Co., Inc.*, and that the statements set forth therein are true to the best of his information and belief.

______________________________
John Breslin

STATE OF ILLINOIS )
)
COUNTY OF __________ )

The foregoing instrument was acknowledged before me by John Breslin, this ____ day of March, 2007.

______________________________
NOTARY PUBLIC

My Commission Expires: ______________

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing *Objections and Responses of Defendant Giftco, Inc. to the First Set of Interrogatories of Plaintiff Cathedral Art Metal Co., Inc.* was served, via facsimile and first class U.S. mail, postage prepaid, upon Thomas R. Noel and John R. Harrington, Noel & Gyorgy LLP, 50 South Main Street, Providence, Rhode Island 02903.

______________________________