IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO., INC.,

Plaintiff,

v.

C.A. No. 06-465-T

GIFTCO, INC., IDEAL FUND RAISING, INC., and other known and unknown Giftco Distributors,

Defendants.

**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL FURTHER INTERROGATORY ANSWERS FROM DEFENDANT GIFTCO, INC.**

For its Response to Plaintiff Cathedral Art Metal Co., Inc.'s ("CAMCO") Motion to Compel, Defendant Giftco, Inc. ("Giftco") states:

## INTRODUCTION

CAMCO is seeking to compel answers to interrogatories which are not only undefined and ambiguous, but also call for legal conclusions. While CAMCO is not satisfied with Giftco's answers, its dissatisfaction alone is an insufficient ground upon which to base a motion to compel. Contrary to CAMCO's contentions, Giftco's objections are all sincerely made and based upon long recognized and well established federal law. That said, in the interest of resolving this matter in a timely fashion, Giftco is submitting supplemental objections and responses to CAMCO's First Set of Interrogatories.

Of equal importance, however, is CAMCO's failure to act in accordance with the Court's own instruction that CAMCO limit its discovery inquiries to matters related to damages only. At the pretrial conference held on May 9, 2007, counsel for Giftco informed the Court and CAMCO that Giftco was not interested, at the present juncture, in contesting CAMCO's infringement

claims. As Giftco's counsel noted, the sales and profits Giftco's derived from selling the contested items were so *de minimis*—$1,745.59—that it would likely be more costly for Giftco to respond to CAMCO's discovery requests than it would to cease selling the contested items and settle the matter. To this end, Giftco has ceased selling the contested items and offered to settle the matter by paying CAMCO the profits it made in connection with their sale. CAMCO could do no better even if it prevailed on all of its claims. For this reason, counsel for Giftco recommended that CAMCO limit its discovery requests to those matters directly related to damages in order to verify the precise figure.

Indeed, the cost of responding to unnecessarily broader discovery requests would likely exceed that of the damages at issue in the case. The Court agreed that this would serve the important interest of avoiding unnecessary and costly litigation, and advised CAMCO to act accordingly. However, in its motion to compel, CAMCO insists on obtaining detailed Answers to overbroad and imprecisely drafted interrogatories that are completely unrelated to the issue of damages and, instead, bear only upon the issue of infringement.

According, in light of the legitimacy of Giftco's objections, Giftco's supplementation of its original objections and responses and CAMCO's failure to abide by the Court's advice, CAMCO's motion should be denied.

## ARGUMENT

In support of its motion to compel, CAMCO ushers in a number of arguments, all of which can be quickly addressed and easily dismissed.

CAMCO laments that Giftco provided unsigned responses and has failed to supplement

its original objections and responses to CAMCO's First Set of Interrogatories.[1] (Pl. Motion, p. 2) While Giftco maintains that its original answers clearly satisfied its obligations under the law, in the interest of resolving this matter in a timely fashion, Giftco is submitting signed supplemental objections and responses. These supplemental responses moot a majority of CAMCO's complaints.[2] A copy of Giftco's First Supplemental Objections and Responses are attached as Exhibit A.[3]

CAMCO also alleges that Giftco has offered "unsupportable objections" in responding to CAMCO's Interrogatories. (Pl. Motion, p. 1) This is simply untrue. All of Giftco's objections—attorney-client and work product privileges, undefined and ambiguous terms and questions that call for legal conclusions—are not only based upon long recognized and well established federal law but also entirely appropriate in light of the Interrogatories served upon it.

CAMCO takes issue with Giftco's objection to Interrogatory No. 5, claiming that it is not seeking attorney-client or work-product information. However, CAMCO fails to recognize that the question of whether attorney-client or work-product privileges apply is not based upon CAMCO's *intent*; instead, Giftco analyzed the interrogatory and determined that the privileges applied in light of the information actually sought. CAMCO makes much of the fact that, at present, Giftco has not produced a privilege log. However, in this instance, no request had been

[1] Regarding CAMCO's complaint that Giftco failed to provide a signed verification for its responses, immediately upon receipt of CAMCO's motion, Giftco signed the verification and forwarded it to CAMCO, rendering the issue moot.

[2] With respect to CAMCO's contention that its interrogatories do not exceed the limitation established by Rule 33 of the Federal Rules of Civil Procedure, Giftco still maintains that the application of the plain language of the Rule indicates otherwise, as CAMCO served in excess of twenty five (25) interrogatories, including all discrete subparts, upon Giftco without leave of court or written stipulation. However, in the interest of resolving this matter in a timely fashion, Giftco has, in its Supplemental Objections and Responses, provided full and complete answers to all of CAMCO's interrogatories, rendering CAMCO's complaint moot.

[3] Due to confidentiality concerns associated with the filing of information via the ECF system, Exhibits 11 – 16 to Giftco's responses to CAMCO's Interrogatories have not been attached as part of Exhibit A. The exhibits, however, were provided to opposing counsel pursuant to the protective order entered in this case. Counsel for Giftco will provide Exhibits 11 through 16 for the Court's *in camera* review in conjunction with any hearing on CAMCO's motion.

made by CAMCO seeking the immediate production of a privilege log. Although Giftco intends to produce a privilege log, its document production is not yet complete and the motion is premature. No consultation with Giftco's counsel in this regard has taken place. Furthermore, the fact that that a privilege log has not been produced at this juncture does not undermine the legitimacy of the objection itself.

Additionally, CAMCO contends that the term "independently created" is neither undefined, ambiguous nor calls for a legal conclusion, and, instead, that the meaning of "independently created" is a "matter of simple logic." (Pl. Motion, p. 3) However, CAMCO's reasoning is misplaced; its interpretation of the term is not determinative. Instead, as Giftco points out in its answer, the term "independently created" *is* undefined. As such, it is also ambiguous. Additionally, as CAMCO essentially establishes in its own motion, Interrogatory No. 5 calls for a legal conclusion. In offering its understanding of the term, CAMCO states that "[a]s a matter of simple of logic, Giftco either created the accused pieces, or it copied them from another source." (Pl. Motion, p. 3) As CAMCO's explanation demonstrates, the interrogatory goes directly to the heart of the matter, and calls for a legal conclusion. Giftco cannot be required through the guise of interrogatories to admit or deny infringement as a legal conclusion. See Reichenbach v. City of Columbus, 2006 WL 143552, at *2 (S.D. Ohio 2006) (finding that interrogatories improperly called for legal conclusions where they focused "exclusively on legal questions"); Lakehead Pipe Line Company, Inc. v. American Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn.1997) (finding that "a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered inappropriate"); O'Brien v. International Broth. of Elec. Workers, 443 F. Supp. 1182, 1187 (D. Ga. 1977) (finding that interrogatory called for legal conclusion where it sought "pure

legal conclusions which are related not to the facts, but to the law of the case.") If CAMCO is interested in facts, it should tailor its interrogatories accordingly. For these reasons, Giftco's objection is not "disingenuous," as CAMCO would have the Court believe; instead, its objection is completely reasonable and entirely justified.

The same is true of CAMCO's assertions with respect to Interrogatory Nos. 6-10 which, in addition to re-invoking the term "independently created," utilize undefined, ambiguous terms and phrases such as "copied" and "created a derivative work" that call for legal conclusions. As a result, Giftco articulated its entirely reasonable objection in keeping with federal law.

Furthermore, CAMCO has failed to abide by the Court's direction that CAMCO limit its discovery inquiries to matters related to damages only. At the May 9, 2007 pretrial conference, counsel for Giftco informed the Court and CAMCO that it was not interested, at the present juncture, in contesting CAMCO's infringement claims. As Giftco's counsel noted, the sales and profits Giftco's derived from selling the contested items were so *de minimis*—$1,745.59—that, financially, it made more sense for Giftco to cease producing and selling the items in order to avoid incurring the litigation expenses that would naturally result from the costly nature of discovery—expenses that would likely exceed the damages at issue in the case.

To this end, Giftco has ceased selling the contested items and offered to pay CAMCO all of the profits it made in connection with their sale in order to resolve the dispute. For this reason, at the pretrial conference counsel for Giftco recommended that CAMCO limit its discovery requests to those matters directly related to damages in order to verify the precise figure. The Court agreed that a limited discovery inquest into damages alone would serve the important interest of avoiding unnecessary, and costly, litigation, and instructed CAMCO to act accordingly. Nevertheless, CAMCO still insists on obtaining detailed Answers to questions that

are completely unrelated to the issue of damages and, instead, bear only upon the issue of infringement.

Accordingly, while Giftco has provided supplemental Answers pertaining to the issue of damages, there are no grounds upon which to justify CAMCO insistence on Answers to Interrogatories designed only to elicit information relating to the issue of infringement. To compel Giftco to expend the time, effort and expense of providing further Interrogatory Answers to questions unrelated to the issue of damages would constitute a completely unnecessary waste of the valuable resources of the parties and the Court. Under Federal Rule of Civil Procedure 26(b)(2)(iii), a trial court may limit discovery if the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. Here, in light of the fact that Giftco has ceased selling the contested items and offered to pay CAMCO all of the profits it made in connection with their sale, the information requested by CAMCO in their interrogatories has no bearing on the needs of CAMCO in this case and, therefore, is irrelevant as well as unduly burdensome.

**CONCLUSION**

WHEREFORE, Giftco requests that this Court deny the CAMCO's Motion To Compel Further Interrogatory Answers.

GIFTCO, INC.

By its Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino (*pro hac vice*)
Thomas R. Dee (*pro hac vice*)
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
(312) 609-5005 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 7, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple