UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO., INC.<br>Plaintiff<br><br>v.<br><br>GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>and other known and unknown Giftco Distributors<br>Defendants | : | C.A. No. 06-465 T |

**PLANTIFF'S OBJECTION**
**TO DEFENDANT GIFTCO, INC.'S MOTION FOR EXTENSION OF TIME**
**TO RESPOND TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral"), hereby objects to defendant Giftco, Inc.'s ("Giftco's") motion seeking an extension of time to object to Cathedral's Rule 15 motion to amend its complaint. Giftco's plan to object to a simple Rule 15 amendment by objecting to this court's personal jurisdiction over parties named in the proposed amendment is without support, ill-advised, and prejudicial to Cathedral, and therefore must fail. Giftco's request for more time in which to do it is therefore a waste of time, and ought to be denied.

Cathedral further relies on the *Memorandum In Support* filed contemporaneously herewith.

**LR Cv 7(e) Statement**

Plaintiff does not request oral argument on defendant Giftco, Inc.'s motion for extension of time.

Date: June 22, 2007

CATHEDRAL ART METAL CO., INC.
By Its Counsel,

Thomas R. Noel, Esq.

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

Thomas R. Noel, Esq.

TRN/

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO., INC.<br>Plaintiff<br><br>v.<br><br>GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>and other known and unknown Giftco Distributors<br>Defendants | : | C.A. No. 06-465 T |

**MEMORANDUM IN SUPPORT OF PLANTIFF'S OBJECTION TO DEFENDANT GIFTCO, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral"), objects to defendant Giftco, Inc.'s ("Giftco's") motion seeking more time to object to Cathedral's motion to amend its complaint. Giftco asserts that Cathedral's amendment would be futile because, it asserts without qualification, the additional defendants Cathedral's amendment intends to join "are located outside the State of Rhode Island." That much is true; the proposed Amended Complaint states as much. Giftco's plan, however, is to assert the defense of personal jurisdiction on behalf of independent, third-party entities not yet joined in this action who themselves, by virtue of their sales of infringing products supplied by Giftco, have claims of contribution and indemnification against Giftco. Giftco is asking the court to *pre-judge* what may or may not develop into a jurisdictional challenge by one or more of the targeted new defendants. The court should decline the invitation.

As an initial matter, Cathedral has a basis for its allegation of personal jurisdiction as

against each newly-named defendant.[1] Second, if one or more (or all) of the intended defendants wishes to contest the court's jurisdiction, they have every right to do so – on their own behalf and after they are served with the amended pleading. The court may or may not then permit limited jurisdictional discovery as to those particular defendants on the issue of personal jurisdiction. Giftco's attempt to stop Cathedral from joining liable parties to this action by arguing "futility" due to undeveloped issues of personal jurisdiction is premature at best. It is also substantively misplaced.

"Futility" in the context of a Rule 15 amendment involves an examination of the substance of the stated claims. "[T]he standard for futility is whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6)." *Ferreira v. City of Pawtucket, et al.*, 365 F.Supp.2d 215, 216 (D.R.I. 2004). "[T]he accuracy of the "futility" label is gauged by reference to the liberal criteria of…Rule…12(b)(6)." *Hatch v. D.C.Y.F., et al.*, 274 F.3d 12, 19 (1st Cir. 2001), citing *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996)("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted…. In reviewing for "futility," the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion"). An amendment:

> is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.

*Hatch*, 274 F.3d at 19.

Legal sufficiency under Rule 12(b)(6) is distinct from personal jurisdiction under Rule 12(b)(2), and Giftco has set forth no case in which a defendant has successfully argued that "futility" within the meaning of Rule 15 can or ought to be based on an argument of lack

[1] Cathedral had requested in discovery an identification of all Giftco distributors who purchased and sold the infringing pieces. Giftco supplied a list of dozens of names and addresses. Cathedral included in its proposed amended pleading only the handful of distributors *known* to have had contact with Rhode Island.

of personal jurisdiction over defendants who are the object of an amendment. Moreover, Cathedral, as the party seeking the amendment, would be prejudiced in that it would be left to attempt third-party discovery over entities who could rightfully object to the courts in their home jurisdictions that Cathedral should not be permitted to conduct jurisdictional discovery over non-parties prior to suit. The court cannot adequately decide issues of personal jurisdiction in the context of a motion to amend. Yet that is precisely what Giftco says it needs more time to ask the court to do.

Additionally, objections to personal jurisdiction can be waived. Giftco does not and cannot speak for third-parties who may have an interest in coming into Rhode Island and asserting cross-claims against Giftco for contribution and indemnification in the case here, rather than commencing their own ancillary suits in other districts to recoup damages for which they may be held liable.

Giftco has asked for more time to file an objection to a motion to amend and states that it intends to object solely on a basis that is wholly irrelevant to the question of whether an amendment should be permitted under Rule 15. Giftco has raised no other grounds for its intended objection in its motion for more time. For this reason, Cathedral requests that Giftco's motion for additional time be denied.

Date: June 22, 2007

CATHEDRAL ART METAL CO., INC.
By Its Counsel,

Thomas R. Noel, Esq.

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

Thomas R. Noel, Esq.

TRN/