UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO, INC.,

Plaintiff,

v.

C.A. No. 06-465T

GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.

Defendants.

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT**

Defendants Fund Raising Products, Inc., Great American Opportunities, Inc., Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit +, Inc. ("Defendants") hereby move this Court for an extension of time to respond to Plaintiff Cathedral Art Metal Company, Inc.'s Amended Complaint up to and including October 5, 2007. In support of this motion, the Defendants submit the accompanying memorandum of law.

FUND RAISING PRODUCTS, INC.,
GREAT AMERICAN OPPORTUNITIES,
INC., KLEINHENN COMPANY, INC.,
SUNSHINE FUND RAISING CORP.,
CLEMENTE NOVELTIES, INC., and
PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple

Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
tdee@vedderprice.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 4th, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATHEDRAL ART METAL CO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.<br><br>Defendants. | C.A. No. 06-465T |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT**

Defendants Fund Raising Products, Inc., Great American Opportunities, Inc., Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit +, Inc. (the "Distributor Defendants") hereby move this Court for an extension of time to respond to Plaintiff Cathedral Art Metal Company, Inc.'s ("Plaintiff") Amended Complaint up to and including October 5, 2007. In support of their motion, the Distributor Defendants state as follows:

1. On June 1, 2007, Plaintiff sought leave to amend its original Complaint to add the Distributor Defendants as parties to this litigation. Plaintiff contended that these proposed defendants were distributors of Defendant Giftco, Inc.'s ("Giftco") allegedly infringing products, which are at issue in this litigation.

2. On June 13, 2007, Giftco sought an extension of time to object to Plaintiff's Motion to Amend, and further sought an enlargement of the page limits so that it could submit a

memorandum in support of its objection.

3. Giftco represented that it intended to object to the proposed Amended Complaint on the grounds that it believed the Court lacked personal jurisdiction over the proposed defendants, all of whom are headquartered and conduct their business exclusively outside of Rhode Island. Giftco further indicated that it wished to support its objection to the proposed Amended Complaint by submitting affidavits of the distributors that demonstrated their lack of minimum contacts with the State of Rhode Island.

4. Plaintiff objected to Giftco's Motion for Extension of Time, essentially arguing that Giftco's objections to the proposed Amended Complaint would be "pre-judging" a jurisdictional challenge before the new defendants were even joined in the action. In fact, in objecting to Giftco's earlier request for more time, Plaintiff made the following statement:

> …if one or more (or all) of the intended defendants wishes to contest the court's jurisdiction, they have every right to do so – on their own behalf <u>after they are served with the amended pleading</u>.

(emphasis added).

5. On June 27, 2007, this Court denied Giftco's Motion "without prejudice to any motion to dismiss that may be filed by the additional defendants." In doing so, the Court essentially ruled that it was not addressing the legitimacy of the jurisdictional challenges – the parties just had to wait until after the Amended Complaint was served. In light of the Court's Order, Giftco did just that: it waited for the filing and service of the Amended Complaint.

6. On July 18, 2007, the Court granted Plaintiff's Motion to Amend and directed the Plaintiff to file the Amended Complaint via the Electronic Case Filing system upon receipt of the Order. Plaintiff, however, did not immediately file its Complaint, and apparently did not even receive notice of the Court's July 18, 2007 Order until being informed of its existence by Giftco's counsel. Plaintiff thereafter filed its Amended Complaint on July 27, 2007.

4. Following the filing of the Amended Complaint, counsel for the Defendants who had already appeared in this action, Giftco and Ideal Fund Raising, Inc. ("Ideal") (a distributor named as a defendant in the original Complaint), monitored PACER and the Court's docket for an indication as to whether the newly-added Distributor Defendants had been served, such as filed summonses and/or affidavits of service. Until August 30, 2007, the Court's docket never reflected the issuance of any summonses or any affidavits of service.

5. Counsel for Defendants first learned that the newly-joined Distributor Defendants had been made aware of the Amended Complaint when, shortly before August 30, 2007, the first of the Distributor Defendants contacted Giftco to seek representation. Even at this time, neither counsel for Defendants, nor the Distributor Defendants, knew whether they had been formally served, or whether they had merely been sent a courtesy copy of the Amended Complaint. Upon being contacted, Giftco agreed to have its same counsel represent the Distributor Defendants in this lawsuit.

6. Counsel for Defendants was first made aware that the Distributor Defendants were officially served on August 30, 2007, the same day Plaintiff filed Affidavits of Service with respect to all six of the Distributor Defendants. Unbeknownst to counsel for Defendants, the Distributor Defendants had actually been served by certified mail and on dates ranging from August 2, 2007 through August 15, 2007.

7. Local Rule 5.1 requires that Affidavits of Service be filed within three (3) days of service upon the defendants. Plaintiff ignored this rule. Instead, having proof of service in hand, Plaintiff waited and filed all of the Affidavits of Service at the same time on August 30, 2007. By this time, however, five of the six Distributor Defendants' deadlines for responding to the Amended Complaint had already expired.

8. On August 30, 2007, the date that counsel for Defendants first learned of the official service on the newly-joined Distributor Defendants, they contacted Plaintiff's counsel to request an extension of time up to and including October 5, 2007 to respond to the Amended Complaint. The basis for the additional time requested was for the Distributor Defendants to finally raise the jurisdictional challenges that Plaintiff had previously argued could not be raised earlier.

9. On Friday, August 31, 2007, Plaintiff's counsel denied Defendants' request for additional time. Instead, it would only agree to extend the time through September 7, 2007. This offer of extension occurred in the afternoon of the Friday before Labor Day weekend, which actually granted only four (4) additional business days for Defendants to raise their jurisdictional arguments.

10. The mere four (4) days Plaintiff would agree to offer are wholly insufficient to prepare the required jurisdictional challenges. For example, counsel for Defendants will need to investigate the contacts with the State of Rhode Island of six different parties, all of whom are located in different parts of the country, and submit affidavits supporting such contacts (or lack thereof). Moreover, a substantive motion to dismiss for lack of personal jurisdiction will also need to be submitted on behalf of the six Distributor Defendants.

11. Defendants do not intend any delay by challenging jurisdiction. In fact, they had attempted to do so before the Amended Complaint had even been filed in order to streamline the process and move the case forward. Moreover, a Scheduling Order has not even been entered and no pending case deadline will be affected by Defendants' request for additional time. Therefore, Plaintiff will suffer no prejudice whatsoever by granting this Motion.

12. Defendants originally sought more time to prepare and submit their challenge to

jurisdiction over the Distributor Defendants back in June. First Plaintiff, and eventually the Court, took the position that Defendants could only make such challenges after service of the amended pleading. That day has now arrived. Defendants now request the additional time necessary to do what had always been contemplated – their submitting a proper challenge to the personal jurisdiction over the Distributor Defendants.

WHEREFORE, Defendants respectfully request that this Court enter an Order granting an extension of time up to and including October 5, 2007 to respond to Plaintiff Cathedral Art Metal Company, Inc.'s Amended Complaint.

FUND RAISING PRODUCTS, INC.,
GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., and PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
tdee@vedderprice.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 4th, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple