UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO, INC.,

Plaintiff,

v.

GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.

Defendants.

C.A. No. 06-465T
**(Oral Argument Requested)**

**DEFENDANTS' MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendants Great American Opportunities, Inc., Kleinhenn Company, Inc., Sunshine Fund Raising, Inc., Clemente Novelties, Inc., and Profit +, Inc. (collectively, "Defendants) hereby move to dismiss Plaintiff Cathedral Art Metal Co., Inc.'s First Amended Verified Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In support of their motion, the Defendants submit and incorporate herein the accompanying memorandum of law and affidavits.

Pursuant to LR Cv 7(e), Defendants respectfully request oral argument on their motion to dismiss and state that approximately twenty minutes would be sufficient for their portion of any such oral argument.

GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., and PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple

Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
abufalino@vedderprice.com
tdee@vedderprice.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO, INC.,

Plaintiff,

v.

GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.

Defendants.

C.A. No. 06-465T
**(Oral Argument Requested)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendants Great American Opportunities, Inc. ("G.A.O."), Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine"), Clemente Novelties, Inc. ("Clemente"), and Profit +, Inc. ("Profit") (collectively, "Defendants") hereby submit this Memorandum of Law in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction and Rule 12(b)(3) for Improper Venue, and state as follows:

## FACTUAL BACKGROUND

In an attempt to bootstrap claims against innocent third-party distributors into this action, Plaintiff Cathedral Art Metal Company ("Cathedral") amended its Complaint to add out-of-state parties having little or no connection to Rhode Island. These Defendants have a number of things in common. First and foremost – none are located in Rhode Island: Sunshine is located in New Jersey (Affidavit of Anthony Lombardi, Jr. ("Lombardi Aff.") at ¶ 5, attached hereto as



PRV_911172_1

Exhibit A), Clemente is located in New York (Affidavit of Anthony Clemente ("Clemente Aff.") at ¶ 5, attached hereto as Exhibit B), G.A.O. is located in Tennessee (Affidavit of Robert Corley ("Corley Aff.") at ¶ 5, attached hereto as Exhibit C), Profit is located in Arizona (Affidavit of Jack Tilli ("Tilli Aff.") at ¶ 5, attached hereto as Exhibit D), and Kleinhenn is located in Indiana (Affidavit of C. David Kleinhenn ("Kleinhenn Aff.") at ¶ 4, attached hereto as Exhibit E).[1] All the Defendants are distinct businesses in the fundraising industry, which entails selling candy, gift wrap, trinkets and other items in bulk quantities on a wholesale basis to schools, churches and other civic groups. (Lombardi Aff. ¶ 4; Clemente Aff. ¶ 4; Corley Aff. ¶ 4; Tilli Aff. ¶ 4; Kleinhenn Aff. ¶ 5.) Those organizations then resell the items to end-user consumers as part of a charitable fund-raising campaign. (Id.)

The local nature of this industry, along with the relatively small size of most of the Defendants, means that the overwhelming majority of their customers and business activity is transacted in their home states. None of the Defendants rely on sales in Rhode Island to operate their businesses, nor do they market to Rhode Island. (Lombardi Aff. ¶ 5; Clemente Aff. ¶ 5; Corley Aff. ¶ 6; Tilli Aff. ¶ 5; Kleinhenn ¶ 5.) In fact, with the lone exception of Kleinhenn, none of the Defendants have sold any products to Rhode Island at all during the periods relevant to this suit. (Kleinhenn Aff. ¶¶ 5 – 6.) Moreover, none of the Defendants attempt to direct any business activity specifically towards the State of Rhode Island. This is demonstrated by the following:

- None of the Defendants except Kleinhenn have executed a single transaction or sale to a customer located within Rhode Island;
- None of the Defendants have offices or personnel based in Rhode Island;
- None of the Defendants have sent personnel to Rhode Island for any business

[1] For brevity's sake, the affidavits submitted by the individual defendants shall sometimes be collectively referred to as "Defendants' Affs. ¶¶", when referring to common paragraphs of the individual affidavits.

purpose;

- None of the Defendants have specifically directed any form of advertisement to potential customers located in Rhode Island;
- None of the Defendants have made regular communications with persons located within Rhode Island for any legitimate business purpose; and
- None of the Defendants own real estate or pay taxes to Rhode Island, or have derived anything but *de minimis* revenue from business activity in Rhode Island.

(Defendants' Affs. ¶¶ 6.)

Most importantly, the Defendants' lack of contacts with Rhode Island extends to the specific allegedly infringed items at issue in this case. None of the Defendants have sold a single ribbon bookmark, automobile visor clip, or Lord's Prayer plaque referenced in the Complaint to any individual or entity located within Rhode Island. (Defendants' Affs. at ¶¶ 7.)

Like most businesses today, the Defendants maintain general corporate websites that can be accessed virtually anywhere in the world that the Internet is available. (Defendants' Affs. ¶¶ 8.) The websites are designed and targeted only for the use of Defendants' regular customers. (Id.) With respect to the general public, websites principally provide basic information about the company and its products. (Corley Aff. ¶ 8; Lombardi Aff. ¶ 9; Clemente Aff. ¶ 9; Tilli Aff. ¶ 9; Kleinhenn Aff. ¶ 9.) None of the Defendants' websites reference Rhode Island or target Rhode Island in any way. (Lombardi Aff. ¶ 9; Clemente Aff. ¶ 9; Corley Aff. ¶ 8; Tilli Aff. ¶ 9; Kleinhenn ¶ 9.) For the majority of the websites, a member of the general public cannot even order products through the website without a passcode. (Clemente Aff. ¶ 9; Corley Aff. ¶ 9.) No sales of any products whatsoever, let alone the purportedly "infringed" products at issue here, have been made to Rhode Island over the Defendants' websites. (Lombardi Aff. ¶ 9; Clemente Aff. ¶ 9; Corley Aff. ¶ 8; Tilli Aff. ¶ 9; Kleinhenn ¶ 9.)

Finally, because the Defendants are spread across the country, in places as faraway as

Arizona and Tennessee, requiring them to come to Rhode Island to defend themselves would impose an unfair burden. They are predominantly small companies. All the personnel who might be witnesses in the litigation are located outside Rhode Island. (Lombardi Aff. ¶ 11; Clemente Aff. ¶ 11; Corley Aff. ¶ 10; Tilli Aff. ¶ 11; Kleinhenn Aff. ¶ 10.) Moreover, Plaintiff is perfectly free to pursue its claims against these Defendants in their respective home jurisdictions. In fact, it has already brought such claims against other Giftco distributors in both Virginia and Texas.

## ARGUMENT

### 1. The First Circuit's Standard For Exercising Personal Jurisdiction.

When deciding a motion to dismiss for lack of personal jurisdiction, courts within the First Circuit use the *prima facie* standard to determine whether personal jurisdiction is appropriate. See Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997); Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 34 (D.R.I. 2003). Under this standard, a plaintiff must "make the showing as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992).

At all times, the plaintiff has the burden of proving that the court has personal jurisdiction over each defendant. Brian Jackson & Co., 248 F. Supp. 2d at 34 (citing Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995)). To sustain this burden, the plaintiff may not rely on unsupported allegations in its pleading, but rather "must go beyond the pleadings and make affirmative proof." Boit, 967 F.2d at 675 (emphasis added); Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001) ("[T]he plaintiff is required to bring to light credible evidence and "cannot rest upon mere averments, but must adduce competent evidence of specific facts."); Chlebda v. H.E.

 PRV_911172_1

Fortna & Bros., Inc., 609 F.2d 1022, 1024 (1st Cir. 1979) (believing that jurisdictional allegations must be taken as true is an "elementary mistake"). As shown more fully below, Cathedral has not, and cannot, meet this burden.

To exercise personal jurisdiction over a defendant, a plaintiff must show that (1) the forum state has a long-arm statute that purports to grant jurisdiction over the defendant and (2) exercising jurisdiction comports with the due process requirements of the Fourteenth Amendment to the United States Constitution.[2] Due process requires that a defendant have sufficient contacts with the forum state so than an exercise of long arm jurisdiction will not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This requires a showing that the defendant should reasonably anticipate being haled into court in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Euro-Pro Operating LLC v. Scutte, C.A. No. 05-11946-DPW, 2006 WL 239802, at *1 (D. Mass. Jan. 31, 2006).

There are two different means by which a court may acquire personal jurisdiction over a non-resident defendant. Where the defendant has had "continuous and systematic contacts with the forum state," the court has general jurisdiction, and may hear causes of action unrelated to those contacts. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984); Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65, 75 (D.R.I. 1995) ("The continuous and systematic requirement has been characterized as being satisfied when the defendant's forum contacts are extensive and pervasive.") If, however, the defendant's contacts with the forum are not sufficient to support the constitutional exercise of general jurisdiction, the court may exercise specific jurisdiction over the defendant only if the plaintiff's causes of action

[2] Because Rhode Island's long-arm statute, R.I. Gen. Laws § 9-5-33, claims jurisdiction to the maximum extent permitted by the Fourteenth Amendment, the question in this case is solely whether asserting jurisdiction over Defendants would be consistent with the Due Process Clause.

 PRV_911172_1

actually arose out of the defendant's contacts with the forum state. Id. In this case, neither general or specific personal jurisdiction exists over the Defendants.

**2. General Jurisdiction Does Not Exist Over Any of the Defendants.**

In considering minimum contacts for the purposes of general jurisdiction, a court must focus “on the relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984); see Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). The contacts must be “continuous and systematic general business contacts” between the foreign defendant and the forum. Helicopteros, 466 U.S. at 416. The general jurisdiction standard is "considerably more stringent than the standard for specific jurisdiction." Barry, 909 F. Supp. at 74.

Exercising general jurisdiction over any of the Defendants would clearly offend notions of fair play and substantial justice. As threshold matter, the Amended Complaint itself is utterly devoid of any allegations that the Defendants had continuous and systematic contacts with Rhode Island. This is not surprising, as the Defendants all are based outside of Rhode Island, and most conduct no business whatsoever in the state. Even Kleinhenn, the one Defendant that has sporadically shipped products to Rhode Island, has only done so for a miniscule percentage of its customers over the past five years. (Kleinhenn Aff. ¶ 5.)

Moreover, none of the Defendants have other contacts with Rhode Island as part of their businesses that would rise to the level of "extensive and pervasive" contacts needed for general jurisdiction. Barry, 909 F. Supp. at 75. None of the Defendants have ever been registered, licensed or qualified to do business in Rhode Island. With the exception of Kleinhenn’s few sales, none transact business in Rhode Island, nor do they own real estate or property located in Rhode Island. They have no bank accounts in Rhode Island, pay no taxes there, and do not



PRV_911172_1

advertise or attempt to do business in Rhode Island. (Defendants' Affs. ¶¶ 6.)

Such few contacts are even less than the continuous and systematic contacts already found to be insufficient for general jurisdiction in previous cases. See United States v. Swiss Am. Bank, Ltd., 116 F.Supp.2d 217, 224-25 (D.Mass. 2000). For example, in Helicopteros, the United States Supreme Court found that a Texas district court could not exercise jurisdiction over a Colombian corporation that had even sent its CEO to Houston for contract negotiations; accepted checks drawn on a Houston bank; bought equipment and training services from a Texas corporation; and sent personnel to that corporation's Texas facilities for training. 466 U.S. at 416.

Similarly, in Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir.1998), the First Circuit found that the Massachusetts District Court could not exercise jurisdiction over a British company that sent an employee to Massachusetts to photograph the plaintiff, directly solicited business from a Massachusetts company, and received $585,000 in orders from that same company. 135 F.3d at 93. Moreover, in Donatelli v. Nat'l Hockey League, 893 F.2d 459, 470-71 (1st Cir.1990), the First Circuit held that no jurisdiction attached in Rhode Island over the National Hockey League, which provided league officials at Rhode Island-based exhibition games for ten years, telecast games into Rhode Island, and had products sold in Rhode Island bearing the National Hockey League logo. In Glater v. Eli Lilly & Co., 744 F.2d 713, 715 (1st Cir. 1984), the defendant Indiana corporation employed eight sales representatives in New Hampshire, conducted business in the state, and advertised in trade journals that circulated there. Nevertheless, the First Circuit held that such "vestigial contacts" did not suffice for the exercise of general jurisdiction. Id. at 217.

In short, the nonexistent and intermittent contacts of the Defendants with the State of

Rhode Island do not rise to the level of what the First Circuit has held to be "continuous and systematic." As a result, Cathedral has not, and cannot, make a *prima facie* showing needed for the exercise of general personal jurisdiction over the Defendants.

**3. Specific Jurisdiction Does Not Exist Over the Defendants.**

Much like with general jurisdiction, this Court similarly does not have specific personal jurisdiction over Defendants. The First Circuit has established a tripartite test for determining whether the exercise of specific personal jurisdiction comports with the constitutionally-mandated minimum contacts requirements:

> (1) The claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities;
>
> (2) The defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the state's courts foreseeable; and
>
> (3) The exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Subsalve USA Corp. v. Watson Mfg., Inc., 392 F. Supp. 2d 221, 222 (D.R.I. 2005). In order for the Court to exercise specific personal jurisdiction, the plaintiff has the burden of satisfying all three factors - relatedness, purposefulness and reasonableness. Scaraletti v. Swarovski North America Ltd., C.A. No. 06-84T, 2006 WL 2474862, at *3 (D.R.I. Aug. 25, 2006).

**(a) Plaintiff Cannot Satisfy the Relatedness Test Because Defendants' Few Contacts, If Any, Bear No Connection to The Claims At Issue in This Case.**

The first part of the tripartite test, the relatedness requirement, focuses on the nexus between defendant's contacts and the plaintiff's causes of action. Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995). In order to meet the relatedness requirement, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities."

United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). The relatedness inquiry separates general jurisdiction from specific jurisdiction cases. Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994). When alleged contacts fall short of being "continuous and systematic" such that general jurisdiction would be unfair, those contacts might still support the exercise of specific jurisdiction, but only if they are actually related to the cause of action. Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). The relatedness prong ensures fundamental fairness by protecting a defendant from being hauled into an out-of-state forum based on a single contact with that forum that is unrelated to the suit at issue.

The First Circuit recently described the relatedness prong as follows:

> The relatedness requirement is not an open door; it is closely read, and it requires a showing of material connection. This court 'steadfastly reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-sate contacts seems attenuated and indirect…' A broad 'but-for' argument is generally insufficient .... '[D]ue process demands something like a 'proximate cause' standard.'

Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 137 (1st Cir. 2006) (quoting Harlow v. Children's Hosp., 432 F.3d 50, 60-61 (1st Cir. 2005)) (internal citations omitted).

Clearly, the Amended Complaint's total failure to mention any Rhode Island-based contacts with Defendants demonstrates that they are not material to Cathedral's claims and fail to meet the relatedness requirement. It is beyond dispute that several of the Defendants have no contacts with Rhode Island whatsoever. (Lombardi Aff. ¶¶ 5 - 6; Clemente ¶¶ 5 – 6; Corley ¶ 5 – 6; Tilli Aff. ¶¶ 5 – 6.) The scant contacts that the remaining Defendants might have with the state are not connected to the sale of any allegedly infringed goods in Rhode Island.

Moreover, the mere operation and existence of websites by the Defendants that could (theoretically) be accessed in Rhode Island is not enough to satisfy the relatedness requirement

and to confer specific jurisdiction under the facts of this case. None of the Defendants sold any of the allegedly infringed goods over their websites to a person located in Rhode Island. (Lombardi Aff. ¶ 9; Clemente Aff. ¶ 9; Corley Aff. ¶ 8; Tilli Aff. ¶ 9; Kleinhenn ¶ 9.) Therefore, no nexus exists between the causes of action in this case and any purported website-based "contact."

**(b) Plaintiff Also Cannot Satisfy the Purposeful Availment Test.**

The second part of the tripartite test requires that the Defendants have "purposefully availed" themselves of the privilege of conducting activities in Rhode Island. "To demonstrate purposeful availment, the plaintiff must proffer evidence that the defendant[s] actually reached out to the plaintiff's state of residence to create a relationship - the mere fact that the defendant[s] willingly entered into a tendered relationship does not carry the day." Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 292 (1st Cir. 1999). The requirement "depends upon the extent to which the defendants voluntarily took action that made it foreseeable they might be required to defend themselves in court in [the forum state]." Id. (citing Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 11 (1st Cir. 2002)).

The purposeful availment inquiry focuses squarely on the Defendants' intentions. See Noonan, 135 F.3d at 90-91 (discussing the intent requirement for purposeful availment). This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts. See Phillips Exeter, 196 F.3d at 292; Ticketmaster, 26 F.3d at 207-208.

As is clearly evident, none of the Defendants specifically marketed products in Rhode Island or targeted business in Rhode Island, and any contact with Rhode Island, if at all, was merely incidental. Furthermore, the Amended Complaint pleads no allegations setting forth how

the Defendants supposedly "reached out" to persons in Rhode Island in a voluntary effort to conduct business. Indeed, as between Plaintiff and the Defendants here, the *only* conduct at issue in this case that was intended to take place in Rhode Island was that of Cathedral itself, not that of the Defendants. It is elementary that "the plaintiff's activities and conduct in the forum cannot serve as the basis for jurisdiction . . .." Little Brown & Co. v. Bourne, 493 F. Supp. 544 (D. Mass. 1980); Ins. Data Processing, Inc. v. Old Charleston Ins. Cos., C.A. No. 88-4479, 1989 WL 157138, at *8 (E.D. Pa. Dec. 28, 1989) (holding that unilateral activity of plaintiff from its forum state cannot alone satisfy the requirement of contact with the forum state or that defendant purposefully availed itself of the laws of the forum state).

Nor can it be argued that the Defendants' operation of their websites give rise to purposeful availment. The mere operation of a corporate website does not force a company to "purposefully and voluntarily" direct itself to every jurisdiction worldwide where the Internet can be accessed. Judge Smith recently addressed this exact situation in Subsalve USA Corp. v. Watson Manufacturing, Inc., 392 F.Supp.2d 221, 223 (D.R.I. 2005), describing the First Circuit's position on this issue as follows:

> It is well-settled, however, that the mere existence of a website does not show that a defendant is directing his business activities towards every forum where the website is visible. Furthermore, given the omnipresence of Internet websites today, allowing personal jurisdiction to be premised on such a contact alone would eviscerate the limits on a state's jurisdiction over out-of-state or foreign defendants.

(quoting McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir. 2005); see also Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc., C.A. No. 03-090ML, 2003 WL 22014581, at *5 (D.R.I. August 25, 2003) (Lovegreen, M.J.) (holding that even an interactive website doesn't satisfy the purposeful availment prong where defendants did not specifically target Rhode Islanders, made no sales to Rhode Island or had other contacts with Rhode Island.) Like in Swarovski and

Subsalve, the Defendants made no sales to Rhode Island whatsoever over their respective websites, let alone engaged in transactions concerning the items at issue in this lawsuit. (Lombardi Aff. ¶ 9; Clemente Aff. ¶ 9; Corley Aff. ¶ 8; Tilli Aff. ¶ 9; Kleinhenn ¶ 9.) Accordingly, Cathedral cannot meet its burden of showing that Defendants "purposefully availed" themselves of the privilege of conducting activities in Rhode Island.

**(c) The Exercise of Personal Jurisdiction Over The Defendants Would Not Be Reasonable Under the Gestalt Factors.**

To assess the third prong of the tripartite test, the reasonableness of exercising personal jurisdiction over Defendants in this case, the Court also must consider the Gestalt factors. See, e.g., World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). A brief review of these factors reveals that they do not call for the exercise of personal jurisdiction over Defendants, particularly given Cathedral's complete failure to satisfy the "relatedness" and "purposeful availment" elements.

**(1) Defendants' Burden of Defending in Rhode Island.**

Defendants are predominantly small companies located across the country, as far away as Arizona. They do not market to Rhode Island or actively attempt to engage in business there. Defendants' witnesses and documents are almost all located where they have offices, and none are located in close proximity to Rhode Island. Therefore, the burden on Defendants in defending Cathedral's claims in Rhode Island would be large. This militates strongly in favor of dismissal.

**(2) Rhode Island's Interest In Adjudicating The Dispute.**

Although Rhode Island undoubtedly has an interest in providing its citizens with a forum to litigate its disputes, that interest alone is not enough to justify the exercise of jurisdiction over an out-of-state defendant that has little or no connection to this state. Moreover, because

plaintiff is free to seek relief against Defendants in their home states, where jurisdiction can be found, any interest of Rhode Island can be equally met elsewhere. This factor, therefore, also militates in favor of dismissal.

**(3) Plaintiff's Interest In Obtaining Convenient and Effective Relief Can Be Sought Where Jurisdiction Is Proper.**

Cathedral would not be unduly inconvenienced by litigating his causes of action outside of Rhode Island. In fact, Cathedral has already seen fit to initiate identical such cases against distributor defendants in Federal courts located in both Virginia and Texas. (See, e.g., Cathedral Art Metal Co. Inc. v. Express Industries Corporation, United States District Court for the Northern District of Texas, Case No. 3-07 CV 1003-P; Cathedral Art Metal Co. Inc. v. Mink & Co., Inc., United States District Court for the Western District of Virginia, Case No. 7-07 CV 00334). Although it may be more convenient for Cathedral to litigate in Rhode Island, this cannot overcome the unfairness of haling an out-of-state defendant across country with little or no connection to Rhode Island. This is especially true given Cathedral’s active and present willingness to obtain its relief against distributor defendants in their home states.

**(4) The Effective Administration Of Justice Will Be Served In This Case Regardless Of The Forum.**

The effective administration of justice with respect to his litigation will be achieved regardless of the forum in which it is litigated. The causes of action plead in the Amended Complaint are based on legal theories that can competently interpreted and applied by a United States District Court in any jurisdiction. Thus, the effective administration of justice does not require that this litigation proceed in Rhode Island. At best, this factor is neutral with respect to the Gestalt considerations.

**(5) The Judicial System's Interests And The States' Common Interests Do Not Require The Exercise Of Personal Jurisdiction Over Defendants.**

The judicial system's and the states' interests in obtaining the most effective resolution of this litigation does not require that this case be litigated in Rhode Island. All of the Defendants are located out-of-state and much of the conduct giving rise to the claims in this case took place outside of Rhode Island. No single state has a superior interest over another state given the parties and the claims at issue in the litigation. Consequently, neither the judicial system's nor the states' interests require the exercise of personal jurisdiction over Defendants in Rhode Island. Therefore, in sum, the Gestalt factors demonstrate that the exercise of jurisdiction over the Defendants would not be reasonable, and the application of the factors clearly support the dismissal of this case for lack of personal jurisdiction.

**4. <u>In the Alternative, The Defendants Should Be Dismissed Under Rule 12(b)(3) Because Venue is Also Improper.</u>**

In addition to lacking jurisdiction, venue is also improper for the Defendants. According to 28 U.S.C. § 1391, for those actions not based exclusively on diversity of citizenship, venue is only appropriate in a location where one of the following three criteria are met:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Cathedral cannot satisfy any of the three factors above. First, all the Defendants do not "reside in the same state." Second, a substantial part of the events or omissions, or property subject to the action, is not located here. Cathedral's claims against the Defendants allege, in essential part, that the Defendants sold products that infringed their intellectual property rights.

Taking aside the validity of Cathedral's allegations, these sales all occurred from each of the Defendants' home states, none of which are Rhode Island. And finally, there are other districts where this action may be brought, as each defendant has a United States District Court located nearby in its home state. (Lombardi Aff. ¶ 11; Clemente Aff. ¶ 11; Corley Aff. ¶ 10; Tilli Aff. ¶ 11; Kleinhenn Aff. ¶ 10.)

Accordingly, none of the three criteria for proper venue are met here with respect to the Defendants. Thus, in addition to being dismissed for lack of personal jurisdiction, Cathedral's claims also fail for improper venue.

## CONCLUSION

For the foregoing reasons, the Defendants Great American Opportunities, Inc., Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit +, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Rule 12(b)(3) Motion to Dismiss for Improper Venue should be granted.

GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., and PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
abufalino@vedderprice.com
tdee@vedderprice.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple