THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO, INC.,

Plaintiff,

v.

C.A. No. 06-465T

GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.

Defendants.

**ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**

As and for its Answer to the First Amended Verified Complaint of Plaintiff Cathedral Art Metal Co., Inc., Defendant Fund Raising Products, Inc. d/b/a Meadow Farms ("Defendant"), states as follows:

**Nature of the Action**

**ALLEGATION NO. 1:**

Cathedral Art Metal Co, Inc. ("Cathedral Art") brings this action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 et seq., trademark infringement under the Lanham Act, 15 U.S.C. § 1125 et seq., and based on Cathedral Art's common law rights, for the recovery of damages and for injunctive relief, due to what appears to have been intentional copying of Cathedral Art's work.

**ANSWER:**

Defendant admits that Cathedral Act brings its action under the United States Copyright Act and Lanham Act. Defendant denies the remaining allegations in this Paragraph.

**The Parties**

**ALLEGATION NO. 2:**

Cathedral Art is a corporation organized and existing under the laws of the state of Rhode Island, and maintains its principal place of business at 25 Manton Avenue, Providence, Rhode Island. Cathedral Art designs, manufactures, and sells a full line of inspirational, religious, and special occasion giftware and jewelry, and has done so for more than eighty-five (85) years.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 3:**

Cathedral Art sells its good by way of an established network of relatively small, independent religious gift shops located around the United States. Cathedral Art does not sell its branded goods to mass merchandisers.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 4:**

Defendant, Giftco, Inc. ("Giftco") is a corporation organized and existing under the laws and protections of the State of Illinois, with a principal place of business located at 700 Woodlands Parkway, Vernon Hills, Illinois. Giftco is engaged in the sale and distribution of various fundraising gift items and is one of the nation's largest providers of fundraising gift items to organizations such as schools, religious, civic and fraternal groups around the country. Upon information and belief, Gifto sells gift items to and through a network of local and regional independent and contracted distributors.

**ANSWER:**

Defendant admits the allegations in this Paragraph.

**ALLEGATION NO. 5:**

Defendant Ideal Fund Raising, Inc. ("Ideal") is a corporation organized and existing under the laws and protections of the State of Rhode Island and has its principal place of business at 79 Aquidneck Drive, Tiverton, Rhode Island. Upon information and belief, Ideal is a contracted distributor of Giftco gift items.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 6:**

Defendant Fund Raising Products, Inc. is a corporation organized and existing under the laws and protections of the Commonwealth of Massachusetts and has its principal place of business at 700 Silver Street, Agawam, Massachusetts. Fund Raising Products, Inc. does business as, is known in the industry as, and shall be referred to herein as "meadow Farms." Upon information and belief, Meadow Farms is a contracted distributor of Giftco gift items.

**ANSWER:**

Defendant admits the allegations of this Paragraph.

**ALLEGATION NO. 7:**

Defendant Great American Opportunities, Inc. ("GAO") is a corporation organized and existing under the laws of the State of Tennessee, with a principal place of business located at 2451 Atrium Way, Nashville, Tennessee. GAO is engaged in the sale and distribution of various fundraising gift items to, upon information and belief, organizations such as schools, religious, civic and fraternal groups. Upon information and belief, GAO is a contracted distributor of products obtained from Giftco.

**ANSWER:**

Defendant admits that Great American Opportunities, Inc. is a distributor of Giftco gift items, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 8:**

Defendant Profit+, Inc. ("Profit+") is a corporation organized and existing under the laws of the State of Arizona, with a principal place of business located at 4175 North Goldwater Blvd., Scottsdale, Arizona. Profit is engaged in the sale and distribution of various fundraising gift items to, upon information and belief, organizations such as schools, religious, civic and fraternal groups. Upon information and belief, Profit is a contracted distributor of products obtained from Giftco.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 9:**

Defendant Kleinhenn Company, Inc. ("Kleinhenn") is a corporation organized and existing under the laws of the State of Indiana, with a principal place of business located at 1522 Main Street, Anderson, Indiana. Kleinhenn is engaged in the sale and distribution of various fundraising gift items to, upon information and belief, organizations such as schools, religious, civic and fraternal groups. Upon information and belief, Kleinhenn is a contracted distributor of products obtained from Giftco.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 10:**

Defendant Sunshine Fund Raising Corporation ("Sunshine") is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business located at 2-12 Main Street, Belleville, New Jersey. Sunshine is engaged in the sale and distribution of various fundraising gift items to, upon information and belief, organizations such as schools, religious, civic and fraternal groups. Upon information and belief, Sunshine is a contracted distributor of products obtained from Giftco.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 11:**

Defendant Clemente Novelties, Inc. ("Clemente") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 301 Lafayette Street, Utica, New York. Clemente is engaged in the sale and distribution of various fundraising gift items to, upon information and belief, organizations such as schools, religious, civic and fraternal groups. Upon information and belief, Clemente is a contracted distributor of products obtained from Giftco.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 12:**

Defendants further include all other distributors of Giftco and its products who have advertised, sold, and/or distributed items that infringe Cathedral Art's copyright and/or trademark rights as hereinafter described ("Giftco Distributors").

**ANSWER:**

Defendant admits that Cathedral Art has named "other known and unknown Giftco Distributors" as a party in this case. Defendant denies the remaining allegations in this Paragraph.

**Jurisdiction and Venue**

**ALLEGATION NO. 13:**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367 in that this is an action for copyright infringement, trademark infringement, and unfair competition. Venue is proper under 28. U.S.C. §§ 1400(a) and 1391(b).

**ANSWER:**

Defendant admits the allegations in this Paragraph.

**ALLEGATION NO. 14:**

The defendants solicit and/or conduct business in and within the State of Rhode Island so as to be subject to this Court's *in personam* jurisdiction.

**ANSWER:**

Defendant admits the allegations in this Paragraph.

## RELEVANT FACTS

### Cathedral Art's Ribbon Bookmarks

**ALLEGATION NO. 15:**

In approximately 2004, Cathedral Art designed and created an original line of inspirational and religious bookmarks to add to its line of giftware (the "Cathedral Art Ribbon Bookmarks"). The "Cathedral Art Ribbon Bookmarks" are comprised of crimson colored ribbons, metallic fasteners, and findings or charms at each end or the ribbon made of pewter and containing inspirational words, phrases, and/or biblical references. Cathedral Art claims exclusive rights in and to the Cathedral Art Ribbon Bookmarks and has applied for copyright registration covering the series of designs depicted below:

[Picture Omitted]

Cathedral Art began selling the Cathedral Art Ribbon Bookmarks in approximately June, 2004.

**ANSWER:**

Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 16:**

The Cathedral Art Ribbon Bookmarks are unique and wholly original creations of Cathedral Art. Cathedral Art applied for and secured registration of the Cathedral Art Ribbon Bookmarks with the United States Copyright Office. A true and accurate copy of United States Copyright Certificate of Registration VA 1-388-292, with a copy of the deposit material submitted, is attached hereto as *Exhibit A.*

**ANSWER:**

Defendant admits that Cathedral Art attached as Exhibit A to its First Verified Amended Complaint a copy of what appears to be United States Copyright Certificate of Registration VA 1-388-292. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 17:**

Each Cathedral Art Ribbon Bookmark sold bears the copyright notice "© 2004 Cathedral Art Metal Co., Inc." on an attached tag, Cathedral Art's trademarked name, and the Cathedral Art Angel trademark logo:

[Picture Omitted]

**ANSWER:**

Defendant admits that the bookmark in the photograph included in this Paragraph of the Complaint bears the copyright notice "© 2004 Cathedral Art Metal Co., Inc." on an attached tag, the words "Cathedral Art" and an angel drawing. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**Cathedral Art's Automobile Visor Clips**

**ALLEGATION NO. 18:**

In approximately 2003, Cathedral Art designed and created an original line of inspirational and religious automobile visor clips (the "Cathedral Art Auto Visor Clips"). The Cathedral Art Auto Visor Clips feature an asymmetric, embroidery-bordered pewter heart on which appears inspirational messages and depictions of flowers in bloom with stems with leaves transecting the pewter heart. Cathedral Art claims exclusive rights in and to the Cathedral Art Auto Visor Clips and has applied for copyright registration covering the designs depicted below:

[Picture Omitted]

Cathedral Art began selling its Auto Visor Clips in approximately January, 2004.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 19:**

The Cathedral Art Auto Visor Clips are unique and original creations of Cathedral Art. Cathedral Art has secured registration of the Cathedral Art Auto Visor Clips with the United States Copyright Office. A true and accurate copy of United States Copyright Certificate of Registration VA 1-388-291 is attached hereto as *Exhibit B.*

**ANSWER:**

Defendant admits that Cathedral Art attached as Exhibit B to its First Verified Amended Complaint is a copy of what appears to be United States Copyright Certificate of Registration

VA 1-388-291. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 20:**

Each Cathedral Art Auto Visor Clip piece bears the copyright notice "© CAMCO" on its reverse side, the copyright notice "© 2004 Cathedral Art Metal Co., Inc." on the front of the card on which it is sold, and the Cathedral Art name and Angel trademark symbol on the back of the card on which it is sold, as depicted below:

[Picture Omitted]

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**Cathedral Art's Lord's Prayer Plaque**

**ALLEGATION NO. 21:**

In approximately 2003, Cathedral Art designed and created an original religious plaque comprised of laminate wood, gold script lettering of the prayer verse known as The Lord's Prayer, and adaptations of religious symbols made of pewter affixed to the plaque. A true and accurate depiction of the "Cathedral Art Lord's Prayer Plaque" is shown below:

[Picture Omitted]

Cathedral Art began selling its Lord's Prayer Plaque in approximately March, 2003.

**ANSWER:**

Defendant admits that this Paragraph includes a picture of an object that contains the prayer verse known as The Lord's Prayer and adaptations of religious symbols. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 22:**

The Cathedral Art Lord's Prayer Plaque is a unique and original creation of Cathedral Art. Cathedral Art has applied for registration of its work with the United States Copyright Office. A true and accurate copy of the application for registration Form VA for the Cathedral

Art Lord's Prayer Plaque as submitted to the United States Copyright Office is attached hereto as *Exhibit C.*

**ANSWER:**

Defendant admits that Cathedral Art attached as Exhibit C to its Complaint is a copy of Form VA that appears to have been completed by Cathedral Art. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**Cathedral Art's Angel Trademark**

**ALLEGATION NO. 23:**

Cathedral Art created and designed, and is the owner of all right, title, and interest to, the angel symbol (the "Cathedral Art Angel Logo") depicted below:

[Picture Omitted]

Cathedral Art has utilized its Angel Logo as a trademark to signify the origin of many of its branded goods since at least 2004. Cathedral Art obtained registration of the Cathedral Art Angel Logo trademark with the United States Patent and Trademark Office, Reg. No. 3,233, 282, issued on April 24, 2007. A true and correct copy of the Certificate of Registration is attached hereto as *Exhibit D.*

**ANSWER:**

Defendant admits that Cathedral Art attached as Exhibit D to the First Verified Amended Complaint a copy of what appears to be Cathedral Art's Certificate of Registration. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 24:**

Cathedral Art's Angel Logo is distinctive and/or has acquired secondary meaning within the consuming public to identify Cathedral Art as the origin of the goods on which it is affixed and to signify the high quality of those goods.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**Defendants' Infringements**

**ALLEGATION NO. 25:**

In approximately 2006, Giftco, Ideal, and/or Other Giftco Distributors, began advertising for distribution and sale certain gift items that were virtually identical to some of the Cathedral Art Ribbon Bookmarks, some of the Cathedral Art Auto Visor Clips, and to the Cathedral Art Lord's Prayer Plaque.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 26:**

The infringing ribbon bookmarks advertised and sold by Giftco by and through its distributors (the "Giftco Ribbon Bookmarks") embody all of the distinctive and creative elements of certain of the Cathedra Art Ribbon Bookmarks, including the pewter charms at each end, the crimson colored ribbons, metallic fasteners, and the phrase "Angels make the heart dance". Depicted below are true and accurate images of Cathedral Art Ribbon Bookmark style RBM108 and one of the pair of Giftco Ribbon Bookmarks:

[Picture Omitted]

Upon information and belief, the Giftco Ribbon Bookmark advertised and sold by Giftco and the Giftco Distributors was directly and intentionally copied by Giftco and/or its agents from the Cathedral Art Ribbon Bookmark.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the photographs in this Paragraph, and therefore deny same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 27:**

The heart auto visor clips advertised and sold by Giftco by and through its distributors (the "Giftco Auto Visor Clip") embody many of the distinctive and creative elements of certain of the Cathedral Art Auto Visor Clips, including the asymmetric, embroidery-bordered pewter heart, depictions of flowers in bloom with stems with leaves transecting pewter heart, and an insubstantial variation of the inspirational message appearing thereon. Depicted below are true and accurate images of Cathedral Art Auto Visor Clip style KVC325 and the Giftco Auto Visor Clip:

[Picture Omitted]

Upon information and belief, the Giftco Auto Visor Clip advertised and sold by Giftco and the Giftco Distributors was directly and intentionally copied by Giftco and/or its agents from the Cathedral Art Auto Visor Clips.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the photographs in this Paragraph, and therefore deny same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 28:**

The infringing Lord's Prayer plaque advertised and sold by Giftco (the "Giftco Lord's Prayer Plaque") embodies all of the distinctive and creative elements of the Cathedral Art Lord's Prayer Plaque, including the choice of verse, the color, font, style, and placement of the verse on the plaque, the stylized pewter cross in the upper left of the plaque, and the stylized pewter praying hands in the lower right corner of the plaque. Depicted below are true and accurate images of Cathedral Art Lord's Prayer Plaque and the Giftco Lord's Prayer Plaque:

[Picture Omitted]

Upon information and belief, the Giftco Lord's Prayer Plaque advertised and sold by Giftco and the Giftco Distributors was directly and intentionally copied by Giftco and/or its agents from the Cathedral Art Lord's Prayer Plaque.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the photographs in this Paragraph, and therefore denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 29:**

Giftco produces several catalogs under several different names in order to appeal to a wide array of different potential fundraising audiences. Among Giftco's catalogs are the titles "Forever Friends," "Limited Edition," and "All the Best." True and accurate images of excerpts from the Giftco catalogs known to contain the Giftco Ribbon Bookmarks, the Giftco Auto Visor

Clip, and the Giftco Lord's Prayer Plaque (the catalog covers and individual pages) are attached to this Complaint as *Exhibit E*. Upon information and belief, Giftco has been distributing thousands of catalogs under these titles and others, advertising and selling the infringing items, and continues to do so.

**ANSWER:**

Defendant admits that Giftco produces catalogs under several different names, including "Forever Friends," "Limited Edition," and "All the Best." Defendant further admits that Exhibit E to the First Verified Amended Complaint contains true and accurate images of excerpts from Giftco's catalogs. Defendant denies the remaining allegations in this Paragraph.

**ALLEGATION NO. 30:**

Giftco is the registrant of the internet domain names "givetoschools.com," "allthebestforless.com," and "ltded.com," and Giftco maintains and operates internet websites found at and identified by these and possibly other internet domain names (the "Giftco Websites"). The Giftco Websites are interactive in that customers can order products and pay for products through them.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies same.

**ALLEGATION NO. 31:**

Giftco has advertised for distribution and sale on the Giftco Websites and through its distributors the Giftco Ribbon Bookmarks, the Giftco Auto Visor Clip, and the Giftco Lord's Prayer Plaque. True and accurate images from the Giftco Websites "allthebestforless.com," "givetoschools.com," and "ltded.com" depicting these items are attached collectively to this Complaint as *Exhibit F*.

**ANSWER:**

Defendant admits the allegations in this Paragraph.

**ALLEGATION NO. 32:**

Upon information and belief, Giftco, with knowledge of Cathedral Art's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Cathedral Art Ribbon Bookmarks, and has engaged in the manufacture, purchase, importation, distribution, promotion, and/or sale of the Giftco Ribbon Bookmarks.

 PRV_911244_1

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 33:**

Upon information and belief, Giftco, with knowledge of Cathedral Art's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Cathedral Art Auto Visor Clip, and has engaged in the manufacture, purchase, importation, distribution, promotion, and/or sale of the Giftco Auto Visor Clip.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 34:**

Upon information and belief, Giftco, with knowledge of Cathedral Art's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Cathedral Art Lord's Prayer Plaque, and has engaged in the manufacture, purchase, importation, distribution, promotion, and/or sale of the Giftco Lord's Prayer Plaque.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 35:**

Giftco failed to ascertain the proper ownership of or rights to the pieces prior to acquiring and re-selling them, and its actions were taken with disregard of Cathedral Art's rights.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 36:**

Ideal is, upon information and belief, the registrant of the internet domain name "ideal-fundraising.com," and maintains and operates an internet website found at and identified by this internet domain name (the "Ideal Website").

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**<u>ALLEGATION NO. 37:</u>**

Ideal featured on the Ideal Website a Giftco "Limited Edition" catalog and advertising for distribution and sale the Giftco Ribbon Bookmarks. True and accurate images from the Ideal Website depicting the catalog and the Giftco Ribbon Bookmark items sold therefrom are attached to this Complaint as *Exhibit G*.

**<u>ANSWER:</u>**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**<u>ALLEGATION NO. 38:</u>**

Meadow Farm is, upon information and belief, the registrant of the internet domain names "meadowfarms.com," "raisingfundsusa.com," and possibly others, and maintains and operates an interactive internet website found at and identified by these internet domain names (the "Meadow Farms Websites").

**<u>ANSWER:</u>**

Defendant admits the allegations of this Paragraph.

**<u>ALLEGATION NO. 39:</u>**

Meadow Farms is and has been featuring on the Meadow Farms Websites advertising for distribution and sale the Giftco Ribbon Bookmarks. True and accurate images from the Meadow Farms Website depicting the Giftco Ribbon Bookmark items sold therefrom are attached to this Complaint as *Exhibit H*.

**<u>ANSWER:</u>**

Defendant admits the allegations of this Paragraph.

**<u>ALLEGATION NO. 40:</u>**

GAO is, upon information and belief, the registrant of the internet domain names "gafundraising.com," and possibly others, and maintains and operates an interactive internet website found at and identified by these internet domain names (the "GAO Website").

**<u>ANSWER:</u>**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 41:**

GAO is and has been featuring on the GAO Website advertising for distribution and sale the Giftco Ribbon Bookmarks. True and accurate images from the GAO Website depicting the Giftco Ribbon Bookmark items sold therefrom are attached to this Complaint as *Exhibit I*.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 42:**

Kleinhenn is, upon information and belief, the registrant of the internet domain name "kleinhenn.com," and possibly others, and maintains and operates an interactive internet website found at and identified by this internet domain name (the "Kleinhenn Website").

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 43:**

Kleinhenn is and has been featuring on the Keinhenn Website advertising for distribution and sale the Giftco Ribbon Bookmarks. True and accurate images from the Kleinhenn Website depicting the Giftco Ribbon Bookmark items sold therefrom are attached to this Complaint as *Exhibit J*.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 44:**

Sunshine is, upon information and belief, the registrant of the internet domain name "sellcandy.com," and possible others, and maintains and operates an interactive internet website found at and identified by this internet domain name (the "Sunshine Website").

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 45:**

Sunshine is and has been featuring on the Sunshine Website advertising for distribution and sale the Giftco Auto Visor Clip. True and accurate images from the Sunshine Website depicting Giftco items sold therefrom are attached to this Complaint as *Exhibit K*.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 46:**

Clemente is, upon information and belief, the registrant of the internet domain name "clementefundraising.com," and possibly others, and maintains and operates an interactive internet website found at and identified by that internet domain name (the "Clemente Website"). Upon information and belief, Clemente has featured on the Clemente Website advertising for distribution and sale the Giftco Ribbon Bookmark, the Giftco Auto Visor Clip, and/or the Giftco Lord's Prayer Plaque.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**ALLEGATION NO. 47:**

Profit+ is, upon information and belief, the registrant of the internet domain name "profitplusfundraising.com," and possible others, and maintains and operates an interactive internet website found at and identified by that internet domain name (the "Profit+Website"). Upon information and belief, Profit+ has featured on the Profit+Website advertising for distribution and sale the Giftco Ribbon Bookmark, the Giftco Auto Visor Clip, and/or the Giftco Lord's Prayer Plaque.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph, and therefore denies the same.

**COUNT I**
**Copyright Infringement**

**ALLEGATION NO. 48:**

The plaintiff restates and realleges each preceding paragraph as if specifically set forth herein.

**ANSWER:**

Defendant restates and incorporates herein its answers to each preceding paragraph as if specifically set forth herein.

**ALLEGATION NO. 49:**

Giftco and the Giftco Distributors named herein had access to Cathedral Art's Ribbon Bookmarks, Cathedral Art's Auto Visor Clips, and Cathedral Art's Lord's Prayer Plaque and were on notice of Cathedral Art's claimed ownership of and rights in and to the Cathedral Art works prior to the unauthorized copying thereof.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 50:**

Giftco copied or caused to be copied certain distinctive and protectable elements of the Cathedral Art works and deliberately and without Cathedral Art's permission caused such to be reproduced, manufactured, and/or imported for advertising and sale.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 51:**

The Giftco Ribbon Bookmark is identical or substantially similar to the Cathedral Art Ribbon Bookmark.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 52:**

The Giftco Auto Visor Clip is identical or substantially similar to the certain of the Cathedral Art Auto Visor Clips.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 53:**

The Giftco Lord's Prayer Plaque is identical or substantially similar to the Cathedral Art Lord's Prayer Plaque.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 54:**

Giftco and Giftco Distributors named herein have engaged in the manufacture, marketing, distribution, and/or sale of the Giftco Ribbon Bookmarks, the Giftco Auto Visor Clip, and the Giftco Lord's Prayer Plaque and/or other works. Such conduct and activities were unauthorized and constitute copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 et seq.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 55:**

Upon information and belief, Giftco and the Giftco Distributors named herein have derived substantial revenue from the sale of the infringing works as cited herein, which revenue Giftco and the Giftco Distributors are not entitled to retain.

**ANSWER:**

Defendant admits that it has derived revenue from the sale of bookmarks, plaques and visor clips, but denies the remaining allegations in this Paragraph.

**ALLEGATION NO. 56:**

Defendants' activities have been and, to the extent they continue, will be willful within the meaning of the Copyright Act.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 57:**

As a direct and proximate result of defendants' infringing activities, Cathedral Art has been damaged and continues to be damaged, and has no adequate remedy at law.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 58:**

By its actions alleged herein, the defendants have infringed and willfully continue to infringe plaintiff's copyrights in and related to Cathedral Art Ribbon Bookmarks, the Cathedral Art Auto Visor Clip, and the Cathedral Art Lord's Prayer Plaque by deliberately reproducing, manufacturing, marketing, promoting, distributing, and selling products that are copied from, and identical and/or substantially similar to, the Cathedral Art works. Plaintiff is entitled to an injunction restraining the defendants, their officers, agents, and employees from engaging in such further acts in violation of the copyright laws.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**COUNT II**
**Unfair Competition; Common Law Claims**

**ALLEGATION NO. 59:**

Cathedral Art restates and realleges each preceding paragraph as if specifically set forth herein.

**ANSWER:**

Defendant restates and incorporates herein its answers to each preceding paragraph as if specifically set forth herein.

**ALLEGATION NO. 60:**

Defendants' actions claimed herein constitute unfair competition and a violation of Cathedral Art's common law rights in and to the Cathedral Art works.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 61:**

Upon information and belief, defendants have derived substantial revenue from the sale of the infringing works, which revenue they are not entitled to retain.

**ANSWER:**

Defendant admits that it has derived revenue from the sale of bookmarks, plaques and visor clips, but denies the remaining allegations in this Paragraph.

**ALLEGATION NO. 62:**

Defendants' activities have been and continue to be willful and undertaken in bad faith.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 63:**

As a direct and proximate result of defendants' activities, Cathedral Art has been damaged and continues to be damaged, and has no adequate remedy at law.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 64:**

Cathedral Art is entitled to recover the damages it has sustained and will continue to sustain until defendants have ceased sales of the infringing works, including any profits, goodwill, or other value obtained by the defendants as a result of the infringement. Cathedral Art is further entitled to injunctive relief to halt and restrain defendants' infringing acts.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**COUNT III**
**Infringement of Trademark**
**(Violation of 15 U.S.C. §1114)**

**ALLEGATION NO. 65:**

The plaintiff restates and realleges each preceding paragraph as if specifically set forth herein.

**ANSWER:**

Defendant restates and incorporates herein its answers to each preceding paragraph as if specifically set forth herein.

**ALLEGATION NO. 66:**

The defendants, without the consent of Cathedral Art, have used in commerce a mark confusingly similar and/or identical to Cathedral Art's Angel Logo trademark in connection with the sale of the Giftco Ribbon Bookmark, which use is likely to cause confusion, or to cause mistake or to deceive, or to convey false designations of origin and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of one or more of the defendants with Cathedral Art, or as to the origin, sponsorship or approval of the Giftco Ribbon Bookmark products.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 67:**

The aforesaid acts of the defendants have caused, and are causing, great and irreparable harm and damage to Cathedral Art, and unless permanently restrained by this Court, said irreparable injury will continue.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

**ALLEGATION NO. 68:**

Cathedral Art has no adequate remedy at law.

**ANSWER:**

Defendant denies the allegations in this Paragraph.

WHEREFORE, Defendant Fund Raising Products, Inc. hereby requests that Plaintiff Cathedral Art Metal Co., Inc.'s Amended Verified Complaint be dismissed with prejudice.

FUND RAISING PRODUCTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino (*pro hac vice*)
Thomas R. Dee (*pro hac vice*)
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
abufalino@vedderprice.com
tdee@vedderprice.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple