**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-465 T |
| GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>FUND RAISING PRODUCTS, INC.,<br>GREAT AMERICAN OPPORTUNITIES,<br>INC., KLEINHENN COMPANY, INC<br>SUNSHINE FUND RAISING CORP.,<br>CLEMENTE NOVELTIES, INC.,<br>PROFIT+, INC., and other known<br>and unknown Giftco Distributors<br>Defendants | : | |

**PLAINTIFF'S OBJECTION**
**TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDCITION**

The plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral Art"), hereby Objects to the *Motion to Dismiss for Lack of Personal Jurisdiction* filed by defendants Great American Opportunities, Inc., Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit+, Inc. on or about October 5, 2007. The court may properly exercise jurisdiction over each of the defendants, all of whom do or have recently conducted business with plaintiff. Moreover, the defendants' copyright and trademark infringement, intentional at least after the date they were notified of plaintiff's claims, renders them liable for harm caused the plaintiff, a Rhode Island business entity, in Rhode Island. The affidavits filed in support of defendants' motion are wholly unreliable in that they are incomplete, demonstrably inaccurate, and therefore misleading. Cathedral Art relies further on the *Memorandum of Support* filed contemporaneously herewith.[1]

---

[1] Cathedral Art has also filed a *Motion for Limited Jurisdictional Discovery* to the extent it has not set forth sufficient facts to demonstrate that jurisdiction properly exists.

For the reasons stated herein, plaintiff, Cathedral Art Metal Co., Inc., hereby respectfully requests that this court exercise personal jurisdiction over each of the named defendants, denying the motion to dismiss and ordering that each defendant file a full and complete answer to the Amended Complaint within ten (10) days.

Dated: October 22, 2007

CATHEDRAL ART METAL CO., INC.

By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2007, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel, Esq.

TRN/

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-465 T |
| GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>FUND RAISING PRODUCTS, INC.,<br>GREAT AMERICAN OPPORTUNITIES,<br>INC., KLEINHENN COMPANY, INC<br>SUNSHINE FUND RAISING CORP.,<br>CLEMENTE NOVELTIES, INC.,<br>PROFIT+, INC., and other known<br>and unknown Giftco Distributors<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

The plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral Art") submits this Memorandum in support of its Objection to the Motion to Dismiss filed by defendants Great American Opportunities, Inc. ("Great American"), Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine Fund Raising"), Clemente Novelties, Inc. ("Clemente"), and Profit+, Inc. ("Profit") on or about October 5, 2007. This court has jurisdiction over these defendants, each of whom does business with Cathedral Art, a Rhode Island entity. Additionally, despite statements to the contrary in affidavits filed in support of their motion to dismiss, three of the defendants maintain interactive websites, two are still advertising and offering infringing styles on their websites, and at least one defendant maintains Rhode Island-based data and specifically offers transactions to benefit any of dozens or hundreds of Rhode Island schools.

## II. FACTS RELEVANT TO THE MOTION

This action alleges copyright and trademark infringement against a number of defendants who, alone or in conjunction with one or more of the other defendants, or other parties, are alleged to have copied, advertised, sold, and distributed three ornamental gift items created by Cathedral Art. The evidence strongly suggests that the copying was direct and intentional. Side-by-side comparison of the three items in suit leaves little room for doubt:




Cathedral Art
"Angels make the heart dance"
Ribbon Bookmark




Giftco
"Angels make the heart dance"
Ribbon Bookmark




Cathedral Art Auto Visor Clip




Giftco Auto Visor Clip




Cathedral Art Lord's Prayer Plaque




Giftco Lord's Prayer Plaque

Cathedral Art alleges that defendant Giftco, Inc. ("Giftco"), one of the nation's largest providers of fundraising gift items, caused to be manufactured and sold to its distributors tens of thousands of copies of the infringing items. The defendants moving for dismissal are distributors of Giftco products, including one or more of the infringing styles.

Less clear than the infringement alleged, and important to consideration of the pending motion, Giftco, while not acknowledging infringement, claims it does not know where the "original" pieces it replicated came from, only that it does not possess and can't identify them now. Asked directly in interrogatories whether it copied the Cathedral Art works and to identify specifically whatever work was utilized and where it got it, Giftco objected and answered only that it used some unknown and unidentified "reference sample … sold in the marketplace."[1] Who supplied the pieces to Giftco to copy, and who else was involved in the copying alleged, therefore remains unanswered. The distributors joined in this action all did business with Cathedral Art and thus were familiar with Cathedral Art products when the infringement occurred. Whether one or more of them supplied Cathedral

[1] *See* Interrogatory Nos. 6, 8, and 10, and Giftco's Answers to the same, which refer to Answers 5, 7, and 9 respectively. If Giftco cannot identify the pieces it used to make the infringing versions of the Ribbon Bookmark, the Visor Clip, and the Lord's Prayer Plaque, it will be unable to deny that they were Cathedral Art pieces, as alleged.

Art's pieces to Giftco to be copied has not yet been answered.

Cathedral Art joined these distributors to this lawsuit in Rhode Island because these distributors were known to have ties to Rhode Island. Nevertheless, five out of seven of the distributors named in this action have moved for dismissal claiming that the Court does not have personal jurisdiction over them. The affidavits filed for each defendant, however, are disingenuous at best. Elements of them are demonstrably inaccurate, that which is omitted is as important as that which is said, and the supposedly exculpatory statements in each must be read narrowly and with considerable care.[2]

## III. ARGUMENT

### A. Defendants' Affidavits Are Unreliable.

The defendants' affidavits do not deny that they sold quantities of one or more of the infringing styles, only that they sold any *into* Rhode Island. In fact, that is the limit of the statements of any of the affidavits. The denial of Rhode Island activity is confined to a denial of *sales* into Rhode Island as well as a denial of other specific instances of business activity, such as ownership of real property and maintenance of employees here. At best, the denials leave a lot to the imagination.

Four of the five defendants state that they have sold no products into the State of Rhode Island in the last several years. Great American states only that it has not had Rhode Island business activity "during 2006 and 2007."[3] Therefore, the defendants conclude, they "have not derived any revenue" from Rhode Island business activity. (*Profit Affidavit* ¶6;

---

2 References to defendants' affidavits are to the sworn statements submitted by the defendants with the Motion to Dismiss on October 5, 2007, specifically: the Affidavit of Robert E. Corley (defendants' Exhibit C)( "*Great American Affidavit*"); the Affidavit of C. David Kleinhenn (defendants' Exhibit E)( "*Kleinhenn Affidavit*"); the Affidavit of Anthony Lombardi, Jr. (defendants' Exhibit A)( "*Sunshine Fund Raising Affidavit*"); and, the Affidavit of Anthony Clemente (defendants' Exhibit B)( "*Clemente Affidavit*").

3 *See Great American Affidavit,* ¶ 6. *Not* stated is what business activity Great American conducted in Rhode Island *before* 2006.

*Sunshine Find Raising Affidavit* ¶6; *Clemente Affidavit* ¶6; *Great American Affidavit* ¶6). That statement, even as qualified by Great America, is simply not accurate.

Each of the five defendants seeking dismissal are current or recent purchasers of products from Cathedral Art, and have made substantial payments to Cathedral Art over the last several years – Great American, $159,272 since the year 2000; Clemente Novelties, $4,641 in 2006; Sunshine Fund Raising, $4,031; Profit+, $3,417 in 2006; and Kleinhenn Company, $131,361 since 2000. *See Affidavit of Leo A. Tracey,* (*"Tracey Affidavit"*), attached to this Memorandum as *Exhibit A,* at ¶ 4. Attached to the *Tracey Affidavit* are copies of a representative sample of some of the invoices sent to the defendants, who in turn paid them in return for product received from Cathedral Art. *Tracey Affidavit*, ¶ 6. Assuming the defendants didn't simply give away the more than $302,722 worth of Cathedral Art goods they collectively purchased, they indeed derived revenue -- from the resale of the products obtained from Rhode Island, wherever those sales might have occurred. A finding of general jurisdiction ought not be premised on *sales into* a jurisdiction only. The defendants' affidavits are silent on other business with Rhode Island entities including but not limited to purchases of other gift items from other Rhode Island jewelry and gift manufacturers and designers.

1. <u>Great American's Affidavit Is Materially Inaccurate, and Great American Is Still Selling an Accused Product.</u>

First, the affidavit submitted by Great American is unpersuasive on its face. The list of activities it claims *not* to have engaged in is limited to the years 2006 and 2007 only.[4] Not unexpectedly, Great American does *not* reveal its Rhode Island contacts and activities *prior to* 2006. (Information from Giftco contained in initial discovery indicates it began selling the

---

[4] *Great American Affidavit*, ¶ 6.

infringing products in early 2006.) More importantly, several affirmative statements contained in Great American's affidavit are simply false.

Great American in its affidavit makes the unreserved claim concerning its internet website that:

> With respect to the general public, the GAO Website principally provides basic information about the company and its products. The GAO website does not reference Rhode Island or target citizens of Rhode Island in any way.

*Great American Affidavit,* ¶ 8. That statement is demonstrably false. Great American's "online store" in fact lists dozens – possibly hundreds – of Rhode Island schools and institutions as available to receive "donations" from a user's on-line purchase. Attached as the first page of *Exhibit B* is a partial view of the drop-down list of the 38 schools listed under the city of Warwick alone. Another dozen or so are listed for Cumberland (*See Exhibit B*, p. 2), and another eight for Middletown. (*Exhibit B*, p. 3). A purchase made on the website generated a donation pledged to the Kennedy Elementary School PTO in Middletown. *See Exhibit B*, p. 4.[5] This belies the claim that Great American does not so much as reference Rhode Island; to the contrary, Great American has apparently compiled and maintains an extensive database of Rhode Island institutions for use on and by its internet website.

It also belies the statement that members of the general public can't order products from the Great American website because it is simply unavailable to the "general public:"

> A member of the general public could not order a product from the GAO Website as it requires a pass code to do so. Only customers' family and friends receive pass codes.... The GAO Website does not permit registration nor permit users to sign-up. Although certain portions of the GAO Website are interactive in nature, the interactive portions are primarily not available to

---

5 The *gafundraising.com* website generated an extensive list of Rhode Island schools and institutions for each of several cities and towns inputted.

> the general public and requires a password or code furnished by a GAO customer to be accessed.

*Great American Affidavit,* ¶¶ 8-9. The documents included at *Exhibit B* plainly reveal that the website *is* fully interactive, *does* permit users to register, and *does* generate sales to the "general public."

Further, Great American is *still* advertising one of the infringing styles for sale, on the internet and in at least one sales catalog. The Ribbon Bookmark, the first accused product cited in the Amended Complaint served on Great American in July, and of which Great American was supposedly notified by Giftco sometime during the year before that, is still featured and advertised on page 17 of the Great American "'Tis the Season" holiday catalog. Pages showing the accused Ribbon Bookmark, the catalog, and its current depiction on the *gafundraising.com* website are also attached at *Exhibit B*. This constitutes willful infringement by Great American, coming months after being served with a summons and verified complaint in this action and, supposedly, a year or more after receiving notice from Giftco that certain items it had sold were allegedly copyright infringements.

2. <u>Kleinhenn's Affidavit Is Materially False, and Kleinhenn Is Still Advertising and Selling Infringing Items</u>

Kleinhenn's affidavit must also be viewed as wholly unreliable as it is itself internally contradictory and plainly wrong. First, Kleinhenn states that "none of Kleinhenn's customers are located in Rhode Island,"[6] but then goes on to admit that it has sold to customers in Rhode Island through its "nationwide mail and web order business" known as "Cheerful House."[7] Kleinhenn is quick to claim that it has never sold any of the *accused* items to Rhode Island customers. That claim, if accurate, is apparently entirely fortuitous. Kleinhenn

---

6 *Kleinhenn Affidavit,* ¶ 5, ln. 9.
7 *Kleinhenn Affidavit,* ¶ 5, lns. 13-14.

is in fact still advertising two of the allegedly infringing pieces, one through a catalog and another through its "nationwide mail and web order business," Cheerful House.

Attached as *Exhibit C* is a current screen shot from Kleinhenn's *Kleinhenn.com* website featuring the Giftco Ribbon Bookmark for sale in Kleinhenn's "Reflections of Spring" catalog. There is no mention of the Reflections catalog in Kleinhenn's affidavit, and there is no statement as to the numbers of Reflections catalogs in circulation or where or to whom they and other Kleinhenn catalogs were distributed. Moreover, Kleinhenn is still selling one of the accused styles through at least one of its websites -- amazingly, as a "closeout" item. Also attached at *Exhibit C* is a screen shot from Kleinhenn's *cheerfulhouse.com* website offering the Giftco Heart Visor Clip, one of the pieces in suit. Also attached thereto is a receipt for the recent purchase of that item. This activity constitutes willful infringement by Kleinhenn, coming months after being served with a summons and verified complaint in this action and, supposedly, a year or more after receiving notice from Giftco that certain items it had sold were allegedly copyright infringements.

In admitting to "sporadic" sales to Rhode Island mail order customers, Kleinhenn provides no detail. Notably, though making the conclusory statement that it doesn't "market to Rhode Island," Kleinhenn fails to report the number of catalogs it has shipped to customers or prospective customers in Rhode Island, including catalogs that may contain and depict the accused styles.

3. <u>Contrary to The Statements In Its Affidavit, The Sunshine Fund Raising Website Is Indeed Interactive.</u>

The Affidavit of Sunshine Fund Raising states that its website, *www.sellcandy.com*, is "designed and targeted only for the use of Sunshine's customers," and that Sunshine has no

customers in Rhode Island.[8] It also states, however, that the website "does not permit registration or permit users to sign up," "permits little or no interactivity,"[9] and specifically that: "[a] member of the general public could not order a product from the Sunshine Website."[10] Those claims are simply wrong. The website is fully interactive, displays products, and allows individual users to make purchases by credit card. A credit card purchase was made from the *www.sellcandy.com* website by a user who simply and easily "signed up" merely by entering shipping and billing information. Attached as *Exhibit D* is evidence of the purchase made via the Sunshine Fund Raising website.

4. Contrary to The Statements In Its Affidavit, The Clemente Website Is Not Operative.

Defendant Clemente claims in its affidavit that it operates a website located at the internet address *www.clementefundraising.com* that is "essentially" passive in nature. As of this writing, the website is non-existent. *See Exhibit E.* Contrary to its affidavit, only a place-holder exists at the website address. Clemente has removed any basis for checking its statements concerning its website or any contents of the website.

**B. This Court May Properly Exercise Jurisdiction Over These Defendants.**

The legal standard in a jurisdiction challenge is well-established. Whether a federal court has jurisdiction over a particular out-of-state defendant depends on two inquiries:

> (1) whether the mandates of the forum state's long-arm statute have been satisfied, and (2) whether the defendant has been hailed into the particular court in accordance with the due process clause of the Fourteenth Amendment to the United States Constitution.

*Levinger v. Matthew Stuart & Co., Inc.*, 676 F. Supp. 437, 439 (D.R.I. 1988). Because the Rhode Island Supreme Court has held that the state's long-arm statute reaches to the full

8 *Sunshine Fund Raising Affidavit*, ¶ 8.
9 *Sunshine Fund Raising Affidavit*, ¶ 10.
10 *Sunshine Fund Raising Affidavit*, ¶ 9.

extent allowed by the Fourteenth Amendment, *Conn v. ITT Aetna Finance Co.*, 105 R.I. 397, 252 A. 2d. 184, 186 (R.I. 1969), it is necessary only to look at the second criterion, whether due process has been satisfied. *Levinger,* 676 F.Supp. at 437; *Morel v. Estate of Davidson, et al.*, 148 F.Supp.2d 161, 166 (D.R.I. 2001).

Due process demands minimum contacts between a nonresident defendant and the forum such that maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The court's jurisdiction may be either "general" or "specific," depending on the facts and circumstances presented.

**1. <u>General Jurisdiction Exists Over the Distributor Defendants</u>.**

In order to be subject to the general jurisdiction of a federal court, a defendant must have had "continuous and systematic" contacts with the forum state. *Microfibres, Inc. v. Michelle McDevitt-Askew*, 20 F. Supp. 2d 316, 320 (D. R.I. 1998), citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "General jurisdiction is obtained when a defendant engages in activities that are so substantial and of such a nature that they will justify a lawsuit against her on causes of action distinct from those activities." *Id.*. "Because being subject to a state's general personal jurisdiction means that a foreign defendant can be forced to defend a suit regarding any issue in that state, the standard for establishing general jurisdiction is by no means perfunctory." *Morel v. Estate of Davidson*, 148 F.Supp.2d 161, 166 (D. R.I. 2001).

All defendants seeking dismissal report that they sell products to a broad audience of customers and potential customers; none provides information concerning their purchases or other business transactions, some of which are known to have involved the plaintiff in Rhode

Island. *See Tracey Affidavit*. Each defendant sells, in part, by way of product catalogs; none provides information concerning their mailing or catalog distribution lists. Plaintiff suggests that the product purchases from and series of payments made to Cathedral Art are themselves sufficient to give rise to a finding of general jurisdiction. At a minimum, given the unreliable nature of the claims set forth in defendants' affidavits, plaintiff ought to be afforded the opportunity to conduct limited jurisdictional discovery upon any defendant over whom the court might be disinclined to find jurisdiction on the present state of the record.

**2. <u>Specific Jurisdiction Exists Over the Distributor Defendants</u>.**

When general jurisdiction is not present, the court may then examine the question of specific jurisdiction. "A court has specific jurisdiction over a defendant when the harm complained of by the plaintiff resulted directly from the defendant's contact with the forum state." *Morel*, 148 F.Supp.2d at 164. In addressing the issue of specific jurisdiction, the court must apply a three-prong test:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Microfibres*, 20 F.Supp.2d at 320. The analysis has an additional overlay in the case of copyright and/or trademark infringement.

Cathedral Art, through counsel, notified Giftco in July 2006 of its claims that Giftco's products infringed Cathedral Art's intellectual property rights. Suit was filed thereafter. In a pretrial conference in this matter held on May 9, 2007, Thomas Dee, *pro hac vice* counsel representing Giftco at that time, stated that Giftco had provided notice to its distributors

concerning Cathedral Art's claims *vis a vis* these products. The unavoidable inference is that, at least as of the time of that notice, any further reproduction, advertising, or sales of the accused products, if found to be infringement, would have been intentional.[11]

a. Defendants' Infringing Activity Satisfies the Relatedness Prong.

"[A] defendant need not be physically present in the forum state to cause injury (and thus 'activity' for jurisdictional purposes) in the forum state." *Subsalve USA Corporation v. Watson Manufacturing, Inc.*, 392 F.Supp. 2d 221, at 222 (D.R.I. 2005), quoting *Northern Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005). Allegations of infringement by way of an internet website satisfies the relatedness requirement of the jurisdictional analysis. *Swarovski Optik North America Limited v. Euro Optics, Inc.*, 2003 U.S. Dist. LEXIS 14881 (D. R.I. 2003) (Report and Recommendation of Magistrate Judge Robert W. Lovegreen, noting that "relatedness" is a "flexible, relaxed standard.")[12] Here, the allegations are that the defendants published and sold one or more pieces of three styles, all of which infringe plaintiff's copyright rights and one of which infringes plaintiff's trademark rights. The injury to Cathedral Art in Rhode Island, especially after the defendants were given notice of Cathedral Art's claims by Giftco or otherwise, satisfies the relatedness prong of the analysis.

b. The Defendants' Intentional Conduct Evidences Their Purposeful Availment.

The purposeful availment question focuses on the deliberateness of the defendant's actions. The focus is on "voluntariness and foreseeability" of being subjected to a forum's

---

[11] It is a violation of a copyright owner's rights simply to make copies of the work or to display the work publicly without permission. 17 U.S.C.A. §106(1) and (5).

[12] The Report and Recommendation cites several other decisions for similar propositions: *McBee v. Delicia Co., No. 02-198,2003 U.S. Dist. LEXIS 6123, at *10-12 (D. Me. April 14, 2003)* (Magistrate Judge Report and Recommendation), aff'd, *2003 U.S. Dist. LEXIS 11708 (D. Me. July 9, 2003)*; *Northern Light Tech., Inc. v. Northern Lights Club, 97 F. Supp. 2d 96, 106 (D. Mass. 2000)*, aff'd on other grounds, *236 F.3d 57 (1st Cir. 2001)*; *Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44 (D. Mass. 1997).*

court's. *Brian Jackson & Company v. Eximias Pharmaceutical Corp.*, 248 F.Supp.2d 31, 35-36 (D.R.I. 2003). Courts, however, recognize the "limited relevance" of the purposeful availment analysis in tort cases. *See Thompson Trading, Ltd. v. Allied Lyons, PLC*, 123 F.R.D. 417, 426 (D.R.I. 1989)("one committing a tort in a forum does not purposefully avail himself of the benefits and protections of its laws, since such laws are not supporting and protecting his illegal activities"). As this court observed:

> Instead, due process requires that a defendant have "fair warning" that his activity may render him amenable to suit in a foreign forum... The "fair warning" requirement is met if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."…. Indeed, the general rule in this circuit holds that where a defendant's out-of-forum actions intentionally cause tortious injury in the forum, jurisdiction will obtain for claims arising from that injury. *Hugel v. McNell,* 886 F.2d 1, 4 (1st Cir. 1989) (discussing *Calder v. Jones,* 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984)).

*Northeastern Land Services, Ltd. v. Schulke*, 988 F. Supp. 54, 59 (D.R.I. 1997)(other internal citations omitted).

Cases rely upon the so-called "*Calder* effects test." In *Calder v. Jones*, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984), the United States Supreme Court held that the publishers of an article about actress Shirley Jones, where it was known that she lived and worked in California and would suffer any injury resulting from the article in California, should reasonably have anticipated being sued over those statements in California. 465 U.S. at 789-80. *See Hugel v. McNell*, 886 F.2d 1, 4 (1st Cir. 1989), citing *Calder* ("The knowledge that the major impact of the injury would be felt in the forum State constitutes a purposeful contact or substantial connection whereby the intentional tortfeasor could reasonably expect to be haled into the forum State's courts to defend his actions.")

The same principle has been applied in the website-trademark infringement context. "Web-sites are modern analogs of national publications; potentially innumerable 'copies' can be (and are) regularly 'distributed' wherever there is access to the World-Wide Web." *Digital Equip. Corp. v. Altavista Tech., Inc.*, 960 F.Supp. 456, 470 (D. MA. 1997)(noting "[w]here the case involves torts that create causes of action in a forum state (even torts caused by acts done elsewhere), ... the threshold of purposeful availment is lower") *Id.* at 469.

Here, notice of Cathedral Art's claims was given to Giftco in July 2006, and Giftco reportedly gave notice to the defendant distributors thereafter. Their actions in continuing to publish and sell the accused styles constitutes intentional conduct, purposefully directed at Cathedral Art in Rhode Island, satisfying the purposeful availment prong of the jurisdictional analysis.

c. <u>It Is Fair and Reasonable to Exercise Jurisdiction Over All Defendants Under the Circumstances Presented – the Gestalt Factors</u>.

The gestalt factors, used to determine the "fairness and reasonableness" of asserting jurisdiction, are "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; (5) the common interests of all sovereigns in promoting substantive social policies." *Brian Jackson*, 248 F.Supp.2d at 37.

<u>Defendant's Burden of Appearing</u>. The defendants seeking dismissal complain that they face additional burden litigating in Rhode Island. However, thus far all defendants are utilizing the same legal counsel, including a Providence-based law firm and Giftco's

litigation counsel, which is based in Chicago, Illinois. It is difficult to see how simply sending Giftco's counsel (and plaintiff's counsel) to other jurisdictions to deal with separate suits and hire separate local counsel will be any less burdensome than litigating these common matters here. Moreover, it has been observed that "the concept of burden is inherently relative, and, insofar as staging a defense in a foreign jurisdiction is almost always inconvenient and/or costly, we think this factor is only meaningful where a party can demonstrate some kind of special or unusual burden." *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994). The defendants seeking dismissal have shown no special or unusual burden.

Forum state's interest in adjudicating. Cathedral Art is a Rhode Island company, the works over which Cathedral Art claims copyright and trademark protection were created in Rhode Island, and the damage done to Cathedral Art is and will be felt here. Someone appropriated each of the three styles at issue and copied them; it is not yet known precisely where or how that happened. Rhode Island courts have a strong and legitimate interest in protecting the rights of its citizens who have been legally wronged. *See Microfibres, Inc. v. Squires Hightech Corp.*, 2006 U.S. Dist. LEXIS 7914, 25-26 (D.R.I. 2006)("In determining Rhode Island's interest in adjudication, this court should assess its legitimacy and 'not … compare [its] interest to that of some other jurisdiction ….') quoting *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 151 (1st Cir. 1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 483 n.26, 105 S.Ct. 2174, 2188 n.26, 85 L.Ed.2d 528 (1985), for the proposition that two forums may simultaneously have legitimate interests in the dispute's resolution).

Plaintiff's interest in obtaining convenient and effective relief. The styles Giftco produced were sold to distributors in thirty-two (32) states. Rather than indemnifying its

distributors for liabilities arising from its distributors' sales of infringing pieces, Giftco's position has been to require Cathedral Art to pursue each distributor. It is obviously far more cost effective and convenient for Cathedral Art (and for the defendants, collectively, for that matter) to maintain fewer lawsuits in fewer courts to recover for the alleged infringements common to all defendants. Additionally, plaintiff has the burden of proving its creation of the works, its ownership thereof, and the damages it has incurred. Presently, plaintiff's witnesses are all located in Rhode Island, as is the physical evidence concerning the works at issue. Moreover, a court should generally "accord plaintiff's choice of forum a degree of deference in respect to the issue of its own convenience." *Pritzker*, 42 F.3d at 64, citing *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 211 (1st Cir. 1994).

Judicial system's interest in obtaining the most effective resolution. At least two of the defendants seeking dismissal are still advertising some of the accused pieces. Plaintiff is entitled to injunctive relief as well as damages. After disseminating tens of thousands of pieces into the marketplace and refusing to pay damages for the sales of its distributors, Giftco is apparently now providing common defense counsel to them and attempting to have them dismissed from the litigation. If plaintiff is compelled to file separate actions for each of these defendants, each presumably would have a separate opportunity to conduct its own discovery, including depositions, of plaintiff's representatives. The judicial system has an interest in providing a meaningful, effective, and efficient resolution to this matter in a single action as opposed to five additional actions in five additional jurisdictions.

Common interests of all sovereigns. All sovereigns have an interest in providing the most efficient remedy to address what the plaintiff alleges is a clear case of intentional copying. All sovereigns have a common interest in protecting the creative works of their

citizens and guarding against illicit copying. All sovereigns certainly have an interest in guarding against the risk of inconsistent verdicts. The risk of inconsistent verdicts is heightened if the issues of copyright and trademark infringement common to all defendants has to be tried separately in several different actions. The most efficient remedy can be provided by keeping the litigation intact, involving all presently-named parties, in one jurisdiction.

As jurisdiction exists, venue exists as each of the defendants may be found in this jurisdiction. 28 U.S.C. § 1391(b).

## IV. CONCLUSION

The central issue is a jurisdictional analysis is fundamental fairness. As exercising jurisdiction over the defendants would be fundamentally fair, for the reasons stated herein, plaintiff, Cathedral Art Metal Co., Inc., hereby respectfully requests that this court exercise its personal jurisdiction over each of the named defendants, denying the motion to dismiss and ordering that each defendant file a full and complete answer to the Amended Complaint within ten (10) days.

Dated: October 22, 2007

CATHEDRAL ART METAL CO., INC.

By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2007, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel, Esq.

TRN/