**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 06-465 T |
| | : | |
| GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>FUND RAISING PRODUCTS, INC.,<br>GREAT AMERICAN OPPORTUNITIES,<br>INC., KLEINHENN COMPANY, INC<br>SUNSHINE FUND RAISING CORP.,<br>CLEMENTE NOVELTIES, INC.,<br>PROFIT+, INC., and other known<br>and unknown Giftco Distributors<br>Defendants | : | |

**MOTION FOR STAY OF DISPOSITION OF DEFENDANTS' MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY**

The plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral Art"), hereby moves for a stay of disposition of defendants' *Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue* pending limited jurisdictional discovery, and seeks permission of the court to conduct limited discovery aimed at the jurisdictional challenge. Cathedral Art further relies on its accompanying memorandum.

Pursuant to LR Cv 7(e), Cathedral Art requests oral argument on this Motion and states that it believes oral argument of approximately fifteen (15) minutes for each side will be sufficient.

Dated: October 23, 2007

CATHEDRAL ART METAL CO., INC.
By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff<br><br>v.<br><br>GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>FUND RAISING PRODUCTS, INC.,<br>GREAT AMERICAN OPPORTUNITIES,<br>INC., KLEINHENN COMPANY, INC<br>SUNSHINE FUND RAISING CORP.,<br>CLEMENTE NOVELTIES, INC.,<br>PROFIT+, INC., and other known<br>and unknown Giftco Distributors<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>C.A. No. 06-465 T |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR STAY OF DISPOSITION OF DEFENDANTS' MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY</u>**

The plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral Art") submits this Memorandum in support of its *Motion for Stay of Disposition of Defendants' Motion to Dismiss*.

**<u>Background</u>**

This action alleges copyright and trademark infringement against a number of defendants who, alone or in conjunction with one or more of the other defendants, or other parties, are alleged to have copied, advertised, sold, and distributed three ornamental gift items created by Cathedral Art. Defendant Giftco, Inc. ("Giftco"), one of the nation's largest providers of fundraising gift items, caused to be manufactured and sold to its distributors tens of thousands of copies of the infringing items. The defendants moving for dismissal are distributors of Giftco products, including one or more of the

infringing styles. Cathedral Art joined these distributors to this lawsuit in Rhode Island because these distributors were known to have ties to Rhode Island. Nevertheless, five out of seven of the distributors named in this action have moved for dismissal claiming that the Court does not have personal jurisdiction over them.[1] Cathedral Art now moves for a stay of disposition of these defendants' *Motion to Dismiss* in order to conduct limited jurisdictional discovery, as detailed below.

**Argument**

As plaintiff, Cathedral Art bears the burden of establishing jurisdiction, and can sustain that burden with properly supported proffers of evidence. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618-19 (1st Cir. 2001). Cathedral Art suggests that there already exists sufficient basis for this court to exert personal jurisdiction over all defendants, and has filed an Objection to the Motion to Dismiss.[2] It appears likely nevertheless that limited jurisdictional discovery will uncover additional facts relevant to the jurisdictional analysis to support the court's jurisdiction, and will clarify or contradict factual assertions made by the moving defendants in support of their *Motion to Dismiss*.

A trial court has broad discretion to decide whether jurisdictional discovery is required. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d at 626. It is clear, however, that the exercise of discretion ought to be an informed one. "[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." *Sunview Condominium Ass'n v.*

---

[1] The five defendants are Great American Opportunities, Inc., Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit+, Inc., and are hereinafter collectively referred to as the "moving defendants."

[2] See Plaintiff's Objection to Motion to Dismiss dated October 22, 2007.

*Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997); *see also United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 45 (1st Cir. 1999) ("A timely and properly supported request for jurisdictional discovery merits solicitous attention."); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255 (1st Cir. 1966) ("A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery."). In *Surpitski*, the Court of Appeals held that it was an abuse of discretion *not* to allow discovery before ruling on a motion to dismiss for want of personal jurisdiction where the plaintiff had been diligent and was somewhat unfamiliar with his adversary's business practices. *Id.* at 255-56.

In their motion to dismiss and supporting affidavits, the moving defendants make blanket, conclusory statements that they have limited Rhode Island contacts, but those statements are incomplete, internally contradictory, and demonstrably inaccurate in several respects. That which is not stated in the affidavits may be as significant as the limited statements denying Rhode Island contacts.

For example, four of the five defendants seeking dismissal claim that they have sold no products into the State of Rhode Island in the last few years. From this they state that they "have not derived any revenue" from Rhode Island activity. (See *Great American Affidavit*, ¶6; *Sunshine Fund Raising Affidavit*, ¶6f; *Profit+ Affidavit*, ¶6; and *Clemente Affidavit*, ¶6).[3] In fact, each of the five defendants seeking dismissal are current or recent purchasers of products from Cathedral Art, and have made substantial

---

[3] References to defendants' affidavits are to the sworn statements submitted by the defendants with their Motion to Dismiss on October 5, 2007, specifically: the Affidavit of Robert E. Corley (defendants' Exhibit C)( "*Great American Affidavit*"); the Affidavit of C. David Kleinhenn (defendants' Exhibit E)( "*Kleinhenn Affidavit*"); the Affidavit of Anthony Lombardi, Jr. (defendants' Exhibit A)("*Sunshine Fund Raising Affidavit*"); and, the Affidavit of Anthony Clemente (defendants' Exhibit B)( "*Clemente Affidavit*").

payments to Cathedral Art in Rhode Island over the last several years. *See Affidavit of Leo A. Tracey,* attached hereto as *Exhibit A*, ¶ 4. Assuming the defendants didn't simply give away the more than $302,722 worth of Cathedral Art goods they collectively purchased, they indeed "derived revenue" from the resale of the products obtained from Rhode Island.[4]

The affidavit submitted by defendant Great American denies Rhode Island contacts but limits that denial to the years 2006 and 2007 only. Great American Affidavit, ¶6. Great American does *not* reveal its Rhode Island contacts and activities *prior to* 2006, when the allegedly infringing activity is believed to have started. Cathedral Art ought to be entitled to inquire into Great American's jurisdictional contacts with Rhode Island prior to 2006.

Further, Great American in its affidavit makes the unreserved claim concerning its internet website that:

> With respect to the general public, the GAO Website principally provides basic information about the company and its products. The GAO website does not reference Rhode Island or target citizens of Rhode Island in any way.

*Great American Affidavit,* ¶ 8. That statement is simply false. Great American's "online store" in fact lists dozens – possibly hundreds – of Rhode Island schools and institutions as available to receive "donations" from a user's on-line purchase. Attached as the first page of *Exhibit B* is a partial view of the drop-down list of 38 schools listed under the city of Warwick alone. Another dozen or so are listed for Cumberland (*Exhibit B*, p. 2), and

---

[4] While repeatedly characterizing themselves as "small" companies, the moving defendants fail to disclose any revenue or income figures. *See Defendants' Memorandum in Support of Motion to Dismiss*, at 4, 14. Thus, absent discovery, the plaintiff and the Court are left to guess whether these purchases, ranging from several thousand to well over a hundred thousand dollars, and the resulting revenue derived from the sale of the Cathedral Art products, comprised a significant portion of the moving defendants' revenue and business operation. *Defendants' Memorandum in Support of Motion to Dismiss*, at 4

another eight for Middletown. (*Exhibit B*, p. 3). A purchase made on the website generated a donation pledged to the Kennedy Elementary School PTO in Middletown. *See Exhibit B*, p. 4.[5] Contrary to its affidavit claims, Great American does in fact "refer to Rhode Island" and has apparently compiled an extensive list of Rhode Island institutions for use on and by its internet website.

Also false is Great American's statement that members of the general public can't order products from the Great American website because it is simply unavailable to the "general public."[6] The documents included at *Exhibit B* include evidence of a purchase made on the website by a previously unaffiliated user and plainly reveal that the website *is* fully interactive, *does* permit users to register, and *does* generate sales to the "general public."

By way of further example, defendant Kleinhenn first states that "none of Kleinhenn's customers are located in Rhode Island,"[7] but Kleinhenn then goes on to admit that it has sold to customers in Rhode Island through a "nationwide mail and web order business" known as "Cheerful House."[8] Kleinhenn is in fact still advertising two of the allegedly infringing pieces, one through a catalog and another through its "nationwide mail and web order business," Cheerful House. Attached as *Exhibit C* is a current screen

---

5 The *gafundraising.com* website generated an extensive list of Rhode Island schools and institutions for each of several cities and towns inputted.

6 Great American claims that:

> A member of the general public could not order a product from the GAO Website as it requires a pass code to do so. Only customers' family and friends receive pass codes…. The GAO Website does not permit registration nor permit users to sign-up.

*Great American Affidavit*, ¶¶ 8-9.

7 *Kleinhenn Affidavit*, ¶ 5, ln. 9.

8 *Kleinhenn Affidavit*, ¶ 5, lns. 13-14.

shot from Kleinhenn's *Kleinhenn.com* website featuring the Giftco Ribbon Bookmark for sale in Kleinhenn's "Spring Reflections" catalog. There is no mention of the Spring Reflections catalog in Kleinhenn's affidavit, and there is no statement as to the numbers of Spring Reflections catalogs in circulation or where or to whom they and other Kleinhenn catalogs were distributed. Kleinhenn is still selling another of the accused items through at least one of its websites -- amazingly, as a "closeout" item. Also attached at *Exhibit C* is a screen shot from Kleinhenn's *cheerfulhouse.com* website offering the Giftco Heart Visor Clip. Also attached is evidence of a recent sale of the infringing piece by Kleinhenn.

Like Great American, the Affidavit of Sunshine Fund Raising states that its website, *www.sellcandy.com*, is "designed and targeted only for the use of Sunshine's customers." *Sunshine Affidavit* ¶ 8. It also states that the website "does not permit registration or permit users to sign up," "permits little or no interactivity," and that: "[a] member of the general public could not order a product from the Sunshine Website." *Sunshine Affidavit*, ¶¶ 9-10. Those claims are simply wrong. The website is fully interactive, displays products, and allows individual users to make purchases by credit card. Attached as *Exhibit D* is evidence of a credit card purchase by a user who simply and easily "signed up" merely by entering shipping and billing information via the Sunshine Fund Raising website.[9]

Defendant Clemente claims in its affidavit that it operates a website located at the internet address *www.clementefundraising.com* that is "essentially" passive in nature. As

---

[9] Defendant Kleinhenn makes a similar inaccurate claim that its website is designed and targeted only for the use of its customers, and principally provides information about the company and its products. Kleinhenn *Affidavit*, ¶¶ 9-10. The purchase documents attached as part of *Exhibit C* demonstrate otherwise.

of this writing, the website is non-existent. *See Exhibit E*. Cathedral Art has no avenue, outside of jurisdictional discovery on Clemente, for checking whether Clemente's statements are accurate, or whether they were accurate prior to the lawsuit. The same may be said of Profit+.

**Conclusion**

Cathedral Art has the burden of proving that the Court has jurisdiction over each of the defendants, and must meet that burden by putting forth facts and affirmative proof. *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). Those facts are within the possession of the defendants who are seeking dismissal, and Cathedral Art must be permitted to discover and probe those facts, and challenge the claims set forth in defendants' affidavits.

As an issue of fairness and for the reasons cited, Cathedral Art seeks discovery reasonably limited to jurisdictional facts and issues that will inform the jurisdictional challenge set forth by the moving defendants. Cathedral Art submits that it will not constitute legal prejudice to any party for the Court to make the correct determination on the jurisdictional issue on a fully-informed basis.

Issues worthy of preliminary discovery include, but are not limited to: (1) the nature, scope, and extent of the moving defendants' marketing efforts, including the distribution of catalogs and materials and operation of their internet websites, and their reach into Rhode Island; (2) the moving defendants' other business contacts and communications with and within Rhode Island for a reasonable period of time prior to the filing of this lawsuit; and (3) facts supporting the inference that the moving defendants knew of and intentionally targeted the products of a Rhode Island company.

Dated: October 23, 2007

CATHEDRAL ART METAL CO., INC.
By Its Counsel,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel