UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATHEDRAL ART METAL CO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.<br><br>New Defendants. | C.A. No. 06-465T |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY DISPOSITION OF DEFENDANTS' MOTION TO DISMISS PENDING LIMITED JURISDICTIONAL DISCOVERY**

Defendants Great American Opportunities, Inc. ("G.A.O"), Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine"), Clemente Novelties, Inc. ("Clemente"), and Profit +, Inc. ("Profit") hereby submit this Response to Plaintiff's Motion to Stay Disposition of Defendants' Motion to Dismiss Pending Jurisdictional Discovery:

On October 5, 2007, the above Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. The basis for their Motion is quite simple: they are not based in Rhode Island, nor do they transact regular business with Rhode Island individuals or entities based in Rhode Island. They also never purchased the allegedly infringing items from Rhode Island, nor did they sell any such items to persons located in Rhode Island. Given this reality, it is improper and unjust to drag them across the country into a Rhode Island court, especially when Plaintiff is perfectly free to raise these identical claims in the local jurisdictions where they reside.

However, there is no question that the burden of proving that personal jurisdiction exists over these Defendants falls squarely on the Plaintiff. Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 34 (D.R.I. 2003). First Circuit authority requires that the Plaintiff "must go beyond the pleadings and make affirmative proof" that jurisdiction exists. Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992). Therefore, while Defendants believe that Plaintiff's efforts at discovery will prove futile, Defendants do concede that the Plaintiff is entitled to take jurisdictional discovery so long as it is limited in nature to the specific questions concerning personal jurisdiction. Defendants also agree that disposition of the pending Motion to Dismiss should be stayed pending this jurisdictional discovery.

Moreover, Defendants would also note that the discovery requested by Plaintiff is not a one-way street. Because the Plaintiff intends to present factual averments to the Court to support its position, Defendants have an equal right to test those averments. For example, Leo Tracey, the President of Plaintiff Cathedral Art Metal Co. ("Cathedral"), has already submitted an affidavit that is attached as Exhibit A to Plaintiff's Motion to Stay. That affidavit broadly asserts that certain Defendants ordered products from Cathedral, however Defendants are entitled to inquire whether those few transactions rose to the level of being "extensive and pervasive" such that they could confer general jurisdiction. *See Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65, 75 (D.R.I. 1995). Furthermore, Plaintiff has attached documents where its counsel, Thomas Noel, purports to have purchased items from the Defendants' respective websites. Defendants are entitled to information as to how and when these orders were placed, as well as whether Plaintiff has any evidence of real consumers actually purchasing the infringing products in Rhode Island (aside from manufactured, after-the-fact transactions by its own counsel).

## CONCLUSION

For the foregoing reasons, Defendants acknowledge that First Circuit authority allows that Plaintiff be given the chance to take jurisdictional discovery, provided that such discovery is strictly limited to only those issues relevant to determining personal jurisdiction. Further, Defendants contend that the right to jurisdictional discovery is mutual for both Plaintiff and Defendants. Accordingly, Defendants respectfully request that the Court set a timetable for all parties to take only limited jurisdictional discovery, and set a deadline for Plaintiff to file its Opposition to Defendants' Motion to Dismiss following such discovery, and permit Defendants' opportunity to file a Reply to Plaintiff's Opposition.

GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., and PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
abufalino@vedderprice.com
tdee@vedderprice.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 2, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple