**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-465 T |
| GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>FUND RAISING PRODUCTS, INC.,<br>GREAT AMERICAN OPPORTUNITIES,<br>INC., KLEINHENN COMPANY, INC<br>SUNSHINE FUND RAISING CORP.,<br>CLEMENTE NOVELTIES, INC.,<br>PROFIT+, INC., and other known<br>and unknown Giftco Distributors<br>Defendants | : | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. PROCEDURAL HISTORY

On October 5, 2007, defendants Great American Opportunities, Inc. ("Great American"), Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine"), Clemente Novelties, Inc. ("Clemente"), and Profit+, Inc. ("Profit") (together, the "Moving Defendants"), filed a motion to be dismissed from the case claiming the court had no jurisdiction over them because they had no ties to the State of Rhode Island. Plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral Art"), knew that to be false because each of the defendants seeking dismissal in fact had done business with Cathedral Art, having purchased products from Cathedral Art for resale in amounts ranging from approximately $3,400 to more than $159,000 over the last few years.[1]

[1] Great American had purchased $159,272 worth of goods since the year 2000; Clemente Novelties, $4,641 in 2006; Sunshine Fund Raising, $4,031; Profit+, $3,417 in 2006; and Kleinhenn Company, $131,361 since 2000. *See Affidavit of Leo A. Tracey*, ("*Tracey Affidavit*"), attached to plaintiff's original Memorandum In Opposition to Motion to Dismiss, filed on or about October 22, 2007.

Moreover, Cathedral Art pointed out, the sworn statements in the Moving Defendants' affidavits were wholly unreliable and, in some instances and respects, simply false.[2] Cathedral Art requested and was given an opportunity to conduct limited jurisdictional discovery. Cathedral Art propounded jurisdictional interrogatories and requests for documents on November 9, 2007. Plaintiff's counsel received, on December 21, unsigned interrogatory answers and a partial production of documents from each. This Supplemental Memorandum will highlight new information received that the plaintiff believes further bolsters its earlier arguments that each of the Moving Defendants is subject to the court's jurisdiction.[3] Cathedral Art refers to its original memorandum objecting to the Motion to Dismiss and incorporates the legal arguments contained therein.

## II. ADDITIONAL FACTS DERIVED FROM JURISDICTIONAL DISCOVERY

### Kleinhenn

Kleinhenn averred in the affidavit submitted by its president in October that "none of Kleinhenn's customers are located in Rhode Island,"[4] but then went on to admit – without explanation as to the apparent internal contradiction -- that it has sold goods to customers in Rhode Island through a "nationwide mail and web order business" known as "Cheerful

---

[2] Despite statements to the contrary in the Moving Defendants' affidavits, Cathedral Art demonstrated that three of the defendants maintained interactive websites, two were still advertising and offering infringing styles on their websites, and at least one defendant maintained Rhode Island-based data and specifically offered transactions to benefit any of dozens or hundreds of Rhode Island schools. Cathedral Art refers the Court to its original Memorandum and incorporates each and every of the arguments and assertions therein.

[3] In December 2007, counsel for Great American notified counsel for plaintiff that Great American would concede the jurisdiction issue. Great American thereafter filed further papers stating that it had "discovered" "on or about December 10" additional facts that subjected Great American to jurisdiction.

[4] *Kleinhenn Affidavit,* ¶ 5, ln. 9. References to defendants' affidavits are to the sworn statements submitted by the defendants with the Motion to Dismiss on October 5, 2007, specifically: the Affidavit of C. David Kleinhenn ("*Kleinhenn Affidavit*"); the Affidavit of Anthony Lombardi, Jr.( "*Sunshine Affidavit*"); and the Affidavit of Anthony Clemente ( "*Clemente Affidavit*").

House."[5] At the time it made that sworn statement, Kleinhenn was in fact still advertising two of the allegedly infringing pieces, one through a catalog titled "Spring Reflections":



http://www.kleinhenn.com/spring_reflections8.html 10/18/2007

and another through "Cheerful House," as a "close-out" item:




http://cheerfulhouse.com/Merchant2/merchant.mv?Screen=PROD&Store_Code=S&Product_Code=171... 10/20/2007

Counsel in fact purchased and received an infringing visor clip from Kleinhenn's Cheerful

---

5 *Kleinhenn Affidavit*, ¶ 5, lns. 13-14. Kleinhenn was quick to claim that it has never sold any of the *accused* items to Rhode Island customers.

House website on October 24, 2007:

KLEINHENN COMPANY / CHEERFUL HOUSE
1522 MAIN ST
ANDERSON IN 800-334-1917 46016
(765) 644-9292 Fax: (765) 641-2295

DATE: 10/24/07
TIME: 15:55:14
ORDER #: 078272
** ORDER **

BILL TO: 311248
THOMAS NOEL

50 S MAIN ST
PROVIDENCE, RI 02903

(508)285-8326

SHIP TO: 000
THOMAS NOEL

50 S MAIN ST
PROVIDENCE, RI 02903

| St | Ord Date | Shp Date | Ship Via | Sub Acct | Cust Ord # | Slsman | Clk | Terms | CpPg |
|---|---|---|---|---|---|---|---|---|---|
| 0) | 10/24/07 | | UPS | INTERNET | 9845 | 0 | 04 | | 0201 |

| Item # | | Ordered | Description | Unit Prc | Ext. |
|---|---|---|---|---|---|
| ORDER | | ORDER | ORDER | ORDER | |
| 9960 | | 3 | PRTECT ANGEL VISOR CLIP | 3.00 | 9.00 |
| EA | 100 | | | 5.00 Rtl | |
| | | | VISA#07277 | | |
| 9963 | | 3 | YOU/SPECL HRT VISOR CLP | 3.00 | 9.00 |
| EA | 100 | | | 5.00 Rtl | |
| 1715 | | 3 | DRIVE SAFELY VISOR CLIP | 2.00 | 6.00 |
| EA | 4126001715 | | **** CLOSEOUT 2007 **** | 7.00 Rtl | |




Cathedral Art does not argue that this purchase by its counsel alone creates jurisdiction. The purchase does cast serious and significant doubt, however, on the other statements contained in Kleinhenn's affidavit contesting jurisdiction.

Kleinhenn has now produced other information supporting jurisdiction. The

Kleinhenn Affidavit made the conclusory statement that Kleinhenn doesn't "market to Rhode Island." (Kleinhenn Affidavit, ¶5) Kleinhenn has now produced, however, a print-out of what appears to be a customer list containing Rhode Island names and addresses. A true and accurate copy of the list (KL0382-KL0396) is attached hereto as *Exhibit A*. The list is otherwise unexplained by Kleinhenn, and there is no designation in Kleinhenn's Responses or Answers as to which discovery inquiry or inquiries these documents are responsive. Attached as *Exhibit B* is a compiled list (KL0001-KL0002) produced by Kleinhenn that apparently represents sales to customers in Rhode Island. This listing also is otherwise unexplained by Kleinhenn, and does not identify the products sold or what documents would actually evidence the sales contained on the listing, though such detail was requested. (See Interrogatory No. 3.)

Significantly, Kleinhenn also produced copies of certain Cheerful House catalogs, at least one of which ("Cheerful House – Christmas 2006") contains the infringing bookmark (KL0214). A true and accurate copy of certain pages is attached as *Exhibit C*. To the extent Kleinhenn mailed copies of this and other catalogs to recipients in this jurisdiction, they have indeed advertised and "marketed" to Rhode Island, and have done so for at least one of the infringing pieces. Though Cathedral Art had already cited the existence of the "Spring Reflections" catalog (containing another infringing piece) that was featured on Kleinhenn's Internet website, Kleinhenn produced no copies of any version of the "Spring Reflections" catalog, and absolutely no documents or data concerning the function or contents of any part of the Kleinhenn website.

In summary, Kleinhenn has purchased more than $131,000 worth of products from Cathedral Art over the last few years (See Tracey Affidavit), maintains a fully interactive

Internet website on which products – including two infringing styles – have been advertised and/or sold (including until at least October 2007), has admitted and provided some detail that it maintains customer or mailing lists containing Rhode Island names and addresses, has apparently shipped at least one catalog containing an infringing style into Rhode Island, and has provided some evidence of past sales to persons and entities in Rhode Island. On these facts, jurisdiction exists. The failure to provide other information and documents as requested ought to be taken against Kleinhenn for purposes of this motion.

**Clemente Novelties, Inc.**

Plaintiff had highlighted that the affidavits filed by the Moving Defendants' with their Motion to Dismiss were wholly silent on the existence of other business with Rhode Island entities aside from Cathedral Art, including but not limited to purchases of other gift items from other Rhode Island suppliers. In response to plaintiff's jurisdictional discovery, Moving Defendant Clemente produced 136 pages of invoices evidencing the purchase of approximately $110,000 worth of gift items from a Johnston, Rhode Island supplier, Waliga Imports & Sales, Inc., during 2006 and 2007. A representative sample (CL0091-CL0092) is attached hereto as *Exhibit D*. Unknown is the amount of purchased inventory, if any, from Waliga (or any other entity in Rhode Island) prior to 2006.

Additionally, Clemente's answers to interrogatories and responses to requests for production were subject to objections and appear to be incomplete. Asked in an interrogatory to identify all sales made to any person or entity in Rhode Island, Clemente answered that "all gatherable information responsive … is contained in the documents responsive to 'Request No. 1'" of plaintiff's jurisdictional requests for production. (Clemente Answer to Int. No. 3.) Nevertheless, though Clemente does not deny and, by way

of its response, even alludes to having made sales into Rhode Island, plaintiff can find no documents produced by Clemente either identified as responsive to Request No. 1 or evidencing sales into Rhode Island.

Moreover, Clemente provided ambiguous responses to several critical document requests. Asked for records of solicitations and advertisements (including catalogs and Internet sites) disseminated into Rhode Island (Request No. 4), correspondence, email, and other communications with any person or entity in Rhode Island (Request No. 8 and Request No. 11), documents of customer or mailing lists referencing Rhode Island addresses (Request No. 10), and records of Internet website activity by Rhode Island persons or computers (Request No. 14), Clemente responded, subject to objections, that "to the extent such documents exist, Clemente will produce documents responsive…" to the Request. Yet it appears Clemente has not done so, insofar as no documents produced reasonably fall into these requested categories. Plaintiff is attempting to clarify such responses from this defendant.

Even without more, however, Cathedral Art submits that Clemente's purchase of Cathedral Art products, coupled with the known quantity of $110,000 in purchases from at least one other supplier in Rhode Island, is sufficient to subject Clemente to this Court's jurisdiction. It can hardly be said that Clemente ought to be surprised at being haled into a court of law in this jurisdiction, regardless of its position *vis a vis* the alleged infringement of the specific products at issue.

**Profit and Sunshine**

The answers and responses of Profit and Sunshine to plaintiff's jurisdictional discovery still leave questions. Profit, for example, does not affirmatively deny that it

has documents evidencing purchases from other Rhode Island suppliers (Request No. 6) or payments thereto (Request No. 7), responding that it would produce them "to the extent such documents exist and can be identified." (Response to Request Nos. 6 and 7.) No documents received from counsel for the Moving Defendants appear to fit these Requests, however.

Sunshine maintains that it has never sold anything into Rhode Island nor purchased anything from Rhode Island, except, presumably, the goods from Cathedral Art summarized in plaintiff's original objection memorandum. Cathedral Art maintains, however, that the purchases of goods from Cathedral by Sunshine is sufficient to subject Sunshine to the Court's jurisdiction, especially when coupled with the fully interactive nature of Sunshine's *www.sellcandy.com* website. Sunshine had averred that the website "does not permit registration or permit users to sign up," "permits little or no interactivity,"[6] and specifically that: "[a] member of the general public could not order a product from the Sunshine Website."[7] The evidence submitted with Cathedral Art's original memorandum shows those claims to have been completely false. The website is fully interactive, displays products, and allows individual users to make purchases by credit card.[8]

## III. **CONCLUSION**

The central issue in a jurisdictional analysis is fundamental fairness. There is little question that any of the Moving Defendants could claim surprise or that it is fundamentally unfair to bring them into court in this jurisdiction given the level of business contacts and

[6] *Sunshine Fund Raising Affidavit*, ¶ 10.

[7] *Sunshine Fund Raising Affidavit*, ¶ 9.

[8] Evidence of a credit card purchase made on the *www.sellcandy.com* website by after simply and easily "signing up" was presented to the Court with Cathedral Art's original objection memorandum.

business each had with the State of Rhode Island. Cathedral Art respectfully requests that the court exercise personal jurisdiction over each of the named defendants, denying the motion to dismiss and ordering that each Moving Defendant file a full and complete answer to the Amended Complaint within ten (10) days.

Dated: January 10, 2008

CATHEDRAL ART METAL CO., INC.

By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2008, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel, Esq.

TRN/