UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO, INC.,

Plaintiff,

v.

C.A. No. 06-465T

GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.

New Defendants.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendants Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine"), Clemente Novelties, Inc. ("Clemente"), and Profit +, Inc. ("Profit") (collectively the "New Defendants") submit this Reply in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction and Rule 12(b)(3) for Improper Venue.

## INTRODUCTION

In an Objection long on rhetoric, but short on legal authority, Plaintiff Cathedral Art Metal Co., Inc. ("Cathedral") claims that "the central issue in a jurisdictional analysis is fundamental fairness." The New Defendants agree. Fairness dictates that imposing jurisdiction over the New Defendants, which are small companies in some cases doing business thousands of miles away, simply because they (like all businesses in the current times) operate a website or had occasion to order unrelated products from a Rhode Island supplier, would be unjust.

Cathedral's Objection and Supplemental Objection (hereinafter referred to collectively as

the "Objection"), in effect, attempts to shift Cathedral's jurisdictional burden upon the New Defendants. In so many words, the Opposition complains of the New Defendants failure to disprove jurisdiction, although well-accepted standards actually place the burden on Cathedral to prove jurisdiction. Even with the opportunity for discovery, Cathedral has failed to do so.[1]

The random and infrequent connections to Rhode Island offered by Cathedral (including instances where its own lawyers trumped up transactions in Rhode Island where none otherwise existed) are insufficient to confer personal jurisdiction. Moreover, Cathedral offers little legal precedent in support of its position and blurs the distinction between general jurisdiction and specific jurisdiction. Ample precedent makes clear that all contacts with Rhode Island are not created equally, and at best, the contacts offered by Cathedral relate only to the concept of *general* jurisdiction, not *specific* jurisdiction.

Finally, in addition to moving to dismiss for lack of personal jurisdiction, the New Defendants have moved to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1391. Cathedral has made no response to this motion, an apparent admission that even if Rhode Island jurisdiction could somehow technically be imposed on one of the New Defendants, this is not the appropriate venue in which to litigate such claims.

**ARGUMENT**

To sustain its burden here, Cathedral cannot rely on unsupported allegations in its pleading (or its Opposition). Rather, it "must go beyond the pleadings and make affirmative proof" of every fact required to impose jurisdiction over the New Defendants. *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). Aside from pure argumentation in its Opposition, which is not "proof," Cathedral has not met its burden to demonstrate either specific

[1] One original New Defendant, Great American Opportunity, voluntarily withdrew from the Motion and filed an Answer to the Amended Complaint.

or general jurisdiction.

## I. Cathedral's Opposition Confuses the Important Distinction Between Specific and General Personal Jurisdiction.

There are two types of personal jurisdiction – general and specific. *Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc.*, C.A. No. 03-090ML, 2003 WL 22014581, at *5 (D.R.I. August 25, 2003) (Lovegreen, M.J.). General jurisdiction arises when the defendant has engaged in such systematic and continuous activity in the jurisdiction that warrants the imposition of jurisdiction in that forum regardless of the subject matter of the lawsuit. *Id.*, at *3. This is a high standard, as the contacts must rise to the level of being "extensive and pervasive" for general jurisdiction. *Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65, 75 (D.R.I. 1995). On the other hand, while not requiring such extensive contacts, specific jurisdiction requires a "demonstrable nexus" between the forum activities and the claims being raised. *Swarovski*, 2003 WL 22014581, at *3. Here, the evidence supports neither general nor specific jurisdiction.

## II. Cathedral Has Not Offered Affirmative Proof Of Contacts Sufficient to Support a Finding of Specific Jurisdiction.

The essence of specific jurisdiction is a connection between a plaintiff's cause of action and the forum state. *Swarovski*, 2003 WL 22014581, at *3. The claims must arise from or be connected with a defendant's purposeful contacts with Rhode Island. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). No such connection exists here.

The causes of action in this case allege trademark and copyright infringement concerning certain items sold by Defendant Giftco, Inc.: a ribbon bookmark, an auto visor clip and a prayer plaque (the "Allegedly Infringing Goods"). The New Defendants, the movants here, are resellers who innocently bought the Allegedly Infringing Goods from Giftco, then resold them to schools, churches and other entities for fundraising purposes. Simply put, the wrongful act alleged against the New Defendants is *the act of reselling the Allegedly Infringing Goods.*

As the New Defendants have testified in sworn affidavits attached to their initial Motion, they have not sold any Allegedly Infringing Goods to any customer located in Rhode Island. *See* Motion at p. 5. This fact remains uncontradicted, and should end any argument that there is specific jurisdiction over any of the New Defendants.

The other Rhode Island contacts, few though they may be, do not involve the Allegedly Infringing Goods. Therefore, the contacts actually offered by Cathedral (purchase of non-infringing products from Cathedral, purchase of other products, occasional sales of non-related products to Rhode Island customers) are all contacts that relate to general jurisdiction, not specific jurisdiction.

Realizing this, Cathedral's attorney attempted to manufacture jurisdiction on his own by claiming he purchased Allegedly Infringing Goods from the New Defendants' websites. These phony contacts are red herrings and irrelevant. Jurisdiction is established at the date of the complaint, and Cathedral's counsel cannot manufacture his own jurisdictional evidence. *See Swarovski*, 2003 WL 22014581, at *8 (citing cases and holding that "counsel cannot create jurisdiction after the fact" and such attempts cannot be used to create a basis for personal jurisdiction).

Next, Cathedral claims that the New Defendants' operation of websites create personal jurisdiction. This is equally unavailing. In 2008, virtually every business imaginable operates a website that permits some level of interactivity. As Magistrate Judge Lovegreen acknowledged in *Swarovski*, "[t]he mere operation of a commercially active web site should not subject the operator to jurisdiction anywhere in the world...." *Id.* at *7 (citations omitted). Even in infringement cases, specific jurisdiction does not automatically follow from an interactive website unless it has been used to make sales of the infringing products to forum residents. *See*

*id.* ("the fact that a Rhode Island resident "can" order products from the [web]site, without more, is insufficient to establish purposeful availment.") Judge Smith perhaps best summed up this notion in *Subsalve USA Corp. v. Watson Manufacturing, Inc.*, 392 F.Supp.2d 221, 223 (D.R.I. 2005), describing the First Circuit's position on this issue as follows:

> It is well-settled, however, that the mere existence of a website does not show that a defendant is directing his business activities towards every forum where the website is visible. Furthermore, given the omnipresence of Internet websites today, allowing personal jurisdiction to be premised on such a contact alone would eviscerate the limits on a state's jurisdiction over out-of-state or foreign defendants.

(quoting *McBee v. Delica Co.*, 417 F.3d 107, 124 (1st Cir. 2005).

Without resultant sales of the Allegedly Infringing Goods to Rhode Island, a website or a catalog does not create specific jurisdiction in Rhode Island. Thus, because two of the New Defendants have no Rhode Island connections to the Allegedly Infringing Goods, and the other two have only passive connections with no resultant sales, Cathedral has not offered facts which are suitable to impose specific jurisdiction over the New Defendants.

### III. Cathedral Also Has Not Offered Contacts Which Are Sufficient to Exercise General Personal Jurisdiction.

While some of the New Defendants have some relatively minor Rhode Island business contacts, these are wholly insufficient for the imposition of general jurisdiction, which requires a "systematic and continuous" presence in the state such that the contacts are "extensive and pervasive." *Barry*, 909 F. Supp. at 74. The general jurisdiction standard is "considerably more stringent than the standard for specific jurisdiction." *Id.*

First, Cathedral places great emphasis on items the New Defendants purchased from it. These were not the Allegedly Infringing Goods, but supposedly compliant ones being offered by Cathedral. In the case of three of the New Defendants – Sunshine, Clemente and Profit+ - the

purchases totaled less than $5,000. By any recognized standard, these orders are not sufficient for general jurisdiction.[2]

Next, Cathedral points to goods purchased by Clemente from a single Rhode Island importing company named Waliga Imports. Like most businesses, Clemente makes purchases from many different suppliers, which are based in numerous different locations. Only one of Clemente's vendors, Waliga Imports, happens to be based in Johnston, Rhode Island, a contact that is merely fortuitous. This is not "extensive and pervasive" enough for the exercise of general jurisdiction, especially where Clemente has no offices in Rhode Island, no personnel here, no customers here, no sales here, owns no real estate here and pays no taxes here.

The same holds true with respect to Kleinhenn's Rhode Island sales highlighted in Cathedral's Opposition (none of which involved the Allegedly Infringing Goods). While the fund raising division doing business as Kleinhenn Company has made no sales to Rhode Island, Kleinhenn, Inc. has acknowledged that, over the course of the relevant three-year period, its division Cheerful House, a distinct catalog business, has mailed a very small percentage of its catalogs to addresses based in Rhode Island. These catalogs resulted in a few intermittent sales, but the sales represented only 21 of Cheerful House's 123,485 customers nationwide – just .09% of its total customer base. *See* Kleinhenn Aff. ¶ 5. These sales were not systematic, continuous or significant enough to warrant the imposition of general jurisdiction over Kleinhenn, a small company located almost 900 miles away in Anderson, Indiana.

Although Cathedral offers some limited contacts with Rhode Island for Kleinhenn,

---

[2] Cathedral's Supplemental Opposition disingenuously argues that the affidavits submitted by the New Defendants are "silent" with respect to purchases from Rhode Island other than from Cathedral, impliedly suggesting there are other Rhode Island contacts. As Cathedral well knows, it requested this information in jurisdictional discovery and, except for the purchases from Waliga Imports, no other purchases were made from Rhode Island. Moreover, it is not the New Defendants burden to prove it did not buy products from Rhode Island, it is Cathedral's burden to prove that they did.

Sunshine and Clemente, it offers none for Profit+. Moreover, the few contacts here pale in comparison to other situations where courts have refused to find general jurisdiction. *See, e.g.*, *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (no general jurisdiction in Texas where company had CEO negotiate contracts in Houston, accepted checks drawn on a Houston bank, bought equipment and training services from a Texas corporation; and sent personnel to Texas facilities for training); *Sullivan v. Tagliabue*, 785 F.Supp. 1076, 1079 (D.R.I. 1992) (no general jurisdiction over the National Football League despite designation of Rhode Island as part of New England Patriots' exclusive franchise territory, maintenance of a $150,000,000.00 line of credit with bank located in Providence, conduct of the New England Patriots training camp in North Smithfield, occasional travel by NFL players and coaches to Rhode Island, sale of television and radio broadcasting rights and merchandise within Rhode Island, and the conducting of lobbying activities in Rhode Island); *New England Health Care Employees Union, District 1199 v. Fall River Nursing Home, Inc.*, 802 F.Supp. 674, 679 (D.R.I. 1992) (defendant's advertising activity, relationships with vendors, personnel living in Rhode Island, patient load from Rhode Island, and affiliation with the VA Hospital in Providence was not sufficient to subject Defendant to general *in personam* jurisdiction in Rhode Island.)

### III. The "*Calder* Effects Test" Is Inapposite and Does Not Provide a Basis For Purposeful Availment Here.

As its basis for purposeful availment, Cathedral points to the New Defendants' supposed "intentional conduct" under the "*Calder* Effects Test." As a threshold matter, Cathedral has not proven any "intentional" conduct by the New Defendants. At best, all Cathedral has done is *speculate* that the New Defendants knowingly sold products subject to ongoing copyright litigation. Such empty assumptions, without more, do not meet Cathedral's obligation to "make affirmative proof" of every fact required to impose jurisdiction. *See Boit*, 967 F.2d at 675.

Moreover, the First Circuit has only applied the "*Calder* Effects Test" in situations where defamation has been alleged, and it is unclear that it is recognized in this Circuit other than in situations involving defamation. *Accessories Ltd. of Maine, Inc. v. Longchamp U.S.A.*, 170 F.Supp.2d 12, 15 (D. Me. 2001). However, even if we were to assume the *Calder* effects test were applicable here, Cathedral wholly fails to satisfy it. In applying *Calder*, the First Circuit has held that jurisdiction is not appropriate unless the defendant "aimed an act at the forum state, knew the act would likely have a devastating effect, and knew the injury would be felt in the forum state." *Noonan v. Winston Co.*, 135 F.3d 85, 90 (1st Cir. 1998). The mere fact that Cathedral alleges it felt an injury in Rhode Island is not enough. As the Third Circuit has explained:

> [T]he *Calder* 'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity. Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement. The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied. In the typical case, this will require some type of 'entry' into the forum state by the defendant.

*IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998) (emphasis in original).

Cathedral does not even offer speculation, let alone actual facts or proof, that support a finding that the New Defendants "expressly aimed" conduct at Rhode Island and made Rhode Island a "focal point" of tortious activity with knowledge that Cathedral would suffer a "devastating effect." The notion that the New Defendants engaged in intentional acts purposefully targeted at Cathedral stretches reason, especially when considering that the New Defendants are nothing more than innocent resellers who did nothing more than purchase and resell the Allegedly Infringing Goods among thousands of other small items that they offer to

their fundraising customers.

### IV. Even If There Were Somehow a Basis For Jurisdiction, The New Defendants Should Still Be Dismissed As Rhode Island Is Not The Proper Venue.

In addition to seeking dismissal for no jurisdiction, the New Defendants have also moved to have this matter dismissed because Rhode Island is the wrong venue for these claims.[3] Venue is only appropriate in a location where one of the following three criteria are met:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391. Cathedral cannot meet any of these three criteria.

Obviously, the first basis - residing in the same state – is not appropriate here. The Defendants are scattered across the country in New Jersey, Indiana, New York and Arizona. The second basis - a substantial part of the events, omissions, or property subject to the action being located in Rhode Island – also fails. The wrongful act alleged against the New Defendants is the act of buying and reselling goods subject to claims of infringement. These Allegedly Infringing Goods were purchased from Defendant Giftco, which is based in Illinois, then sold directly to consumers from the New Defendants' headquarters in New York, Arizona, Indiana and New Jersey. Rhode Island never entered the picture; the goods were never shipped here and the purported wrongful acts did not occur here. Finally, with respect to the third basis, there are other more suitable federal districts where this action may be brought; each New Defendant has a United States District Court located nearby in its home state. *See, e.g.*, Kleinhenn Aff at ¶ 10. Cathedral is not ignorant to this reality – it has already filed identical federal lawsuits against

[3] Cathedral makes no mention of this Motion and has made no attempt to object to it in its Opposition. Therefore, it should be deemed unopposed.

other resellers like the New Defendants in both Virginia and Texas.

Thus, even if jurisdiction existed, that doesn't require this Court to compel the New Defendants to litigate here, particularly where the factors necessary for proper venue are not present. *See, e.g., Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282 (1st Cir. 1983) (where every crucial event happened outside of the state, with several minor, related events taking place within the state, Massachusetts was not the proper venue.)

## **CONCLUSION**

For the foregoing reasons, the New Defendants Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit +, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Rule 12(b)(3) Motion to Dismiss for Improper Venue should be granted.

KLEINHENN COMPANY, INC.,
SUNSHINE FUND RAISING CORP.,
CLEMENTE NOVELTIES, INC., and
PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
abufalino@vedderprice.com
tdee@vedderprice.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 17, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple