**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff | : | |
| v. | : | C.A. No. 06-465 T |
| GIFTCO, INC.,<br>IDEAL FUND RAISING, INC.,<br>FUND RAISING PRODUCTS, INC.,<br>GREAT AMERICAN OPPORTUNITIES,<br>INC., KLEINHENN COMPANY, INC<br>SUNSHINE FUND RAISING CORP.,<br>CLEMENTE NOVELTIES, INC.,<br>PROFIT+, INC., and other known<br>and unknown Giftco Distributors<br>Defendants | : | |

**PLAINTIFF'S MOTION TO COMPEL AND**
**TO CONDUCT ADDITIONAL DISCOVERY RELATED TO JURISDICTION**

## I. INTRODUCTION

Pursuant to the Court's Order of January 18, 2008 (Almond, J.), the plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral") hereby moves to compel certain discovery and to take limited additional discovery related to jurisdiction from the four named defendants who are seeking dismissal from the action on jurisdictional grounds: Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine"), Clemente Novelties, Inc. ("Clemente"), and Profit+, Inc. ("Profit+") (together, the "Moving Defendants").

The January 18 Order directed that the parties meet and confer to attempt to resolve what Cathedral alleged were deficiencies in the discovery responses of the Moving Defendants to date. If such discovery issues were not resolved, the Court granted leave to the plaintiff to "file a Motion to Compel and/or for Leave to Conduct Additional Jurisdictional Discovery." Although the parties, through counsel, did confer and although the Moving

Defendants provided supplemental Written Responses to Requests for Production and limited additional documents,[1] there remain gaps in the information plaintiff believes would be informative to the Court's decision on the pending motion to dismiss.

Plaintiff hereby requests permission to conduct limited Rule 30(b)(6) depositions for each Moving Defendant with a discrete list of identified topics/deponents, including:

1. The person most knowledgeable about defendant's internet website(s), the design and creation of the contents thereof, and the operation thereof including the selection and posting of products featured or offered for sale on the website(s);

2. The person most knowledgeable about defendant's advertising or display of the accused pieces, including the dates thereof, on the internet and in all other forms including catalogs and direct mail;

3. The person most knowledgeable about defendant's catalogs, direct mail, and other sales venues including numbers of catalogs distributed and the use of defendant's mailing lists; and

4. The person most knowledgeable about communications with or notice from Giftco concerning Cathedral's claims in this matter following Cathedral's cease and desist letter to Giftco of July 11, 2006, including whether or not Giftco provided notice to defendant concerning Cathedral Art's claims and the date and content of that notice, if any.

Plaintiff suggests that the above-described limited depositions might be the most efficient way of discovering the information it seeks and existence or non-existence of certain requested materials.

Plaintiff further moves to compel the production of certain documents in response to document Requests Nos. 4 and 16 from each Moving Defendant, as follows:

[1] Kleinhenn provided approximately 30 pages of invoices to Rhode Island residents for products purchased. Profit+ produced a copy of a single email between its president and Cathedral Art's independent sales representative.

## Kleinhenn

**REQUEST NO. 4:**

Copies of all catalogs, solicitations, advertising, or other marketing or sales material on any media whatsoever, including but not limited to, television advertisements, mailings, newspaper advertisements, marketing brochures, catalogs, website and Internet content, mailed, delivered, disseminated, broadcast, or in any way distributed in or into the state of Rhode Island since January 1, 2003.

**RESPONSE:**

To the extent such documents exist, Kleinhenn will produce documents responsive to Request No. 4.

**SUPPLEMENTAL RESPONSE:**

Kleinhenn produced responsive documents on December 20, 2007, which are bates-labeled as KL0003 – KL0573. Kleinhenn is not aware of any other responsive documents. In regard to counsel's inquiry regarding Kleinhenn's "Spring Reflections" catalog, Kleinhenn states that such catalog was not mailed to the State of Rhode Island.

Kleinhenn advertised two of the accused pieces – the visor clip on the cheerfulhouse.com website and the ribbon bookmark on the internet and in a catalog known as *Reflections of Spring* -- as recently as October 2007:






http://www.kleinhenn.com/spring_reflections8.html 10/18/2007




http://cheerfulhouse.com/Merchant2/merchant.mv?Screen=PROD&Store_Code=S&Product_Code=171... 10/20/2007

The above images were captured by plaintiff's counsel from Kleinhenn websites in October 2007. Yet Kleinhenn has provided in discovery no website content whatsoever. Clearly, Kleinhenn had a duty to preserve all evidence relevant to this matter, and either did not do so, or is simply not producing it. Plaintiff both moves to compel all documents and things relative to the Kleinhenn websites, and to take the deposition of the person(s) most knowledgeable about the website, its content, and the posting and removal of items on it. Someone employed by or working with Kleinhenn undoubtedly has images or samples that were posted, ad copy, and records of when and how the accused items were first posted on the internet and when they were removed. Such information and records are directly relevant to the intentional infringement that is alleged and that is directly relevant to the jurisdictional claims in this matter.

Kleinhenn produced a series of *Cheerful House* catalogs that it admits were sent to

customers in Rhode Island. At least one of them, "Christmas 2006," included the ribbon bookmark:







Cathedral would like to inquire by way of deposition how many catalogs of each iteration were shipped into Rhode Island, and when, whether or not they actually displayed and advertised the accused pieces. Kleinhenn's amended Request responses stated that the *Spring Reflections* catalogs were in fact not shipped to Rhode Island (though they were, of course, displayed on the internet – see above); Cathedral would like to inquire in deposition concerning why some style catalogs were distributed to a Rhode Island customer list and some apparently were not.

**REQUEST NO. 16:**

All internal communications, including but not limited to email, notes, and interoffice memoranda, concerning Cathedral Art's claims in this litigation or the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Heart Visor Clip, or the Cathedral Art Lord's Prayer Plaque.

**RESPONSE:**

Kleinhenn objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection and to the extent such documents exist, Kleinhenn will produce documents responsive to Request No. 16.

**SUPPLEMENTAL RESPONSE:**

Kleinhenn objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection, Kleinhenn states it is not aware of any documents responsive to this request.

It is unlikely that defendant would have absolutely no communications, including email, concerning this matter. If it is withholding documents on the claim of privilege, it ought to identify them. Plaintiff challenges such a blanket claim of privilege or protection. Moreover, defendant's receipt or non-receipt of notice from Giftco, and the actions that this defendant took or failed to take after learning of plaintiff's claims are directly relevant to the jurisdictional analysis.

**Clemente Novelties, Inc.**

Clemente's answers to interrogatories and responses to requests for production remain apparently contradictory and perhaps incomplete. Asked in an interrogatory to identify all sales made to any person or entity in Rhode Island, Clemente answered that "all gatherable information responsive … is contained in the documents responsive to 'Request No. 1'" of plaintiff's jurisdictional requests for production. (Clemente Answer to Int. No. 3.) Nevertheless, though Clemente does not deny and, by way of the above answer, even

suggests having made sales into Rhode Island (it did not supplement its interrogatory answers), Clemente's responds to a corresponding document request as follows:

> **REQUEST NO. 1:**
>
> Records of all sales, whether by catalog, telephone, website, or other means, and including but not limited to purchase orders, invoices, receipts, and correspondence, since January 1, 2003, to any person or entity located in the State of Rhode Island.
>
> **RESPONSE:**
>
> To the extent such documents exist, Clemente will produce documents responsive to Request No. 1.
>
> **SUPPLEMENTAL RESPONSE:**
>
> Clemente is not aware of any responsive documents.

Taken together, the interrogatory answer and the response to request raise the inference that there have been Rhode Island sales, but there is simply no documentation of them, at least not presently in Clemente's custody or control. Cathedral must be permitted to clarify this and associated issues by way of brief deposition.

Asked for records of marketing materials disseminated into Rhode Island, Clemente responded that it was not aware of any.

> **REQUEST NO. 4:**
>
> Copies of all catalogs, solicitations, advertising, or other marketing or sales material on any media whatsoever, including but not limited to, television advertisements, mailings, newspaper advertisements, marketing brochures, catalogs, website and Internet content, mailed, delivered, disseminated, broadcast, or in any way distributed in or into the state of Rhode Island since January 1, 2003.
>
> **RESPONSE:**
>
> To the extent such documents exist, Clemente will produce documents responsive to Request No. 4.
>
> **SUPPLEMENTAL RESPONSE:**
>
> Clemente is not aware of any responsive documents.

Clemente claimed in the affidavit of its president filed with its motion to dismiss that it

operates a website located at the internet address *www.clementefundraising.com*. Though the website was non-operational for a period of time, it is working now, but appears to contain no product content. Plaintiff has no way to determine whether the Clemente website ever featured the accused products, or how else Clemente advertised and sold the pieces. Cathedral should be permitted to inquire of Clemente by way of brief deposition.

> **REQUEST NO. 16:**
>
> All internal communications, including but not limited to email, notes, and interoffice memoranda, concerning Cathedral Art's claims in this litigation or the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Heart Visor Clip, or the Cathedral Art Lord's Prayer Plaque.
>
> **RESPONSE:**
>
> Clemente objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection and to the extent such documents exist, Clemente will produce documents responsive to Request No. 16.
>
> **SUPPLEMENTAL RESPONSE:**
>
> Clemente objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection, Clemente is not aware of any responsive documents.

It is unlikely that defendant would have absolutely no communications, including email, concerning this matter. If it is withholding documents on the claim of privilege, it ought to identify them. Plaintiff challenges such a blanket claim of privilege or protection. Moreover, defendant's receipt or non-receipt of notice from Giftco, and the actions that this defendant took or failed to take after learning of plaintiff's claims are directly relevant to the jurisdictional analysis.

**Sunshine Fund Raising**

Sunshine had averred that its *www.sellcandy.com* website "does not permit

registration or permit users to sign up," "permits little or no interactivity,"[2] and specifically that: "[a] member of the general public could not order a product from the Sunshine Website."[3] The evidence submitted with Cathedral Art's original memorandum demonstrated those claims to have been completely false. The website is fully interactive, displays products, and allows individual users to make purchases by credit card.[4] Still, however, Sunshine produced nothing in response to document Request No. 4:

> **REQUEST NO. 4:**
>
> Copies of all catalogs, solicitations, advertising, or other marketing or sales material on any media whatsoever, including but not limited to, television advertisements, mailings, newspaper advertisements, marketing brochures, catalogs, website and Internet content, mailed, delivered, disseminated, broadcast, or in any way distributed in or into the state of Rhode Island since January 1, 2003.
>
> **RESPONSE:**
>
> To the extent such documents exist, Sunshine will produce documents responsive to Request No. 4. Sunshine has not located any documents responsive to this request.
>
> **SUPPLEMENTAL RESPONSE:**
>
> Sunshine is not aware of any documents responsive to this request.

If Sunshine maintained a website, its content was disseminated in Rhode Island. Plaintiff has no way of knowing whether the website(s) displayed the accused products, how, or when. Cathedral should be permitted to conduct a limited deposition of the person(s) most knowledgeable about these issues for Sunshine.

---

2 *Sunshine Fund Raising Affidavit*, ¶ 10.

3 *Sunshine Fund Raising Affidavit*, ¶ 9.

4 Evidence of a credit card purchase made on the *www.sellcandy.com* website by after simply and easily "signing up" was presented to the Court with Cathedral Art's original objection memorandum.

**REQUEST NO. 16:**

All internal communications, including but not limited to email, notes, and interoffice memoranda, concerning Cathedral Art's claims in this litigation or the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Heart Visor Clip, or the Cathedral Art Lord's Prayer Plaque.

**RESPONSE:**

Sunshine objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection and to the extent such documents exist, Sunshine will produce documents responsive to Request No. 16. Sunshine has not located any documents responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Sunshine objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection, Sunshine states that it is not aware of any responsive documents.

It is unlikely that defendant would have absolutely no communications, including email, concerning this matter. If it is withholding documents on the claim of privilege, it ought to identify them. Plaintiff challenges such a blanket claim of privilege or protection. Moreover, defendant's receipt or non-receipt of notice from Giftco, and the actions that this defendant took or failed to take after learning of plaintiff's claims are directly relevant to the jurisdictional analysis.

**Profit+**

Profit+ maintains a website on which products are displayed. It does not currently display the accused products. Like the other defendants moving for dismissal, Profit+ produced nothing in response to Request No. 4:

**REQUEST NO. 4:**

Copies of all catalogs, solicitations, advertising, or other marketing or sales material on any media whatsoever, including but not limited to, television advertisements, mailings, newspaper advertisements, marketing brochures, catalogs, website and Internet content, mailed, delivered, disseminated, broadcast, or in any way distributed in or into the state of Rhode Island since January 1, 2003.

**RESPONSE:**

To the extent such documents exist, Profit+ will produce documents responsive to Request No. 4. Profit+ has not located any documents responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Profit is not aware of any documents responsive to this request.

Cathedral should be permitted to conduct a limited deposition of the person(s) most knowledgeable about the website activities of Profit+.

**REQUEST NO. 16:**

All internal communications, including but not limited to email, notes, and interoffice memoranda, concerning Cathedral Art's claims in this litigation or the Cathedral Art Ribbon Bookmark, the Cathedral Art Auto Heart Visor Clip, or the Cathedral Art Lord's Prayer Plaque.

**RESPONSE:**

Profit+ objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection and to the extent such documents exist, Profit+ will produce documents responsive to Request No. 16. Profit+ has not located any documents responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Profit+ objects to Request No. 16 to the extent it requests documents which are subject to the attorney-client privilege and work-product privilege. Subject to the foregoing objection, Profit will produce documents bates-labeled P0001 – P0002 that are responsive to this request.

It is unlikely that defendant would have absolutely no communications, including email, concerning this matter. If it is withholding documents on the claim of privilege, it ought to identify them. Plaintiff challenges such a blanket claim of privilege or protection. Moreover, defendant's receipt or non-receipt of notice from Giftco, and the actions that this

defendant took or failed to take after learning of plaintiff's claims are directly relevant to the jurisdictional analysis.

## III. CONCLUSION

Cathedral therefore moves for permission to conduct limited Rule 30(b)(6) depositions for each Moving Defendant with a discrete list of identified topics/deponents, *including*:

1. The person most knowledgeable about defendant's internet website(s), the design and creation of the contents thereof, and the operation thereof including the selection and posting of products featured or offered for sale on the website(s);

2. The person most knowledgeable about defendant's advertising or display of the accused pieces, including the dates thereof, on the internet and in all other forms including catalogs and direct mail;

3. The person most knowledgeable about defendant's catalogs, direct mail, and other sales venues including numbers of catalogs distributed and the use of defendant's mailing lists; and

4. The person most knowledgeable about communications with or notice from Giftco concerning Cathedral's claims in this matter following Cathedral's cease and desist letter to Giftco of July 11, 2006, including whether or not Giftco provided notice to defendant concerning Cathedral Art's claims and the date and content of that notice, if any.

Cathedral also moves to compel full production of materials requested under Requests No. 4 and No. 16, overruling the objections contained in each Moving Defendant's Responses thereto.

Dated: February 15, 2008

CATHEDRAL ART METAL CO., INC.

By Its Counsel,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, I served a copy of the foregoing via the Court's ECF service system upon:

Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903

Angelo J. Bufalino, Esq.
Thomas R. Dee, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601

/s/ Thomas R. Noel, Esq.

TRN/