UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATHEDRAL ART METAL CO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GIFTCO, INC., IDEAL FUNDRAISING, INC., FUND RAISING PRODUCTS, INC., GREAT AMERICAN OPPORTUNITIES, INC., KLEINHENN COMPANY, INC., SUNSHINE FUND RAISING CORP., CLEMENTE NOVELTIES, INC., PROFIT+, INC. and other known and unknown Giftco Distributors.<br><br>Defendants. | C.A. No. 06-465T |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO COMPEL AND TO CONDUCT ADDITIONAL JURISDICTIONAL DISCOVERY**

Defendants Kleinhenn Company, Inc. ("Kleinhenn"), Sunshine Fund Raising Corp. ("Sunshine"), Clemente Novelties, Inc. ("Clemente"), and Profit +, Inc. ("Profit") (collectively the "New Defendants") submit this Objection to Plaintiff's Motion to Compel and to Conduct Additional Jurisdictional Discovery.

## INTRODUCTION

Plaintiff's Motion is nothing more than an attempt to manufacture artificial controversy where none exists. From the beginning (the underlying Motion to Dismiss has been pending since October 5, 2007), the New Defendants made clear that they are small companies, do business almost exclusively in their home states, and have little or no contact with Rhode Island. Plaintiff argued that it was not required to take the New Defendants at their word, so the Court permitted Plaintiff to conduct *limited* jurisdictional discovery. Now, after the New Defendants' submission of responses to Plaintiff's requests for production, supplemental responses to

Plaintiff's requests for production, and answers to Plaintiff's interrogatories, Plaintiff still cannot establish minimum contacts sufficient to establish personal jurisdiction. Plaintiff now moves to compel documents that do not exist, delay further with multiple depositions, and broaden the discovery into areas that could have been covered in their initial round of interrogatories and document requests.

Moreover, Plaintiff's request for additional discovery is unneccesary. Plaintiff will accomplish nothing to resolve *jurisdictional* questions, instead only further delaying a determination on the underlying Motion to Dismiss. The overall context is telling. This case was originally brought against Giftco, Inc. The New Defendants, on the other hand, are Giftco customers that Plaintiff is trying to add to this action. In the face of Giftco's repeated efforts to work out a mutually beneficial accommodation, Plaintiff has ignored Giftco's attempts, seeking only to expand this litigation by suing Giftco's customers in this action, in Texas and in Virginia. Given this backdrop, Plaintiff's request for another round of discovery raises serious questions regarding Plaintiff's true motivation for the additional discovery.

The questions over Plaintiff's true motivations are revealed by the instant Motion, which is wholly lacking in merit. The documentation Plaintiff now claims is "missing" either never existed or is irrelevant for a determination of whether the New Defendants should be subject to jurisdiction in Rhode Island. The New Defendants therefore reject any contention that deficiencies exist in the discovery responses. Further, this "new" discovery sought by Plaintiff repeats topics already covered in the written discovery, involves issues Plaintiff could have pursued from the beginning, and uiltimately will not change the jurisdictional result. Thus, the New Defendants urge the Court to deny Plaintiff's Motion to Compel and allow the underlying Motion to Dismiss to be resolved.

## ARGUMENT

**I. Information Relating to Intentional Infringement Pertains to Ultimate Liability, Not the Jurisdictional Determination Pending Before the Court.**

As is apparent from Plaintiff's Motion to Compel, much of what it still seeks relates to questions of "intentional infringement," such as when each of the New Defendants learned of Plaintiff's claims. Although they objected to this inquiry as outside the scope of a jurisdictional determination, the New Defendants nevertheless answered Plaintiff's request on this topic. In Request #16 (which is the same for all), Plaintiff asked for any communications concerning the claims in this lawsuit. The New Defendants have responded that other than privileged communications with their lawyers, none exist. Plaintiff asked the question and it has been answered, leaving nothing more to be discovered.

More importantly, this entire line of inquiry is not an issue of jurisdiction. The date on which the New Defendants learned of Plaintiff's claims is simply not relevant to whether the New Defendants have minimum contacts with Rhode Island. Plaintiff will no doubt disagree, clinging to its misplaced reliance on the so-called *Calder* Effects Test. However, this test is inapplicable.

The First Circuit has only applied the "*Calder* Effects Test" in situations involving defamation, and has not applied it in other situations such as an infringement action. *Accessories Ltd. of Maine, Inc. v. Longchamp U.S.A.*, 170 F.Supp.2d 12, 15 (D. Me. 2001). Moreover, under Plaintiff's broad interpretation, infringement jurisdiction would have no bounds, as any intentional conduct that is "felt" within Rhode Island would automatically subject the defendant to jurisdiction in Rhode Island. That is not the law.

Even assuming *arguendo* that the *Calder* Effects Test applies here, the First Circuit has held that jurisdiction is not appropriate unless the defendant "aimed an act at the forum state,

knew the act would likely have a devastating effect, and knew the injury would be felt in the forum state." *Noonan v. Winston Co.,* 135 F.3d 85, 90 (1st Cir. 1998) (emphasis added). Merely having an injury "felt" in Rhode Island is not enough. The Third Circuit has explained this requirement:

> [T]he *Calder* 'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant ***expressly aimed*** its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity. Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement. The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied. In the typical case, this will require some type of 'entry' into the forum state by the defendant.

*IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 265 (3d Cir. 1998) (emphasis in original).

There is absolutely nothing in the record to support even a suggestion that the New Defendant "expressly aimed" their conduct at Rhode Island such that Rhode Island was the "focal point" of their activity. Nor has anything shown that the New Defendants contemplated that Plaintiff would suffer a "devastating effect." This is especially apparent when considering that the movants are mere resellers who just purchased and resold the purportedly infringing goods along with thousands of other small items they offer their fundraising customers. Accordingly, Plaintiff's reliance on the *Calder* Effects Test should not entitle Plaintiff to additional discovery, and is only being used as a pretextual basis to conduct substantive discovery rather than the limited, jurisdictional discovery that was originally contemplated.

## II. The New Defendants Have Answered the Jurisdictional Discovery to the Best of Their Knowledge and Provided All Documents to the Extent They Exist.

The New Defendants are small companies, run by only a handful of employees. They fully answered all the outstanding jurisdictional discovery. Plaintiff then waited nearly a month, to the days preceding the hearing on the motion to dismiss, to first raise the purported issues

concerning the New Defendants' discovery responses. Prior to that hearing, the New Defendants, through counsel, explained and further clarified their answers for Plaintiff. Additionally, each of the New Defendants recently supplemented their responses to Plaintiff's requests for production, clarifying their prior responses and indicating that there was no new discoverable information to produce. There is no water to be wrung from the stone. The New Defendants simply lack documentation showing contacts with Rhode Island because none exists. A detailed examination of the supposedly "unanswered" discovery makes this point evident:

KLEINHENN

*Request #4*

Plaintiff contends that Kleinhenn has not produced any "website content." But Kleinhenn produced all the responsive materials in its possession; it has no physical or electronic copies of what previously appeared on its website. It is therefore unclear what Plaintiff seeks to compel Kleinhenn to produce.

More importantly, Kleinhenn has confirmed that it did not sell any of the Allegedly Infringing Goods to customers in Rhode Island, through its website or otherwise. Therefore, Plaintiffs entire line of inquiry is irrelevant other than to establish the general proposition that the goods appeared on Kleinhenn's website and certain catalogs at one time, which Kleinhenn concedes. Thus, nothing further can be produced.

*Request #16*

With no basis whatsoever to support its statement, Plaintiff contends that "it is unlikely" the New Defendants have no communications concerning the lawsuit. The New Defendants have answered that they have no such communications that are non-privileged. Once again, the request has been answered and no further production can be made.

CLEMENTE

*Request #1*

Plaintiff has attempted to imply that Clemente had Rhode Island sales but did not keep records of them. However, Plaintiff has been repeatedly informed that Clemente had no Rhode Island sales. Clemente's original answer simply indicated that it did not object to the request, not that sales to Rhode Island existed. In its supplemental responses, Clemente affirmed this, stating in no uncertain terms that it is not aware of any responsive documents.

Clemente's response is not ambiguous: It has made no sales to Rhode Island, so there are no records of Rhode Island sales to produce. Plaintiff's request for a deposition to "clarify" this clear response raises questions about whether Plaintiff is truly confused, or whether it has manufactured this confusion in order to conduct other discovery.

*Request #4*

Plaintiff again seeks historical website content that does not exist. It was requested, and Clemente responded that it has no such information. Furthermore, Clemente made no sales of the Allegedly Infringing Goods to Rhode Island through any means, website or otherwise, so this line of inquiry has questionable relevance. There is nothing further to be produced.

*Request #16*

With no basis whatsoever to support its statement, Plaintiff contends that "it is unlikely" the New Defendants have no communications concerning the lawsuit. The New Defendants have answered that they have no such communications that are non-privileged. Once again, the request has been answered and no further production can be made.

SUNSHINE

*Request #4*

Plaintiff again seeks historical website content that does not exist. It was requested, and Sunshine responded that it has no such information. Furthermore, Sunshine made no sales of the Allegedly Infringing Goods to Rhode Island through any means, website or otherwise, so this line of inquiry has questionable relevance. There is nothing further to be produced.

*Request #16*

With no basis whatsoever to support its statement, Plaintiff contends that "it is unlikely" the New Defendants have no communications concerning the lawsuit. The New Defendants have answered that they have no such communications that are non-privileged. The request has been answered and no further production can be made.

PROFIT+

*Request #4*

Plaintiff again seeks historical website content that does not exist. It was requested, and Profit+ responded that it has no such information. Furthermore, Profit+ made no sales of the Allegedly Infringing Goods to Rhode Island through any means, website or otherwise, so this line of inquiry has questionable relevance. There is nothing further to be produced.

*Request #16*

With no basis whatsoever to support its statement, Plaintiff contends that "it is unlikely" the New Defendants have no communications concerning the lawsuit. The New Defendants have answered that they have no such communications that are non-privileged. The request has been answered and no further production can be made.

## III. The New Discovery Sought By Plaintiff Should Have Been Requested Originally, Goes Beyond the Bounds of This Jurisdictional Analysis, and Will Have No Utility in Aiding the Court's Decision.

Five months after the filing of the Motion to Dismiss, Plaintiff contends that it needs even further jurisdictional discovery beyond its initial requests and interrogatories. This "new" discovery can be broken down into three categories: (1) information concerning the New Defendants' websites, (2) information concerning the New Defendants' mailing and advertising, and (3) information concerning communications with Giftco regarding Plaintiff's claims.

Plaintiff was well aware of all the above topics on November 9, 2007, the date on which it propounded its jurisdictional discovery. Had it been so critical to learn about the "design" and "operation" of the New Defendants' websites, Plaintiff had ample opportunity to ask those questions. It did not. Moreover, two of the three topics Plaintiffs have identified for the so-called "new" discovery merely retreads over old ground. Plaintiff has already inquired about the New Defendants' mailings and advertisements to Rhode Island, as well as its communications with Giftco. To the extent anything exists, these requests have been answered.

The additional discovery sought by Plaintiff threatens only to succeed in heaping additional burden on the New Defendants. The instant Motion requests Rule 30(b)(6) depositions on four different topics for each of the four New Defendants. This will require, at a minimum, four depositions, and potentially as many as sixteen if each of the New Defendants must identify a different deponent for each 30(b)(6) topic area. Yet, when the dust has settled, this burdensome "new" discovery will do nothing to change the jurisdictional analysis. The New Defendants have already answered whether they purchased or sold products in Rhode Island, including via their websites. They have produced information concerning advertisements made to Rhode Island. They also have answered questions about all their other possible contacts to Rhode Island. As much as Plaintiff might wish it were the case, asking the same questions will

not change the answers.

## IV. CONCLUSION

For the foregoing reasons, Kleinhenn Company, Inc., Sunshine Fund Raising Corp., Clemente Novelties, Inc., and Profit +, Inc.'s respectfully request that the Plaintiff's Motion to Compel and to Conduct Additional Discovery be denied and that the Court proceed with deciding the New Defendants' Motion to Dismiss.

KLEINHENN COMPANY, INC.,
SUNSHINE FUND RAISING CORP.,
CLEMENTE NOVELTIES, INC., and
PROFIT +, Inc.

By their Attorneys,

/s/ Raymond M. Ripple

Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

Angelo J. Bufalino, Esq. (*pro hac vice*)
Thomas R. Dee, Esq. (*pro hac vice*)
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
tdee@vedderprice.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 3, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple