UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO. | : | |
| | : | |
| v. | : | C.A. No. 06-465T |
| | : | |
| GIFTCO, INC., et. al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

After ordering the parties to engage in jurisdictional discovery, this Court now considers the Motion to Dismiss (Document No. 40) pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue) of Defendants Kleinhenn Company, Inc., Sunshine Fund Raising, Inc., Clemente Novelties, Inc. and Profit +, Inc. ("Defendants") which was filed on October 5, 2007. Plaintiff Cathedral Art Metal Co., Inc. ("Plaintiff" or "Cathedral Art") filed an Objection to Defendants' Motion to Dismiss. (Document No. 43). Throughout the course of jurisdictional discovery, the parties have supplemented their briefs several times. In its final supplement, Plaintiff moves to compel discovery responses and requests the opportunity to conduct additional jurisdictional discovery. (Document No. 51). Plaintiff's Amended Complaint alleges various federal and state claims for copyright and trademark infringement and unfair competition.

This matter has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A final hearing was held on April 15, 2008. For the reasons discussed below, this Court recommends that Plaintiff's Motion to Compel and for further jurisdictional discovery (Document No. 51) be DENIED and Defendants' Motion

to Dismiss (Document No. 40) be GRANTED in part as to Defendants Sunshine and Profit and DENIED in part as to Defendants Kleinhenn and Clemente.

**Facts and Travel**

Cathedral Art is a designer, manufacturer and seller of inspirational and religious jewelry and giftware. Document No. 27 at ¶ 2. Its principal place of business is in Providence, Rhode Island. Id. Giftco is an Illinois corporation that sells and distributes fundraising items. Id. ¶ 4. Defendants Kleinhenn Company, Inc., Sunshine Fund Raising, Inc., Clemente Novelties, Inc., and Profit +, Inc. are contracted distributors of Giftco. Id. ¶¶ 8-11. Profit is incorporated in, and has its principal place of business in Scottsdale, Arizona. Id. ¶ 8. Kleinhenn is incorporated in, and has its principal place of business in Anderson, Indiana. Id. ¶ 9. Sunshine is incorporated in, and has its principal place of business in Belleville, New Jersey. Id. ¶ 10. Clemente is incorporated in, and has its principal place of business in Utica, New York. Id. ¶ 11.

Cathedral Arts claims that Defendants infringed the copyrights of Cathedral Art's ribbon bookmarks, auto visor clips and its Lord's Prayer plaque. Id. ¶ 25. All four of the moving defendants operate websites: Kleinhenn's is kleinhenn.com, Id. ¶ 42, Sunshine's is sellcandy.com, Id. ¶ 44, Clemente's is clementefundraising.com, Id. ¶ 46, and Profit's is profitplusfundraising.com, Id. ¶ 47.

**Discussion**

**A. Jurisdictional Discovery**

A plaintiff who sues an out-of-state corporation and who makes out a "colorable case" for the existence of personal jurisdiction may be entitled to conduct jurisdictional discovery if the defendant asserts a jurisdictional defense. Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962,

964 (1st Cir. 1997). The district court has broad discretion to determine whether or not such discovery is warranted. See, e.g., Nordica USA Corp. v. Ole Sorensen, 475 F. Supp. 2d 128 (D.N.H. 2007). When a defendant challenges personal jurisdiction, the court may defer pretrial discovery if the record indicates that discovery is unnecessary (or "unlikely to be useful") in regard to establishing the essential jurisdictional facts. Dynamic Image Tech., Inc. v. U.S., 221 F.3d 34, 39 (1st Cir. 2000).

In this case, Cathedral Art filed its Amended Complaint on July 27, 2007. (Document No. 27). On October 5, 2007 Defendants filed their Motion to Dismiss. (Document No. 40). Plaintiff filed its objection on October 23, 2007 (Document No. 43) and simultaneously filed a Motion to Stay, seeking to conduct jurisdictional discovery. (Document No. 44). The Court granted Plaintiff's request to conduct jurisdictional discovery. (Document No. 46). On January 10, 2008, Plaintiff supplemented its Objection to the Motion to Dismiss. (Document No. 49). This Court held a hearing on the Motion to Dismiss on January 18, 2008. At that hearing, I determined that Plaintiff's counsel raised legitimate concerns about the sufficiency of Defendants' responses to jurisdictional discovery. Accordingly, I ordered the parties to confer in good faith regarding the remaining issues, and allowed Plaintiff another opportunity to supplement its Objection. That Supplemental Objection was filed on February 15, 2008. (Document No. 51). Defendants filed a reply on March 3, 2008. (Document No. 52). The Court held a final hearing on April 15, 2008, and Plaintiff again argued that Defendants' discovery responses were insufficient, and requested the opportunity to conduct Fed. R. Civ. P. 30(b)(6) depositions of each of the four Defendants to inquire about their websites and/or catalog operations. After reviewing the discovery responses provided to date, as well as the basic claims set forth in the Amended Complaint, the record is sufficiently developed to permit the

Court to rule on the Motion to Dismiss. Therefore, Plaintiff's Motion to Compel and request for additional jurisdictional discovery is DENIED.

**B. Personal Jurisdiction**

It is well established that the burden rests with a plaintiff to make a prima facie showing to withstand a challenge to personal jurisdiction. Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001) (citing Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83-84 (1st Cir. 1997)). See also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). In assessing the plaintiff's prima facie case, the Court must accept as true the "plaintiff's (properly documented) evidentiary proffers" and construe them "in the light most congenial to plaintiff's jurisdictional claim." See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34, 51 (1st Cir. 1998). See also Trio Realty, Inc. v. Eldorado Homes, Inc., 350 F. Supp. 2d 322, 325 (D.P.R. 2004) (citing Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)) (the court "draw[s] the facts from the pleadings and the parties' supplementary filings, including affidavits, taking facts affirmatively alleged by plaintiff as true and construing disputed facts in the light most hospitable to plaintiff."). In setting forth the prima facie case, the plaintiff is required to bring to light credible evidence and "cannot rest upon mere averments, but must adduce competent evidence of specific facts." Barrett, 239 F.3d at 26 (citing Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995)).

Defendants are subject to personal jurisdiction in this Court only if they have certain minimum contacts with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). Whether sufficient minimum contacts exist depends on the quality and nature of

the activity of Defendants, but it is essential that there be some act by which Defendants purposefully availed themselves of the privilege of conducting activities within the forum state, thus invoking its benefits and protections. Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir. 1995). The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous', or 'attenuated' contacts...." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In applying the minimum contacts analysis, the courts recognize two types of jurisdiction – general and specific. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir.1992)). Specific jurisdiction, on the other hand, exists where plaintiff's claims 'arise out' of or are 'directly related' to defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, n.8 (1984). However, "[f]or either type of jurisdiction, in addition to the existence of sufficient 'minimum contacts,' the defendant's contacts with the state must be purposeful and the exercise of jurisdiction must be reasonable under the circumstances." Auburn Mfg., Inc. v. Steiner Indus., 493 F. Supp. 2d 123, 127 (D. Me. 2007) (citing Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005)).

**1. Jurisdiction Over Sunshine and Profit**

In the First Amended Complaint, Plaintiff alleges that Defendants "solicit and/or conduct business in and within the State of Rhode Island so as to be subject to this Court's *in personam* jurisdiction." Document No. 27, ¶ 14. Defendants Sunshine and Profit aver that they have never sold any item to a Rhode Island customer, they have no offices in Rhode Island, they do not own real

estate or pay taxes in Rhode Island and have never made "regular communications with persons" located in Rhode Island for legitimate business purposes. See Document No. 40-6, ¶ 6.

As noted, it is Plaintiff's burden to establish the existence of personal jurisdiction and, as to Sunshine and Profit, Plaintiff has failed to do so. There can be no finding of general jurisdiction since there is no evidence that "the defendant [ ] engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec. Workers, 960 F.2d at 1088. Since the "standard for finding general jurisdiction 'is considerably more stringent than that applied to specific jurisdiction questions,'" the Court considers the specific jurisdiction analysis. Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st Cir. 2007) (citation omitted).

In order to establish specific jurisdiction over Sunshine and Profit, Plaintiff is required to adduce facts which show a "demonstrable nexus between a plaintiff's claims and a defendant's forum based activities...." U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (quoting Andover, 142 F.3d at 34). The First Circuit has developed a three-prong test for analyzing the due process considerations for the existence of specific personal jurisdiction:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Workers, 960 F.2d at 1089. In order for a court to exercise specific personal jurisdiction, all three factors – relatedness, purposefulness and reasonableness – must be satisfied.

As to the first element, it is clear that Sunshine and Profit have not engaged in any activities in Rhode Island and have not sold any of the disputed products to Rhode Island customers. Plaintiff cannot point the Court to any forum-related activities, and instead relies upon the fact that there are certain answers and responses generated during jurisdictional discovery that "leave questions." Document No. 49 at p. 7. Plaintiff may not have been fully satisfied with jurisdictional discovery, but the responses of Sunshine and Profit clearly indicate that this litigation cannot be said to arise from Sunshine's or Profit's forum-state activities, if any, and the "relatedness" factor is not satisfied.

Turning to the purposefulness factor, Plaintiff's only jurisdictional hook is the fact that Sunshine and Profit maintain fully interactive websites. This argument, without more, has been squarely rejected by the Court. Swarovski Optik N.A. Ltd. v. Euro Optics, Inc., No. 03-90ML, 2003 WL 22014581 (D.R.I. Aug. 25, 2003) (Report and Recommendation of Dismissal under Fed. R. Civ. P. 12(b)(2) – accepted over objection by District Judge Lisi on April 27, 2004) (finding that the operation of a commercially interactive website accessible in the forum state is not sufficient by itself to support specific personal jurisdiction.). See also McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (1st Cir. 2005) (The "mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum."). Id. (citations omitted). As has been previously spelled out by this Court, the availability of Defendants' interactive website to Rhode Island residents is not sufficient by itself to support a finding of purposeful availment. Because the Court finds that Plaintiff has failed to establish the first two elements of its claim for specific jurisdiction, it need not go further with its discussion. Accordingly, based on the foregoing analysis, this Court recommends

that Defendants Sunshine's and Profit's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 40) be GRANTED.

**2. Jurisdiction Over Kleinhenn and Clemente**

Jurisdictional discovery revealed that Kleinhenn has numerous customers in Rhode Island and has made numerous sales in Rhode Island throughout the past several years. See Document Nos. 49-2 and 49-3. In addition, Kleinhenn has purchased over $131,000.00 worth of products from Plaintiff in recent years. Likewise, it was revealed that Clemente purchased approximately $110,000.00 worth of gift items during 2006 and 2007 from Waliga Imports & Sales, Inc., a Rhode Island supplier. Clemente also purchased products from Plaintiff. On the other hand, there is no evidence that either Kleinhenn or Clemente sold any of the infringing products in Rhode Island. Because none of the infringing product was sold to a Rhode Island customer, the Court's inquiry must focus on whether the Court can exercise general jurisdiction over these Defendants. United Elec.Workers, 960 F.2d at 1088 ("[g]eneral jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.").

In order to satisfy due process considerations, a Court analyzing a general jurisdiction issue must consider whether two criteria are met. "First, there must be 'continuous and systematic general business contacts' between the foreign defendant and the forum. Second, the plaintiff must show that the exercise of jurisdiction would be reasonable." Swiss Am. Bank, 274 F.3d at 619 (internal citations omitted). The "continuous and systematic" requirement will be satisfied if "the defendant's forum contacts are extensive and pervasive." Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65, 75 (D.R.I. 1995) (citation omitted). In this case, the Court finds that

Kleinhenn and Clemente "maintained a continuous and systematic linkage with the forum state" as is required for the Court to find the exercise of general jurisdiction to be proper. Northern Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005) (citing Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 288 (1st Cir. 1999)). Although these Defendants initially proclaimed that they had no business ties with Rhode Island, that is belied by the evidence unveiled during jurisdictional discovery.

In jurisdictional discovery, Kleinhenn disclosed a list of Rhode Island customers that received its catalogs from 2003 through 2007. Similarly, Kleinhenn disclosed a list of Rhode Island customers to which it sold products during that time period. Kleinhenn also purchased over $131,000.00 worth of products from Plaintiff over the last few years. As noted, Clemente purchased over $100,000.00 worth of products from a Rhode Island company during 2006 and 2007. Clemente also purchased products from Plaintiff during that time period. These contacts are sufficiently continuous and systematic to meet the first prong of the general jurisdiction test.

Next, the Court considers whether the exercise of jurisdiction is reasonable. In determining whether the exercise of jurisdiction would be reasonable, the Court considers the so-called Gestalt factors. "The Gestalt factors measure reasonableness: even 'if such [requisite] contacts exist,' the court's exercise of jurisdiction 'must comport with 'fair play and substantial justice.''" Phillips v. Prairie Eye Center, 530 F.3d 22, 29-30 (1st Cir. 2008) (citation omitted).

**(a) Defendants' Appearance**

In order for a defendant to show that he is unduly burdened by appearing in the forum state, he must "...demonstrate some kind of special or unusual burden." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994). Courts have recognized, however, that it is almost always inconvenient and costly

for a party to litigate in a foreign jurisdiction. See id. Thus, absent a showing of a special or undue burden, mere economic considerations are insufficient. Defendants allege no special burden. In fact, all Defendants are represented by the same counsel who initially appeared on behalf of Defendant Giftco. This arrangement apparently arises from an indemnification obligation in Giftco's distributorship agreements. As such, this factor weighs in favor of this Court exercising jurisdiction over Defendants Kleinhenn and Clemente.

**(b) Forum State's Interest**

In order to determine the forum state's interest in hearing the dispute, this Court should "not...compare [its] interest to that of some other jurisdiction...." Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 151 (1st Cir. 1995) (citing Burger King, 471 U.S. at 483 n.26. Accordingly, even though Defendants may have an interest in having the matter litigated in their home states, this Court is not called on to weigh the forums' respective interests. Defendants are alleged to have violated state unfair competition and federal copyright and trademark laws. Cathedral Art is located in Rhode Island, and this state has an interest in litigating the matter. This factor weighs in favor of exercising jurisdiction over Defendants Kleinhenn and Clements.

**(c) Plaintiff's Interest in Relief**

This factor clearly weighs in Plaintiff's favor. The goal is to ensure that a plaintiff is able to obtain "convenient and effective relief." Pritzker, 42 F.3d at 64. Central to this goal is that the court "accord plaintiff's choice of forum a degree of deference in respect to the issue of its own convenience." Id. (citing Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 211 (1st Cir. 1994)). Here, it is readily apparent that Plaintiff wishes to litigate in this forum.

**(d) Judicial System's Interests**

The focus of this factor is on the "judicial system's interest in obtaining the most effective resolution of the controversy...." Nowak v. Tak How Inv., Ltd., 94 F.3d 708, 718 (1st Cir. 1996). This case involves claims against Gifto and its distributors. The most effective resolution of this controversy would be to hear these related claims together in Rhode Island.

**(e) States' Common Interest**

The last Gestalt factor "addresses the interests of the affected governments in substantive social policies." Id. at 719. In considering this factor, "the most prominent policy implicated is the ability of a state to provide a convenient forum for its residents to redress injuries inflicted by out-of-forum actors." Sawtelle, 70 F.3d at 1395 (quoting Burger King, 471 U.S. at 473). Rhode Island does have an interest in permitting companies to seek resolution of legal disputes at home. Accordingly, this factor weighs in favor of this Court exercising jurisdiction over Defendants Kleinhenn and Clemente.

Thus, all of the Gestalt factors support the exercise of personal jurisdiction over Defendants Kleinhenn and Clemente.

**Conclusion**

For the reasons discussed above, this Court recommends that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 40) be GRANTED as to Defendants Sunshine and Profit and DENIED as to Defendants Kleinhenn and Clemente. The Court further recommends that Plaintiff's Motion to Compel and Request for Additional Jurisdictional Discovery (Document No. 51) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 31, 2008