UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO.            :
                                   :
        v.                         :        C.A. No. 06-465S
                                   :
GIFTCO, INC., et al.               :

**MEMORANDUM AND ORDER**

Pending before me is Plaintiff's Motion to Amend Complaint pursuant to Fed. R. Civ. P.

15(a).  (Document No. 134).  Defendant David Bagley filed an Objection, and Defendants Johnny

Johnson and John Breslin filed a joint Objection.  (Document Nos. 136, 137).  None of the other

Defendants objected.  This Motion has been referred to me for determination.  28 U.S.C. §

636(b)(1)(A); LR Cv 72.  For the reasons discussed below, Plaintiff's Motion to Amend is

GRANTED.

Plaintiff's proposed Fourth Amended Complaint primarily seeks to expand upon its factual

allegations against the individual Defendants, David Bagley, Johnny Johnson and John Breslin.

Plaintiff asserts that the factual basis for some of these new factual allegations was acquired after

the filing of its Third Amended Complaint "through informal discovery and through documents

produced pursuant to certain third-party subpoenas."  (Document No. 134-1 at 3).

Plaintiff's Motion to Amend was filed on February 12, 2010.  Pursuant to the parties' joint

agreement, pretrial discovery has been extended until April 16, 2010.  This case is not scheduled for

trial, and the individual Defendants were first brought into this case less than six months ago.

Fed. R. Civ. P. 15(a) states that after a responsive pleading has been served, a complaint may

not be amended without leave of the court.  However, Rule 15 also provides that "leave shall be

freely given when justice so requires."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182,

83 S. Ct. 227, 9 L.Ed.2d 222 (1962).  In Foman, the Supreme Court identified some of the reasons

for denying a motion to amend.  Those reasons include "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc."  371 U.S. at 182.

A motion to amend a complaint may be denied as futile if the "complaint, as amended, would

fail to state a claim upon which relief could be granted."  Glassman v. Computervision Corp., 90

F.3d 617, 623 (1st Cir. 1996).  In determining whether a proposed amendment would be futile, a

court applies the same standard as it would apply to a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6).  Id.  The court must accept all the well-pleaded, factual allegations as true and must draw

all reasonable inferences favorable to the plaintiff but need not credit bald assertions or legal

conclusions.  Id. at 628.  Thus, the motion should be granted only when it is clear that the plaintiff

would not be able to prove any set of facts that would entitle the plaintiff to relief.  Howard v. State

of Rhode Island, No. 96-064T, 1996 WL 33418794 at *2 (D.R.I. December 31, 1996).

In applying Rule 15, the individual Defendants have not shown any "undue delay" on the

part of Plaintiff in seeking to amend.  It reasonably appears that the amendments contained in the

proposed Fourth Amended Complaint are based, at least in part, on information which was

suspected, but not confirmed until after the Third Amended Complaint was filed on September 22,

2009.  As noted above, the individual Defendants were first brought into this case in the Third Amended Complaint.

The individual Defendants have not made a sufficient showing of either undue delay or bad faith which would justify precluding Plaintiff from amending its Complaint.  This case is not scheduled for trial.  The "new" facts alleged in the Fourth Amended Complaint expand upon arguments that were presented by Plaintiff at the oral argument concerning the pending Motions to Dismiss the Third Amended Complaint, and Plaintiff represents that some of these facts were only recently confirmed or learned through discovery.  Similarly, I reject the futility arguments presented by the individual Defendants.  They essentially ask the Court to reject Plaintiff's Fourth Amended Complaint as futile because it is false and misleading.  Defendants Breslin and Johnson argue that the Fourth Amended Complaint contains "a number of misleading and false allegations" (Document No. 137-1 at p. 1) and provide their own Affidavits as support for such claimed falsity.  (Document Nos. 137-2 and 137-3).  Similarly, Defendant Bagley argues that "most of the new allegations addressed to [him] are completely false, as [he] is able to demonstrate today" in his accompanying Affidavit.  (Document Nos. 136 at p. 2 and 136-1).  However, it is not appropriate for the Court to resolve factual disputes and make findings of fact in the context of a Motion to Amend under Rule 15.  In assessing Defendant's futility argument, I am required to apply the Rule 12(b)(6) standard which requires that Plaintiff's "well-pleaded factual allegations" be accepted as true for purposes of determining if Plaintiff has stated a legally viable claim.  See Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002).  Accordingly, I cannot, at this stage, reject the proposed amendment on the basis of futility when the futility argument is based all or in part on a challenge to the

truthfulness of Plaintiff's factual allegations.[1]  On balance, the liberal amendment policy of Rule

15(a) and the nominal showing of prejudice to Defendants weigh in favor of allowing Plaintiff's

amendment.

For the foregoing reasons, Plaintiff's Motion to Amend Complaint (Document No. 134) is

GRANTED.  Plaintiff shall file its Fourth Amended Complaint within five (5) days.

SO ORDERED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 12, 2010

---

[1] The individual Defendants have also requested that the Court condition the granting of this Motion to Amend on Plaintiff's payment of the individual Defendants' attorneys fees incurred in connection with filing and arguing their Motions to Dismiss the Third Amended Complaint.  While courts have the discretion to impose conditions on granting leave to amend such as assessing the costs incurred in preparing a motion to dismiss rendered moot by the amendment, Hayden v. Feldman, 159 F.R.D. 452, 454 (S.D.N.Y. 1995), "such fees and costs are generally awarded...only after the defendant has been compelled to file multiple motions to dismiss."  United States v. All Funds on Deposit in Dime Savings Bank of Williamsburg Acct. No. 58-400738-1, 255 F. Supp. 2d 56, 72 (E.D.N.Y. 2003). Defendants' argument for an award of fees and costs is rejected for the reasons set forth herein, namely the present lack of any factual or legal basis in the context of this Motion to Amend to make a finding that Plaintiff acted in bad faith in connection with its pursuit of claims against the individual Defendants and the instant Motion to Amend, and because it reasonably appears that at least some of the information that prompted Plaintiff to seek leave to file its Fourth Amended Complaint was newly discovered or recently confirmed by third-party discovery.